1    Frank L. Tobin (Bar No. 166344)
     PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
     530 B Street, Suite 2100
2    San Diego, California 92101
     Telephone: 619.238.1900
3    Facsimile: 619.235.0398

4    Attorneys for Plaintiff TARGETSAFETY.COM, INC., a
     California corporation

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10   TARGETSAFETY.COM, INC., a California corporation | Case No.: 08-CV-0994-JLS-JMA |
| 11           Plaintiff, | APPLICATION FOR TEMPORARY RESTRAINING ORDER |
| 12   v. | |
| 13   CONTINUING EDUCATION COORDINATING BOARD FOR EMERGENCY MEDICAL SERVICES, INC., a Missouri non-profit corporation and DOES 1-10 | |
| 16          Defendants. | |

17        Plaintiff TargetSafety.com, Inc. ("TargetSafety") hereby applies for a temporary

18 restraining order pursuant to Federal Rule of Civil Procedure 65 restraining and enjoining

19 CECBEMS, its officers, directors, agents, servants, employees and attorneys, and all of those in

20 active concert or participation with it or them from revoking TargetSafety's CECBEMS'

21 accreditation. This application will be made on the ground that immediate and irreparable injury

22 will result to TargetSafety unless the activities described above are restrained pending a

23 preliminary injunction hearing and will be based on this application, the accompanying

24 memorandum of points and authorities, the declaration of Bruce Kaechele, the certificate of

25 notice and the documents lodged herewith.

26

27

113291/000007/926942.01

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Respectfully submitted,

Dated:  June 4, 2008

PROCOPIO, CORY, HARGREAVES &
    SAVITCH LLP


By:   /s/ Frank L. Tobin
      Frank L. Tobin
      Attorneys for Plaintiff
      TARGETSAFETY.COM, INC., a California
      corporation

2

113291/000007/926942.01

1   Frank L. Tobin (Bar No. 166344)
    Mathieu G. Blackston (Bar No. 241540)
2   PROCOPIO, CORY, HARGREAVES &
       SAVITCH LLP
3   530 B Street, Suite 2100
    San Diego, California 92101
4   Telephone: 619.238.1900
    Facsimile: 619.235.0398
5
    Attorneys for Plaintiff,
6   TargetSafety

7

8                   UNITED STATES DISTRICT COURT

9              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10  TARGETSAFETY.COM, INC., a California          Case No.:  08-CV-0994-JLS-JMA
    corporation
11                                                **MEMORANDUM OF POINTS AND**
                                                  **AUTHORITIES IN SUPPORT OF**
12            Plaintiff,                          **MOTION FOR PRELIMINARY**
                                                  **INJUNCTION AND TEMPORARY**
13  v.                                            **RESTRAINING ORDER**

14  CONTINUING EDUCATION COORDINATING
    BOARD FOR EMERGENCY MEDICAL                   Date:
15  SERVICES, INC., a Missouri non-profit corporation   Time:
    and DOES 1-10                                 Dept:
16                                                Judge:
              Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

<u>Page</u>

I.      INTRODUCTION ............................................................................................................. 1

II.     STATEMENT OF FACTS .............................................................................................. 2

    A.    TargetSafety and the Continuing Education of Emergency Medical Service Providers ........................................................................................................................ 2

    B.    TargetSafety Seeks Accreditation with CECBEMS ............................................. 3

    C.    CECBEMS Is Improperly Leveraging Its Position in the Market ......................... 4

    D.    TargetSafety Faces the Threat of Immediate and Irreparable Harm ...................... 6

III.    ARGUMENT ................................................................................................................... 8

    A.    Standard for Preliminary Injunctive Relief .......................................................... 8

        1.    Irreparable Injury and Likelihood of Success ............................................. 8

        2.    Preliminary Injunction is Proper to Maintain the Status Quo Pending Declaratory Relief .......................................................................... 9

    B.    TargetSafety Will Suffer Substantial and Irreparable Harm Absent Injunctive Relief .................................................................................................... 9

    C.    TargetSafety Has Established the Prerequisites for Injunctive Relief ................. 11

        1.    Target Safety has Raised Serious Questions and Established a Reasonable Probability of Success .............................................................. 11

        2.    The Balance of Hardships Tips Decidedly Toward TargetSafety ............. 14

        3.    TargetSafety need not provide an undertaking ......................................... 15

IV.     CONCLUSION ............................................................................................................. 15

i

1

**TABLE OF AUTHORITIES**

**Page(s)**

2

3

**FEDERAL CASES**

4

5
*Arcamuzi v. Continental Air Lines, Inc.*
   819 F.2d 935 (9th Cir. 1987)...........................................................................8, 11

6
*Benda v. Grand Lodge of IAM*
   584 F.2d 308 (9th Cir. 1978)................................................................................8

7

8
*Caribbean Marine Serv. Co. v. Baldridge*
   844 F.2d 668 (9th Cir. 1988)................................................................................8

9
*Doran v. Salem Inn, Inc.*
   95 S. Ct. 2561 (1975) .....................................................................................9, 12

10

11
*Family Home & Finance Center, Inc. v. Federal Home Loan Mortg. Corp.*
   461 F.Supp.2d 1188 (C.D. Cal. 2006).................................................................13

12

13
*First Brands Corp. v. Fred Meyer*
   809 F.2d 1378 (9th Cir. 1987)..............................................................................8

14
*FSLIC v. Sahni*
   868 F.2d 1096 (9th Cir. 1989)..............................................................................8

15

16
*Gilder v. PGA Tour, Inc.*
   936 F.2d 417 (9th Cir. 1991)....................................................................8, 12, 14

17

18
*Jorgensen v. Cassiday*
   320 F.3d 906 (9th Cir. 2003)...............................................................................15

19
*Novartis Consumer Health, Inc. v. Johnson & Johnson – Merck Consumer*
   *Pharmaceuticals Co.*
   290 F.3d 578 .(3rd Cir. 2002).............................................................................10

20

21
*Reuters Ltd. V. United Press International, Inc.*
   903 F.2d 904 (2nd Cir. 1990).................................................................10, 12, 14

22

23
*Southern California Housing Rights Center v. Los Feliz Towers Homeowners' Ass'n*
   426 F.Supp.2d 1061 (C.D. Cal. 2005).................................................................14

24

25
*Stanley v. University of So. Calif.*
   13 F.3d 1313 (9th Cir. 1994).................................................................................8

26
*State of Alaska ex rel. Yukon Flats School Dist. V. Native Village of Venetie*
   856 F.2d 1384 (9th Cir. 1999)..............................................................................8

27

28
*Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*
   60 F.3d 27 (2nd Cir. 1995).................................................................................10

ii

113291/000007/923727.04

1
2
*Weinberger v. Romero-Barcelo*
   456 U.S. 305 (1982) ......................................................................................... 8

3
*White v. Trans Union, LLC*
   462 F.Supp.2d 1079 (C.D. Cal. 2006) ............................................................ 14

4
5
**CALIFORNIA CASES**

6
*Associated California Loggers, Inc. v. Kinder*
7   79 Cal.App.3d 34 (1978) ................................................................................. 9

8
*Shoemaker v. County of Los Angeles*
9   37 Cal.App.4th 618 (Cal. Ct. App. 1995) ...................................................... 10

10
11
**FEDERRAL STATUTES**

12
Federal Rules of Civil Procedure
   Rule 65 ........................................................................................................... 14
13
14
15
**CALIFORNIA STATUES**

16
Business & Professions Code
   § 17200 ........................................................................................................... 13
17   § 17203 ..................................................................................................... 13, 14
   § 17204 ..................................................................................................... 13, 14
18
19
20
21
22
23
24
25
26
27
28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY
INJUNCTION AND TEMPORARY RESTRAINING ORDER
113291/000007/923727.04

## I.    INTRODUCTION

1

2    This is an action by Plaintiff TARGETSAFETY.COM, INC. ("TargetSafety" or

3    "Plaintiff") for declaratory relief, breach of contract, specific performance and injunction against

4    Defendant CONTINUING EDUCATION COORDINATING BOARD FOR EMERGENCY

5    MEDICAL SERVICES, INC., a Missouri non-profit corporation ("CECBEMS" or "Defendant").

6    TargetSafety is a provider of online continuing education courses for firefighters and

7    emergency medical service professionals. In 16 states, CECBEMS (pronounced *ses beams*) has

8    been granted the sole authority to accredit online courses for the state-mandated continuing

9    education requirements of emergency medical care professionals. CECBEMS' ability to accredit

10   these continuing education courses is unique. No other private organization has the authority to

11   determine state accreditation standards for the continuing online education of Emergency

12   Medical Service ("EMS") providers.

13   CECBEMS is improperly leveraging its authority in 16 states to TargetSafety's detriment.

14   CECBEMS is demanding that TargetSafety only offer CECBEMS courses in all 50 states

15   regardless of whether CECBEMS accreditation is required by the respective state licensing

16   agency. If TargetSafety does not acquiesce to CECBEMS' demands, CECBEMS has threatened

17   to revoke its accreditation of all of TargetSafety's courses on June 11, 2008; thereby precluding

18   TargetSafety from doing business in 16 states and damaging TargetSafety's business reputation

19   in all 50 states.

20   CECBEMS' demand that TargetSafety only offer CECBEMS accredited courses – even

21   in states where CECBEMS accreditation is not required – is a blatant attempt to improperly

22   generate revenue as TargetSafety must pay continuing fees for CECBEMS' accreditation.

23   CECBEMS' demand does not benefit EMS professionals. In states where CECBEMS

24   accreditation is not required, EMS professionals are already receiving continuing education

25   courses from TargetSafety that have been accredited by the respective state licensing agency for

26   emergency medical care professionals. Moreover, CECBEMS has not made any complaints as to

27   the quality of TargetSafety's course content.

28   CECBEMS revocation of accreditation would irreparably harm TargetSafety by causing a

1

1  substantial loss of business, loss of current and future market share, and loss of prospective
2  goodwill. CECBEMS revocation of its accreditation would also deprive TargetSafety of a unique
3  contract right to do business in 16 states where CECBEMS is the sole accrediting authority.
4  TargetSafety is likely to prevail on this action because based on CECBEMS own policies and
5  accreditation procedures it has no cause to revoke accreditation of TargetSafety's courses.
6  Moreover, CECBEMS threatened action constitutes unfair competition.

7      TargetSafety requests a temporary restraining order and order to show cause regarding
8  preliminary injunction. TargetSafety seeks to preserve the status quo and enjoin CECBEMS
9  from revoking its accreditation of TargetSafety's courses until this matter is adjudicated.

10                          **II.    STATEMENT OF FACTS**

11  **A.    TargetSafety and the Continuing Education of Emergency Medical Service**
12          **Providers**

13      TargetSafety provides risk management consulting services to public entities throughout
14  the United States. A key component of TargetSafety's business is its internet-based continuing
15  education for firefighters and emergency medical service professionals (hereinafter collectively
16  referred to as "EMS providers" or "EMS professionals").[1]

17      In all 50 states, EMS providers are required to take continuing education courses in order
18  to maintain their professional licenses. The courses must be accredited.[2]

19      In 16 states, including California, the state Emergency Medical Service licensing agency
20  provides its own criteria for accrediting continuing education coursework. In 16 other states, the
21  state Emergency Medical Service licensing agency automatically accepts accreditation of online
22  courses from CECBEMS. In these 16 states, CECBEMS accreditation is tantamount to state
23  accreditation.  In an additional 12 states, course accreditation authority is delegated to
24  regional/local medical directors who oftentimes simply rely on CECBEMS accreditation in their
25  determination as to whether TargetSafety can offer online continuing education courses to EMS

26
27

---

28  [1] Declaration of Bruce Kaechele ("Decl. B. Kaechele") ¶ 2.
    [2] Decl. B. Kaechele, ¶ 3.

1  providers in their region.  At least one regional/local medical director has told TargetSafety that it

2  will not be permitted to offer courses unless the courses are CECBEMS accredited.[3]

3        Because so many states and regional/local medical directors automatically accept course

4  accreditation from CECBEMS, CECBEMS has established dominance and a niche position in the

5  online continuing education market for emergency medical service providers.  CECBEMS'

6  ability to accredit online continuing education courses is unique in that no other private

7  organization has the authority to determine the state accreditation standards for the continuing

8  online education of EMS professionals.[4]

9      **B.**    **TargetSafety Seeks Accreditation with CECBEMS**

10        In 2006, TargetSafety applied for CECBEMS' accreditation to increase business and

11  market share in states where CECBEMS' accreditation is automatically accepted.[5]  TargetSafety

12  did not seek organizational accreditation.  Rather, it sought accreditation on a course-by-course

13  basis.  To date, CECBEMS has accredited more than three quarters of TargetSafety's catalog of

14  courses.  TargetSafety's remaining courses are currently under review by CECBEMS.[6]

15        The CECBEMS accreditation process is staggered.  Therefore, in states where

16  CECBEMS accreditation is required, TargetSafety can only offer its online continuing education

17  courses that have been accredited by CECBEMS.[7]  In states like California, however, where all

18  of TargetSafety's courses are already accredited by the state Emergency Medical Service

19  licensing agency, TargetSafety has continued to offer a full catalog of courses to its clients.[8]  This

20  has allowed TargetSafety to maintain market share in states where the state licensing agency

21  accredits courses while at the same time develop new business in states that require accreditation

22  from CECBEMS.[9]

23

24

25  ───────────────

26  [3] Decl. B. Kaechele, ¶ 4.
   [4] Decl. B. Kaechele, ¶ 5

27  [5] Decl. B. Kaechele, ¶ 6.
   [6] Decl. B. Kaechele, ¶ 7.

28  [7] Decl. B. Kaechele, ¶ 8.
   [8] Decl. B. Kaechele, ¶ 9.
   [9] Decl. B. Kaechele, ¶ 9.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY
INJUNCTION AND TEMPORARY RESTRAINING ORDER

113291/000007/923727.04

C.    **CECBEMS Is Improperly Leveraging Its Position in the Market**

On or about April 11, 2008, the Executive Director of CECBEMS Elizabeth Sibley demanded in writing that TargetSafety no longer offer its state-accredited courses to emergency medical service providers in states where TargetSafety's courses were already accredited by the state licensing agency.[10]    Without citing any written requirement in CECBEMS' polices or procedures, Ms. Sibley informed TargetSafety that a requirement of CECBEMS' accreditation is that once a continuing education course is accredited by CECBEMS, the course provider must only offer CECBEMS-accredited courses.[11]    Ms. Sibley stated that the CECBEMS requirement applies to all states even those where the state licensing agency has already accredited TargetSafety's continuing education courses.[12]

Ms. Sibley stated that if TargetSafety did not replace all previous versions of its courses with the CECBEMS-accredited version of the course within 60 days, CECBEMS would revoke its accreditation of all of TargetSafety's courses and would not accredit any additional courses.[13] Ms. Sibley further stated that CECBEMS would inform, among others, the state Emergency Medical Services offices and the National Registry of Emergency Medical Technicians that TargetSafety's courses do not comply with CECBEMS' accreditation requirements and that CECBEMS accreditation was withdrawn pursuant to CECBEMS' *Policy for the Denial, Suspension, or Revocation of CECBEMS Accreditation* ("*Policy*").[14]

The only explanation for CECBEMS' heavy-handed and aggressive tactics is that CECBEMS is improperly trying to leverage its status in states where CECBEMS accreditation is required or favored to obtain increased fees and establish market dominance in states where its accreditation of courses is not necessary.   CECBEMS requires its customers to pay a $130 per credit hour for accreditation review plus an additional 25 cent fee every time a emergency medical service provider takes a course that CECBEMS has accredited.[15]    If TargetSafety is

---

[10] Decl. B. Kaechele, ¶ 10, Exhibit 1.
[11] Decl. B. Kaechele, ¶ 11.
[12] Decl. B. Kaechele, ¶ 11.
[13] Decl. B. Kaechele, ¶ 12; Exhibit 1.
[14] Decl. B. Kaechele, ¶ 12; Exhibit 1, 3.
[15] Decl. B. Kaechele, ¶ 6, 19.

4

1   forced to offer only CECBEMS-accredited courses, CECBEMS will realize a substantial increase

2   in revenues.

3       On or about April 25, 2008, TargetSafety President and CEO Bruce Kaechele responded

4   to Ms. Sibley's letter and requested an explanation as to how CECBEMS' had authority to

5   demand TargetSafety to stop offering courses that had been accredited by state agencies.[16]  Mr.

6   Kaechele further asked for clarification as to how TargetSafety had violated CECBEMS' *Policy*

7   for accreditation, which for revocation requires evidence of "fraud, deception or impropriety."[17]

8   Additionally, Mr. Kaechele inquired as to why CECBEMS was not following its own procedures,

9   which require a majority vote of CECBEMS' Board of Directors before accreditation can be

10  revoked.  CECBEMS' procedures also require the CECBEMS chairperson to notify TargetSafety

11  in writing, by certified mail, of the CECBEMS standard that has been violated and the evidence

12  indicating non compliance.[18]

13      CECBEMS has not afforded TargetSafety the benefit of the alleged *Policy* provisions or

14  provided TargetSafety with the board resolution by which CECBEMS has decided to revoke its

15  accreditation of TargetSafety's courses.[19]   Moreover, CECBEMS has not afforded TargetSafety

16  the opportunity to appeal any finding of fraud, deception or impropriety, which the CECBEMS'

17  *Policy* requires.[20]

18      After several letters between CECBEMS and TargetSafety, CECBEMS only response has

19  been to criticize an ambiguity in one of TargetSafety's marketing materials and to refuse to

20  provide TargetSafety with any additional information.[21]    CECBEMS has demanded that

21  TargetSafety stop offering state-accredited courses in states where CECBEMS accreditation is

22  not required or have its CECBEMS accreditation for all courses revoked on June 11, 2008.[22]

23

24

25  _____
    [16] Decl. B. Kaechele, ¶ 13; Exhibit 2.
26  [17] Decl. B. Kaechele, ¶¶ 13, 14; Exhibit 3.
    [18] Decl. B. Kaechele, ¶ 15
27  [19] Decl. B. Kaechele, ¶ 15
    [20] Decl. B. Kaechele, ¶ 14, 15; Exhibit 3.
28  [21] Decl. B. Kaechele, ¶¶ 15, 16, 17, 18; Exhibits 4, 5, 6.
    [22] Decl. B. Kaechele, ¶¶ 15, 16, 17, 18, 19, 20; Exhibits 4, 5, 6.

1        **D.    TargetSafety Faces the Threat of Immediate and Irreparable Harm**

2        CECBEMS' arbitrary revocation of TargetSafety's accreditation will cause TargetSafety

3    irreparable harm.  In fact, CECBEMS has already leveraged its position in an attempt to preclude

4    TargetSafety's business operations in Virginia by refusing to acknowledge that courses

5    TargetSafety wishes to offer in that state are CECBEMS accredited.[23]  Moreover, if CECBEMS

6    proceeds with revoking accreditation, TargetSafety will not be able to conduct its online

7    continuing education business in states where CECBEMS accreditation is a requirement.[24]

8        Because of CECBEMS niche position and dominance in the market, loss of CECBEMS'

9    accreditation will irreparably harm TargetSafety's business reputation and goodwill.[25]    The

10    irreparable harm is compounded by CECBEMS' stated *Policy* of revoking accreditation only

11    when there is evidence of "fraud, deception or impropriety."  If Ms. Sibley makes good on her

12    threat to notify industry leaders that CECBEMS has revoked TargetSafety's accreditation

13    pursuant to that *Policy*, the industry-wide consensus will be that TargetSafety committed a fraud

14    or an impropriety when in fact none was committed.[26]

15        CECBEMS arbitrary revocation of accreditation without due process, will also call into

16    question the validity of the TargetSafety continuing education courses that emergency medical

17    providers have already taken in the CECBEMS-accreditation states.    The damage to

18    TargetSafety's reputation and goodwill in these states is immeasurable.[27]

19        The harm TargetSafety will face in the non-CECBEMS accreditation states is also beyond

20    measure.  The EMS continuing-education market is a close-knit community.   For example, the

21    Chairperson of CECBEMS is also a representative of California's Sate Emergency Medical

22    Service Agency.  Because of the unique closeness of this market, it is likely that TargetSafety's

23    goodwill and reputation will be damaged in the non-CECBEMS accreditation states, such as

24

25

26    _____

27    [23] Decl. B. Kaechele, ¶ 19, 20.
     [24] Decl. B. Kaechele, ¶ 20, 21.
28    [25] Decl. B. Kaechele, ¶ 21, 22.
     [26] Decl. B. Kaechele, ¶ 21.
     [27] Decl. B. Kaechele, ¶ 23.

6

1   California, as well. There will most certainly be confusion and false allegations as to whether

2   TargetSafety's courses are accredited and as to why CECBEMS revoked its accreditation.[28]

3         Additionally, TargetSafety will lose market share and existing and prospective business if

4   CECBEMS is permitted to revoke TargetSafety's accreditation without process.  In 2007, 57

5   percent of TargetSafety's total revenue was derived from TargetSafety's EMS business.[29]  In the

6   first quarter of 2008, 67 percent of TargetSafety's revenue was derived from sales in the EMS

7   related markets.  Moreover, the EMS market is a growing one for TargetSafety.  In 2007, 63

8   percent of TargetSafety's revenue from new clients was derived from new clients in EMS

9   market.[30]   Similarly, revenues generated from new fire and emergency medical service clients

10  represent 73 percent of all new business in the first quarter of 2008.[31]

11        To sustain this growth, TargetSafety has added six new sales representatives since the

12  start of 2008 and anticipates hiring two more.  Additionally, TargetSafety has increased its capital

13  expenditures for marketing and technical support.  These investments will be lost if CECBEMS

14  accreditation is revoked.[32]

15        There is no way to quantify the potential economic loss that TargetSafety will suffer due

16  to the damage to its reputation and goodwill. This significant loss of revenue will be financially

17  devastating and could even force TargetSafety into bankruptcy.[33]  In order to maintain cash flow

18  and prevent insolvency, TargetSafety anticipates it would have to layoff personnel, which in turn

19  would cause long-lasting, irreparable damage to TargetSafety's reputation as a quality place of

20  employment.[34]   At a minimum, it would take years for TargetSafety to recover from this

21  reduction in force.[35]   Furthermore, the reversal in TargetSafety's momentum, as a growing

22  provider of online continuing education to emergency medical service providers, will impact

23

24
_____

25  [28] Decl. B. Kaechele, ¶ 24.
    [29] Decl. B. Kaechele, ¶ 25, 26.
26  [30] Decl. B. Kaechele, ¶ 25, 26.
    [31] Decl. B. Kaechele, ¶ 25, 26.
27  [32] Decl. B. Kaechele, ¶ 26.
    [33] Decl. B. Kaechele, ¶ 27.
28  [34] Decl. B. Kaechele, ¶ 27.
    [35] Decl. B. Kaechele, ¶ 27.

7

1    TargetSafety's current marketing partnerships and potentially disrupt its banking relationships

2    that provide both lease lines and lines of credit.[36]

3                    **III.    ARGUMENT**

4        **A.    <u>Standard for Preliminary Injunctive Relief</u>**

5            1.    <u>Irreparable Injury and Likelihood of Success</u>

6        The general basis for injunctive relief is irreparable injury to the moving party and the

7    inadequacy of legal remedies.  (*Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982);

8    *Stanley v. University of So. Calif.*, 13 F.3d 1313, 1320 (9th Cir. 1994).)  The Ninth Circuit has

9    expressed the requirements for issuance of a preliminary injunction as a combination of

10  likelihood of success on the merits and the possibility of irreparable harm, where the balance of

11  hardships tips significantly in plaintiff's favor.  (*First Brands Corp. v. Fred Meyer*, 809 F.2d

12  1378, 1381 (9th Cir. 1987); *Benda v. Grand Lodge of IAM*, 584 F.2d 308, 314-15 (9th Cir. 1978);

13  *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991).)

14        To show "irreparable harm," plaintiff must demonstrate that the potential harm is

15  imminent.  (*Caribbean Marine Serv. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).)  No

16  actual injury or harm is required.  Rather, the threat or possibility of injury suffices to justify

17  injunctive relief.  (*FSLIC v. Sahni*, 868 F.2d 1096, 1097 (9th Cir. 1989).)

18        To show "likelihood of success on the merits," plaintiffs need not show positively that

19  they will prevail on the merits.  Rather, a reasonable probability of success, not an overwhelming

20  likelihood, is all that need be shown for preliminary injunctive relief.  (*Gilder v. PGA Tour, Inc.,*

21  936 F.2d 417, 422 (9th Cir. 1991).)  In the alternative, preliminary injunction is proper where

22  serious questions are raised that cannot be resolved at the hearing on the injunction and the

23  balance of hardships tips sharply in the moving party's favor.  (*Arcamuzi v. Continental Air*

24  *Lines, Inc.,* 819 F.2d 935, 937 (9th Cir. 1987).)

25        Under either test, the analysis creates a continuum: "If the balance of harm tips decidedly

26  toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the

27  merits as when the balance tips less decidedly."  (*State of Alaska ex rel. Yukon Flats School Dist.*

28

---

[36] Decl. B. Kaechele, ¶ 27.

113291/000007/923727.04

1 | *V. Native Village of Venetie* 856 F.2d 1384, 1389 (9th Cir. 1999).

2 |           2.      <u>Preliminary Injunction is Proper to Maintain the Status Quo Pending</u>

3 |                      <u>Declaratory Relief</u>

4 |       Issuance of a preliminary injunction is proper to preserve the status quo while the court

5 | considers whether to grant declaratory relief. *Doran v. Salem Inn, Inc.* (1975) 95 S. Ct. 2561,

6 | 2567-2568. A plaintiff's right to judicial determination of the rights of the parties would be

7 | meaningless if the court lacked the power to preserve the status quo pending its ultimate decision

8 | in the matter. (*See e.g. Associated California Loggers, Inc. v. Kinder* (1978) 79 Cal.App.3d 34,

9 | 45 (holding preliminary injunction enjoining termination of contracts was proper to preserve the

10 | status quo while the court determined the validity of the contracts pursuant to plaintiff's

11 | complaint for declaratory relief).)

12 |       In *Doran v. Salem Inn, Inc.*, *supra*, three corporations filed complaints in District Court,

13 | seeking a temporary restraining order, preliminary injunction and declaratory relief, claiming that

14 | a town ordinance proscribing topless dancing violated their First and Fourteenth Amendment

15 | rights. The District Court issued a preliminary injunction against enforcement of the ordinance

16 | against the corporations pending the final determination of the action. (*Doran v. Salem Inn, Inc.,*

17 | *supra,* 95 S. Ct. at p. 2563.) The U.S. Supreme Court upheld the preliminary injunction as it

18 | applied to two of the corporations.[37] The Court held "[P]rior to final judgment there is no

19 | established declaratory remedy comparable to preliminary injunction; unless preliminary relief is

20 | available upon a proper showing, plaintiffs in some situations may suffer unnecessary and

21 | substantial irreparable harm." (*Doran v. Salem Inn, Inc., supra,* 95 S. Ct. at p. 2567-2568.)

22 |     **B.**    **<u>TargetSafety Will Suffer Substantial and Irreparable Harm Absent</u>**

23 |             **<u>Injunctive Relief</u>**

24 |       Courts have routinely recognized that a substantial loss of business, loss of current or

25 | future market share, loss of prospective goodwill, and deprivation of a unique contract right all

26 | constitute irreparable harm. (*Doran v. Salem Inn, Inc.* (1975) 95 S. Ct. 2561, 2567-2568 (a

27 |

28 | [37] As to the third corporation, the Supreme Court held issuance of the preliminary injunction was improper because it had been issued a criminal citation and absent exceptional circumstances federal courts are not to interfere with ongoing state criminal proceedings. *Doran v. Salem Inn, Inc., supra,* 95 S. Ct. at p. 2566.

9

1    substantial loss of business and perhaps even bankruptcy absent preliminary injunctive relief
2    shows irreparable injury); *Novartis Consumer Health, Inc. v. Johnson & Johnson – Merck*
3    *Consumer Pharmaceuticals Co.*, 290 F.3d 578, 596 (3rd Cir. 2002) (loss of market share
4    constitutes irreparable harm justifying injunctive relief); *Tom Doherty Assocs., Inc. v. Saban*
5    *Entertainment, Inc.,* 60 F.3d 27, 37-38 (2nd Cir. 1995); (loss of prospective goodwill constitutes
6    irreparable harm justifying injunctive relief); *Reuters Ltd. V. United Press International, Inc.* 903
7    F.2d 904, 907 – 908 (2nd Cir. 1990) (deprivation of unique contract right constitutes irreparable
8    harm justifying injunctive relief).)    Moreover, loss of accreditation has also been found to
9    constitute irreparable harm. (*See Shoemaker v. County of Los Angeles*, 37 Cal.App.4[th] 618, 634
10   (Cal. Ct. App. 1995).)

11        In *Reuters Ltd. v. United Press International, Inc., supra*, 903 F.2d 904, United Press
12   International ("UPI"), a wire service that sells foreign and domestic news and photographs,
13   sought preliminary injunctive relief against Reuters Limited ("Reuters"), another major wire
14   service.   UPI sought to enjoin Reuter's breach of a contractual agreement, which required
15   Reuter's to supply UPI with a certain volume and quality of foreign news photographs.   (*Id*. at p.
16   905.) The district judge denied the preliminary injunction.  The court of appeal reversed.

17        The appellate court held that UPI would suffer irreparable harm if Reuters was not
18   enjoined because Reuters offered a unique product, and UPI established that there was a
19   likelihood that it would lose many of its customers if it was no longer able to provide foreign
20   news photographs. (*Reuters Ltd. V. United Press International, Inc., supra*, 903 F.2d at p. 907-
21   908.)  The court found that UPI's reputation and good will in the industry would be irreparably
22   injured once UPI's customers learned that UPI was no longer able to obtain foreign news photos
23   from Reuters and had to obtain photos from another, less dependable, source.  *Id*. at 908.  The
24   court held that "terminating the delivery of a unique product to a distributor whose customers
25   expect and rely on the distributor for a continuous supply of that product almost inevitably
26   creates irreparable damage to the good will of the distributor."  *Id*. at pp. 907-908.

27        Similarly, as discussed in detail above, CECBEMS arbitrary revocation of accreditation
28   will cause immediate irreparable injury to TargetSafety.  TargetSafety's EMS customers rely on

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY
INJUNCTION AND TEMPORARY RESTRAINING ORDER

1  TargetSafety to provide them with accredited courses that will meet their respective state's

2  professional licensing requirements for continuing education.    In 16 states, CECBEMS

3  accreditation is tantamount to state accreditation, and TargetSafety will no longer be able to

4  provide continuing education courses for its clients in those states.    In an additional 12 states

5  where regional/local medical directors have authority to accredit courses, at least one medical

6  director has already told TargetSafety that it will not be permitted to offer courses unless the

7  courses are CECBEMS accredited.    Due to CECBEMS dominance in the market and unique

8  ability to accredit online continuing education courses, other medical directors are likely to

9  follow suit and deny TargetSafety the opportunity to offer courses without CECBEMS

10  accreditation.

11       CECBEMS accreditation is unique in that no other private entity has authority to accredit

12  continuing education courses for emergency medical service providers.    As outlined in Section II,

13  D above, if CECBEMS is permitted to revoke its accreditation, TargetSafety will lose existing

14  business, prospective business and market share in both CECBEMS-accreditation states and non-

15  CECBEMS-accreditation states.

16       **C.       TargetSafety Has Established the Prerequisites for Injunctive Relief**

17            1.       Target Safety has Raised Serious Questions and Established a Reasonable

18                 Probability of Success

19       In the Ninth Circuit, preliminary injunctive relief is available to a party who demonstrates

20  either (1) a combination of probable success and the possibility of irreparable harm, or (2) that

21  serious questions are raised and the balance of hardship tips in its favor.    (*Arcamuzi v.*

22  *Continental Air Lines, Inc.,* 819 F.2d 935, 937 (9th Cir. 1987).)    "Serious questions" are those

23  that require litigation.    (*Id.*)  TargetSafety has met both standards.

24       TargetSafety contracted with CECBEMS for a unique service that only CECBEMS can

25  provide: the accreditation of online continuing education courses for emergency medical care

26  providers in the 16 states where CECBEMS is the sole accreditation authority.    TargetSafety

27  contracted with CECBEMS to receive course accreditation on a course-by-course basis.

28

---

11

1    In consideration, TargetSafety agreed to pay and has paid one time accreditation fees as

2    well as continuing fees for each time an emergency medical service professional takes one of

3    TargetSafety's courses that has been accredited by CECBEMS.  In turn, CECBEMS agreed not

4    to revoke its accreditation of TargetSafety's courses unless there was a finding of fraud,

5    deception or impropriety by a majority vote of CECBEMS Board of Directors.  CECBEMS

6    further agreed that in the event there is a finding of fraud, deception or impropriety, it would

7    provide TargetSafety with an appeals process.  The appeals process requires that the CECBEMS

8    chairperson notify TargetSafety in writing, by certified mail, of the CECBEMS standard that has

9    been violated and the evidence indicating non compliance.

10    CECBEMS has breached its contract for a unique service with TargetSafety.  CECBEMS

11    chairperson has not notified TargetSafety in writing of the specific infraction of CECBEMS'

12    regulations that TargetSafety is alleged to have violated.  CECBEMS has failed to identify

13    whether a majority of the CECBEMS board of directors passed a resolution to revoke

14    accreditation of TargetSafety's courses.  Moreover, CECBEMS is not permitting TargetSafety to

15    obtain course-by-course accreditation, as it is contractually obligated to do.

16    TargetSafety specifically contracted for course-by-course accreditation so that it could

17    conduct business in CECBEMS-accreditation states while maintaining market share and ongoing

18    business operations in states where its courses have already been accredited by the state licensing

19    agency.   CECBEMS is now unilaterally changing the terms of the contract by requiring

20    TargetSafety to obtain CECBEMS accreditation for all of TargetSafety's online courses

21    regardless of where the courses are offered.

22    Contracts for unique services can be specifically enforced and are appropriate for

23    preliminary injunction. (*See Reuters Ltd. V. United Press International, Inc., supra*, 903 F.2d at

24    p. 907-908.)  Similarly, violations of organizational policies can also give rise to injunctive relief.

25    (*See Gilder v. PGA Tour, Inc.*, supra, 936 F.2d 417, 424 (granting preliminary injunction

26    enjoining the PGA board of directors from voting in violation of PGA bylaws).)    Moreover,

27    granting of a preliminary injunction is proper to preserve the status quo pending declaratory relief

28

12

1   when the party seeking injunction will suffer unnecessary and irreparable harm if the status quo

2   is not preserved. (*Doran v. Salem Inn, Inc., supra,* 95 S. Ct. at p. 2567-2568.)

3       Additionally, CECBEMS' actions violate California's Unfair Competition Law and

4   should be enjoined.   (*Bus.& Prof. Code* §§ 17200, 17203, 17204)   California's Unfair

5   Competition Law prohibits any unfair business practice where the utility of the defendant's

6   conduct is outweighed by the gravity of the harm to the victim. (*Family Home & Finance*

7   *Center, Inc. v. Federal Home Loan Mortg. Corp.,* 461 F.Supp.2d 1188, 1195 (C.D. Cal. 2006).)

8   An unfair business practice occurs when the practice offends an established public policy or

9   when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to

10  consumers. (*Id.*)

11      CECBEMS has not raised any issue related to the actual content of TargetSafety's

12  courses; the majority of which have already been accredited by CECBEMS.  Rather, CECBEMS

13  is abusing its status as the sole accrediting authority for the online continuing education of

14  emergency medical service professionals in 16 states to force TargetSafety to exclusively deliver

15  CECBEMS-accredited courses in all states.

16      Simply put, CECBEMS is leveraging its market power in states where its accreditation of

17  courses is required to obtain market dominance in states where CECBEMS accreditation is not

18  required.  Many states, such as California and Florida, provide a variety of options for EMS

19  training providers to obtain accreditation.  Therefore, CECBEMS is not *the* exclusive national

20  accreditation authority.

21      Nonetheless, CECBEMS is leveraging its unique position with a limited number of states

22  to assume exclusive accreditation authority in states where CECBEMS accreditation is not

23  required.  CECBEMS is forcing TargetSafety, and presumably other online EMS vendors, to

24  obtain CECBEMS accreditation of all of its courses or be precluded from doing business in the

25  16 states where CECBEMS is the sole accreditation authority.   If TargetSafety does not

26  acquiesce to CECBEMS demands, CECBEMS will revoke its accreditation of TargetSafety's

27  courses to irreparably damage TargetSafety's reputation and to prevent TargetSafety from

28  conducting business in 16 states.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY
INJUNCTION AND TEMPORARY RESTRAINING ORDER

113291/000007/923727.04

1    CECBEMS threat to pull TargetSafety's accreditation is oppressive and unscrupulous and

2    does not benefit emergency medical care professionals.  In fact, it eliminates competition and

3    limits the choices for online continuing education by removing from the market courses that have

4    been approved by state licensing agencies. There is no utility to CECBEMS threatened conduct,

5    and the harm to TargetSafety is immediate, substantial and irreparable.[38]

6              2.    The Balance of Hardships Tips Decidedly Toward TargetSafety

7              In *Reuters Ltd. v. United Press International, Inc., supra*, the court held that the balance

8    of hardships tipped sharply toward UPI in favor of enjoining Reuters from terminating the wire-

9    service contract between the two parties for news photographs.  UPI would lose a unique

10   contract, which in turn would threaten the company's continued viability.  *Reuters Ltd. v. United*

11   *Press International, Inc., supra*, 903 F.2d at p 908.  In contrast, granting the preliminary

12   injunction merely required Reuters to do what it had done for the past five years – provide UPI

13   with news pictures. *Reuters Ltd. v. United Press International, Inc., supra*, 903 F.2d at p. 909.

14             Likewise, the court in *Gilder v. PGA Tour, Inc.*, *supra*, held that the balance of hardships

15   tipped sharply toward plaintiffs where plaintiffs would suffer an adverse impact on their earnings

16   and an adverse impact on their ability to compete.  In contrast, the only harm to defendant was a

17   temporary inability to promulgate its rules. *Gilder v. PGA Tour, Inc.*, *supra*, 936 F.2d at pp 422-

18   424

19             Similarly, if CECBEMS is not enjoined from arbitrarily revoking accreditation,

20   TargetSafety will be deprived a unique contract right, lose current and future market share, and

21   suffer immeasurable damage to its goodwill. In. Contrast, if the preliminary injunction is granted,

22   CECBEMS will merely have to permit specific TargetSafety courses to remain accredited which

23   they have been for some time.  The balance of hardships tips decidedly toward TargetSafety.

24

25   ///

26

27   [38] Should CECBEMS follow through on its threat to revoke accreditation, TargetSafety will have standing to seek injunctive relief pursuant to California's Business & Professions Code sections 17203 and 17204 as it will have suffered injury in fact and lost money s a result of CECBEMS' unfair competition. (*See White v. Trans Union, LLC,*

28   462 F.Supp.2d 1079, 1083 (C.D. Cal. 2006); *Southern California Housing Rights Center v. Los Feliz Towers Homeowners' Ass'n,* 426 F.Supp.2d 1061, 1069 (C.D. Cal. 2005).)

14

1          3.    TargetSafety need not provide an undertaking

2          A party seeking a preliminary injunction need not take out a bond pursuant to Federal

3    Rules of Civil Procedure, Rule 65 where there is no likelihood of harm to the defendant from

4    enjoining its conduct.  (*See Jorgensen v. Cassiday* (9th Cir. 2003) 320 F.3d 906, 919).  Since

5    there is no likelihood of harm to CECBEMS in the event the status quo is preserved,

6    TargetSafety requests that it not be required to post a bond.

7                              **IV.    CONCLUSION**

8          For the foregoing reasons, TargetSafety respectfully requests this court grant a Temporary

9    Restraining Order and Preliminary Injunction prohibiting CECBEMS revocation of accreditation

10   of TargetSafety's courses without the necessity of a bond.

11   DATED: June  4, 2008              PROCOPIO, CORY, HARGREAVES &
                                        SAVITCH LLP
12

13

                                        By:  /s/  Frank L. Tobin
14                                           Frank L. Tobin
                                             Mathieu G. Blackston
15                                           Attorneys for Plaintiff,
                                             TARGETSAFETY.COM, INC., a California
16                                           corporation

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY
INJUNCTION AND TEMPORARY RESTRAINING ORDER
113291/000007/923727.04

5th5thFrank L. Tobin (Bar No. 166344)
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
530 B Street, Suite 2100
San Diego, California 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorneys for Plaintiff TARGETSAFETY.COM, INC., a
California corporation

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| TARGETSAFETY.COM, INC., a California corporation | Case No.: 08-CV-0994-JLS-JMA |
|---|---|
| Plaintiff, | CERTIFICATION OF NOTICE RE TEMPORARY RESTRAINING ORDER |
| v. | |
| CONTINUING EDUCATION COORDINATING BOARD FOR EMERGENCY MEDICAL SERVICES, INC., a Missouri non-profit corporation and DOES 1-10 | |
| Defendants.. | |

I, Frank L. Tobin, declare as follows:

I am an attorney duly licensed to practice law in the State of California. I am a partner with the law firm of Procopio, Cory, Hargreaves & Savitch, L.L.P. ("Procopio Cory"), attorneys for Plaintiff TargetSafety.com, Inc. ("TargetSafety").

1.    I have personal knowledge of the following facts and would and could testify to them if called upon to do so, with the exception of those matters stated on information and belief and as to those matters I believe them to be true.

2.    On June 3, 2008, I sent a letter via facsimile and e-mail to Mr. Bradley M. Pinsky, who I am informed and believe is national counsel to CECBEMS, providing him with notice that TargetSafety would be filing this action on June 4, 2008 in the United States District Court,

1

1   Southern District of California and requesting a temporary restraining order ("TRO") and

2   preliminary injunction to maintain the status quo and prevent CECBEMS from revoking

3   TargetSafety's CECBEMS' accreditation during the pendency of this lawsuit. I also informed Mr.

4   Pinsky in my June 3, 2008 letter that I would provide him with notice once there was a time

5   certain for the TRO and/or Preliminary Injunction hearing.

6        3.    After I filed the complaint on June 4, 2008, I e-mailed Mr. Pinsky a copy of the

7   complaint and a copy of the TRO papers.

8        I declare under penalty of perjury under the laws of the State of California that the

9   foregoing is true and correct.

10       Executed this 4th day of June 2008, at San Diego, California.

11

12

13                                   /s/ Frank L. Tobin
                                     Frank L. Tobin, Esq.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

CERTIFICATION OF NOTICE RE TEMPORARY RESTRAINING ORDER
113291/000007/926987.01

1 | Frank L. Tobin (Bar No. 166344)
Mathieu G. Blackston (Bar No. 241540)
2 | PROCOPIO, CORY, HARGREAVES &
   SAVITCH LLP
3 | 530 B Street, Suite 2100
San Diego, California 92101
4 | Telephone: 619.238.1900
Facsimile: 619.235.0398
5
Attorneys for Plaintiff,
6 | TargetSafety

7

8 | UNITED STATES DISTRICT COURT

9 | FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10 | TARGETSAFETY.COM, INC., a California

| corporation | Case No.: 08:CV-0994-JLS-JMA |
|---|---|
| 11 | |
| Plaintiff, | **DECLARATION OF BRUCE KAECHELE IN SUPPORT OF TARGETSAFETY. COM'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER** |
| 12 v. | |
| 13 | |
| 14 CONTINUING EDUCATION COORDINATING BOARD FOR EMERGENCY MEDICAL | |
| 15 SERVICES, INC., a Missouri non-profit corporation and DOES 1-10 | Date: Time: Dept: Judge: |
| 16 Defendants. | |

17

18     I, Bruce Kaechele, declare as follows:

19     1.     I am President and CEO of TargetSafety.com ("TargetSafety"). I submit this

20 Declaration in support of TargetSafety's Motion for Preliminary Injunction and Temporary

21 Restraining Order. I have personal knowledge of the matters set forth herein, and could and

22 would competently testify thereto if called upon as a witness in this matter with the exception of

23 those matters stated on information and belief and as to those matters I believe them to be true.

24     2.     TargetSafety was founded in 1999. It provides online risk management solutions

25 for public entities throughout the United States. A key component of TargetSafety's risk

26 management service is providing internet-based training for firefighters and emergency medical

27 service professions ("EMS professionals" or "EMS providers").

28

1        3.      Fire Departments and emergency medical service providers hire TargetSafety to

2   provide on-line continuing education courses and testing materials for their EMS professionals.

3   In all 50 states, EMS professionals are required to take continuing education courses in order to

4   maintain their professional licenses.  The courses must be accredited.

5        4.      In 16 states, including California, the state Emergency Medical Service licensing

6   agency provides its own criteria for accrediting online continuing education coursework.  In 16

7   other states, the state Emergency Medical Service licensing agency automatically accepts online

8   course accreditation from an entity known as the Continuing Education Coordinating Board for

9   Emergency Medical Services, Inc. ("CECBEMS" pronounced *ses beams*).  In these 16 states,

10   CECBEMS accreditation is tantamount to state accreditation.  In 12 states, online course

11   accreditation authority is delegated to regional/local medical directors who oftentimes simply

12   rely on CECBEMS accreditation in their determination as to whether TargetSafety can offer on-

13   line continuing education courses to firefighters and EMTs in their region.  I am informed and

14   believe that at least one medical director has told TargetSafety that he will not permit

15   TargetSafety to offer courses unless the courses are CECBEMS accredited.  TargetSafety

16   believes additional medical directors will similarly require CECBEMS accreditation.  Of the

17   remaining six states, two do not permit on-line continuing education for EMS professionals, and

18   four do not provide clear guidelines as to whether CECBEMS' accreditation is a pre-requisite to

19   offering on-line courses.

20        5.      Because so many states and regional/local medical directors automatically accept

21   course accreditation from CECBEMS, CECBEMS has established dominance and a niche

22   position in the on-line continuing education market for emergency medical service providers.

23   CECBEMS' ability to accredit on-line continuing education courses is unique in that no other

24   private organization has the authority to determine the state accreditation standards for the

25   continuing on-line education of EMS providers.

26        6.      In 2006, TargetSafety sought CECBEMS' accreditation for specific on-line

27   continuing education courses that it offers to EMS professionals.  TargetSafety sought

28   accreditation so it could expand market share and increase business in states, such as Nevada,

DECLARATION OF BRUCE KAECHELE IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION
AND TEMPORARY RESTRAINING ORDER

113291/000007/925000.04

1    New Jersey, Virginia and South Carolina where CECBEMS' accreditation is required.  In

2    exchange for accreditation, CECBEMS requires TargetSafety to pay $130 per credit hour for the

3    accreditation review of each course as well as a 25 cent royalty every time an EMS professional

4    takes a TargetSafety online course that has been accredited by CECBEMS.

5         7.    To date, CECBEMS has accredited more than three quarters of TargetSafety's

6    catalog of EMS courses.  The remainder of TargetSafety's catalog of courses is currently under

7    review by CECBEMS.

8         8.    Since obtaining CECBEMS accreditation for certain courses, TargetSafety has

9    offered CECBEMS-accredited courses to EMS providers in the states where CECBEMS

10   accreditation is tantamount to state accreditation.

11        9.    In states like California, however, where all of TargetSafety's online courses have

12   already been accredited by the state Emergency Medical Service licensing agency, TargetSafety

13   has continued to offer a full catalog of courses to its clients.  This has allowed TargetSafety to

14   maintain market share in 16 states where state licensing agencies accredit courses while at the

15   same time develop new business in the 28 states that either require CECBEMS accreditation or

16   where regional/local medical directors provide accreditation by a process which TargetSafety

17   believes is closely tied to CECBEMS accreditation.

18        10.   On or about April 11, 2008, the Executive Director of CECBEMS, Elizabeth

19   Sibley, demanded in writing that TargetSafety no longer offer its state-accredited online courses

20   to EMS professionals in states, like California, where TargetSafety's courses were already

21   accredited by the state licensing agency.

22        11.   Without citing any written requirement in CECBEMS' polices or procedures, Ms.

23   Sibley stated that it was a purported requirement of CECBEMS' accreditation that once a

24   continuing education course is accredited by CECBEMS, an online course provider such as

25   TargetSafety, can only offer CECBEMS-accredited courses; even in those states where non-

26   CECBEMS accredited courses have already been approved by the state licensing agency.

27        12.   Ms. Sibley stated that if TargetSafety did not take steps to replace all previous

28   versions of its courses with the CECBEMS-accredited version of the courses within 60 days,

3

1  CECBEMS would revoke its accreditation of TargetSafety's courses and would not accredit any

2  additional courses.  Ms. Sibley further stated that CECBEMS would notify state Emergency

3  Medical Services offices, the National Registry of Emergency Medical Technicians, and the staff

4  and board members of CECBEMS' other sponsoring organizations that TargetSafety's courses

5  do not comply with CECBEMS' accreditation requirements.  Ms. Sibley stated she would tell

6  these organizations that CECBEMS' accreditation was withdrawn pursuant to CECBEMS'

7  *Policy for the Denial, Suspension, or Revocation of CECBEMS Accreditation.*  A true and correct

8  copy of Ms. Sibley's April 11, 2008, letter is lodged herewith as Exhibit 1 and incorporated by

9  reference.

10       13.     On or about April 25, 2008, I provided a written response on behalf of

11  TargetSafety to CECBEMS.  A true and correct copy of my April 25, 2008 letter is lodged

12  herewith as Exhibit 2 and incorporated by reference.  In particular, I requested Ms. Sibley

13  provide the specific source upon which CECBEMS' based its demand that TargetSafety stop

14  offering state-accredited courses.  Additionally, I asked for clarification as to CECBEMS' *Policy*

15  *for the Denial, Suspension, or Revocation of CECBEMS Accreditation* ("*Policy*"), which Ms.

16  Sibley claimed TargetSafety had violated.  A true and correct copy of the *Policy* is lodged

17  herewith as Exhibit 3 and incorporated by reference.

18       14.     In order to revoke accreditation, CECBEMS' *Policy* states there must be evidence

19  of "fraud, deception or impropriety."  Additionally, a majority vote of CECBEMS Board of

20  Directors is required before accreditation can be revoked.  In the event there is a finding of fraud,

21  deception or impropriety, CECBEMS is to provide its customer with an appeals process.  The

22  appeals process requires that the CECBEMS chairperson notify the customer in writing, by

23  certified mail, of the CECBEMS standard that has been violated and the evidence indicating non

24  compliance.

25       15.     CECBEMS has not afforded TargetSafety the benefit of the alleged *Policy*

26  provisions or provided TargetSafety with the resolution by which CECBEMS has decided to

27  revoke its accreditation of TargetSafety's courses.  First, the CECBEMS chairperson did not

28  notify TargetSafety in writing via certified mail.  Second, CECBEMS has not raised any issue

DECLARATION OF BRUCE KAECHELE IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION
AND TEMPORARY RESTRAINING ORDER

113291/000007/925000.04

1 with the actual content of TargetSafety's courses; the majority of which have already been

2 accredited by CECBEMS. Third, CECBEMS did not identify the specific infraction of

3 CECBEMS' regulations that TargetSafety is alleged to have violated. Fourth, CECBEMS has

4 failed to identify whether a majority of the CECBEMS board of directors passed a resolution to

5 revoke accreditation of TargetSafety's courses. Nonetheless, CECBEMS' continues to threaten

6 to revoke the accreditation of TargetSafety's courses on June 11, 2008, i.e. 60 days from Ms.

7 Sibley's initial April 11, 2008 letter.

8   16. Despite my request that CECBEMS respond to my letter by May 2, 2008, so that

9 TargetSafety could timely reply to and better understand Ms. Sibley's demands, CECBEMS did

10 not respond until May 14, 2008. A true and correct copy of Ms. Sibley's May 14, 2008 response

11 is lodged herewith as Exhibit 4 and incorporated by reference.  Ms. Sibley's response, however,

12 ignored TargetSafety's request for information and simply dictated the alleged steps that

13 TargetSafety "must" take by June 11, 2008 to avoid revocation of CECBEMS accreditation.

14 Although Ms. Sibley took issue with one of the marketing materials submitted by TargetSafety in

15 the accreditation process, Ms. Sibley did not cite any CECBEMS' accreditation standard

16 requiring TargetSafety to only offer CECBEMS-accredited courses and stop offering state-

17 accredited courses, which had been the subject of her initial April 11, 2008 demand.

18 Furthermore, Ms. Sibley's letter ignored the fact that TargetSafety made CECBEMS aware that it

19 was already offering state-accredited courses at the time it applied for CECBEMS accreditation

20 of specific TargetSafety courses.

21   17. On May 19, 2008, TargetSafety's attorney wrote to CECBEMS.  Again,

22 TargetSafety requested information as to (a) the specific source upon which CECBEMS based its

23 demand that TargetSafety stop offering state-accredited courses and as to (b) CECBEMS' Policy

24 for revocation of accreditation.  TargetSafety also asked for more time beyond June 11, 2008 so

25 that the parties could attempt to resolve this matter without the arbitrary pressure imposed by

26 CECBEMS. A true and correct copy of TargetSafety's counsel's letter is lodged herewith as

27 Exhibit 5 and incorporated by reference.

28

DECLARATION OF BRUCE KAECHELE IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION
AND TEMPORARY RESTRAINING ORDER

113291/000007/925000.04

18.    On May 27, 2008, CECBEMS national counsel Bradley M. Pinsky responded to TargetSafety's counsel's letter. A true and correct copy of Mr. Pinsky's letter is lodged herewith as Exhibit 6 and incorporated by reference. Mr. Pinsky stated that CECBEMS would not provide TargetSafety with any additional information and that unless TargetSafety acquiesced to CECBEMS' demands by June 11, 2008, CECBEMS would revoke TargetSafety's accreditation. There have been no further communications between CECBEMS and TargetSafety.

19.    For a one-time review and accreditation of each TargetSafety online course, CECBEMS receives an initial review fee of $130 per course and CECBEMS also receives a 25 cent fee every time an EMS provider completes a CECBEMS-accredited course. In states where CECBEMS accreditation is not required, CECBEMS does not realize any fees.

20.    CECBEMS is leveraging its unique position as the only private organization authorized to accredit on-line continuing education for EMS professionals. CECBEMS is threatening to revoke TargetSafety's accreditation unless TargetSafety offers only CECBEMS-accredited courses. CECBEMS' demand that TargetSafety only offer CECBEMS accredited courses even in states where CECBEMS accreditation is not required is a blatant attempt to generate revenue. CECBEMS' demand does not benefit EMS professionals since in states where CECBEMS is not required EMS professionals are already receiving TargetSafety's state-accredited continuing education courses. CECBEMS has already leveraged its position to the detriment of TargetSafety. I am informed and believe that CECBEM's executive director Ms. Sibley has refused to notify Virginia's licensing agency that certain TargetSafety courses are CECBEMS accredited in an attempt to deny TargetSafety the ability to conduct business in Virginia until TargetSafety acquiesces to CECBEMS' demands.

21.    CECBEMS' arbitrary revocation of TargetSafety's accreditation will cause TargetSafety irreparable harm. Immediately upon revocation, TargetSafety will not be able to conduct its on-line continuing education business in 16 states. Furthermore, the damage to TargetSafety's reputation in these states will be severe and TargetSafety's ability to generate future sales will be greatly impaired. The damage to TargetSafety's reputation and ability to generate sales in the 12 states where course accreditation authority is delegated to local medical

6

1    directors will be similarly severe.  Local medical directors are likely to defer to CECBEMS when

2    determining whether TargetSafety can offer accredited continuing education courses in their

3    regions.

4          22.    Moreover, because of CECBEMS' niche position and dominance in the market,

5    loss of CECBEMS' accreditation will irreparably harm TargetSafety's business reputation and

6    goodwill.  The irreparable harm is compounded by CECBEMS' stated *Policy* of revoking

7    accreditation only when there is evidence of "fraud, deception or impropriety".  If Ms. Sibley

8    makes good on her threat to notify state licensing agencies, prominent organizations in the

9    industry, and TargetSafety's competitors, that CECBEMS has revoked TargetSafety's

10    accreditation pursuant to that *Policy*, the industry-wide consensus will be that TargetSafety

11    committed a fraud or an impropriety when in fact none was committed.  Furthermore, the quality

12    of TargetSafety's courses will be questioned even though CECBEMS has not raised any issue

13    with the content of TargetSafety's courses.

14          23.    CECBEMS arbitrary revocation of accreditation without due process, could also

15    call into question the validity of the TargetSafety continuing education courses that firefighters

16    and EMS professionals have already taken in the CECBEMS-accreditation states.  Furthermore,

17    TargetSafety may not be able to continue to perform the existing contracts it has with customers

18    in these states.  The damage to TargetSafety's reputation and goodwill will be immeasurable.

19          24.    The harm TargetSafety will face in the non-CECBEMS accreditation states is also

20    beyond measure.  The EMS continuing-education market is a close-knit community.    For

21    example, the Chairperson of CECBEMS is also a representative of California's Sate Emergency

22    Medical Service Agency.  Because of the unique closeness of this market, it is likely that

23    TargetSafety's goodwill and reputation will be damaged in the non-CECBEMS accreditation

24    states, such as California, as well. There will most certainly be confusion and false allegations as

25    to whether TargetSafety's courses are accredited and as to why CECBEMS revoked its

26    accreditation.

27          25.    TargetSafety will lose market share as well as existing and prospective business if

28    CECBEMS is permitted to revoke TargetSafety's accreditation without due process.    The

DECLARATION OF BRUCE KAECHELE IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION
AND TEMPORARY RESTRAINING ORDER

113291/000007/925000.04

1  emergency medical service market is critical to TargetSafety's growth and profitability. In 2007,

2  57 percent of TargetSafety's revenues were derived from the sector of TargetSafety's business

3  that provides services and internet-based training to EMS professionals. In the first quarter of

4  2008, 67 percent of TargetSafety's total revenues were derived from sales in the EMS markets.

5  Moreover, the fire and emergency medical service market is a rapidly growing sector for

6  TargetSafety. In 2007, TargetSafety generated 63 percent of its "first time client" revenues from

7  the fire and emergency medical service market. Similarly, revenues generated from the new fire

8  and emergency medical service clients represent 73 percent of all the new business generated in

9  the first quarter of 2008.

10      26.    In order to sustain this growth, TargetSafety has added six new sales

11  representatives since the start of 2008 and anticipates hiring two more. Additionally,

12  TargetSafety has increased its capital expenditures for marketing and technical support in the

13  emergency medical service market. These investments will be lost and some TargetSafety

14  employees will lose their jobs if CECBEMS accreditation is revoked.

15      27.    TargetSafety estimates that it will suffer a significant amount of lost revenue if

16  CECBEMS' accreditation is revoked. This significant loss of revenue will be financially

17  devastating and could even force TargetSafety into bankruptcy. In order to maintain cash flow

18  and prevent insolvency, TargetSafety anticipates it would have to layoff personnel, which in turn

19  would cause long-lasting, irreparable damage to TargetSafety's reputation as a quality employer.

20  At a minimum, it would take years for TargetSafety to recover from this reduction in force. The

21  reversal in TargetSafety's momentum, as a growing provider of on-line continuing education to

22  EMS professionals, will impact TargetSafety's current marketing partnerships and potentially

23  disrupt its banking relationships that provide both lease lines and lines of credit.

24      I declare under the penalty of perjury under the laws of the United States of America that

25  the foregoing is true and correct.

26  Executed this 3rd Day of June, 2008 at *ANAHEIM*        , California

27

28                              Bruce Kaechele

8

DECLARATION OF BRUCE KAECHELE IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION
AND TEMPORARY RESTRAINING ORDER

113291/000007/925000.04

Frank L. Tobin (Bar No. 166344)
Mathieu G. Blackston (Bar No. 241540)
PROCOPIO, CORY, HARGREAVES &
   SAVITCH LLP
530 B Street, Suite 2100
San Diego, California 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorneys for Plaintiff,
TargetSafety.com

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARGETSAFETY.COM, INC., a California corporation<br><br>    Plaintiff,<br><br>v.<br><br>CONTINUING EDUCATION COORDINATING BOARD FOR EMERGENCY MEDICAL SERVICES, INC., a Missouri non-profit corporation and DOES 1-10<br><br>    Defendants. | Case No.: 08-CV-0994-JLS-JMA<br><br>**NOTICE OF LODGMENT IN SUPPORT OF TARGETSAFETY. COM'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER** |

    Plaintiff, TargetSafety.com respectfully lodges the following exhibits in support of their Motion for Preliminary Injunction and Temporary Restraining Order:

    Exhibit 1:   April 11, 2008 letter from Elizabeth Sibley to Laura Boehm;

    Exhibit 2:   April 25, 2008 letter from Bruce Kaechele to Elizabeth Sibley;

    Exhibit 3:   CECBEMS' *Policy for the Denial, Suspension, or Revocation of CECBEMS Accreditation*;

113291/000007/926623.01

1

2  Exhibit 4:    May 14, 2008 letter from Elizabeth Sibley to Bruce Kaechele;

3  Exhibit 5:    May 19, 2008 letter from Frank Tobin to Elizabeth Sibley;

4  Exhibit 6:    May 27, 2008 letter from Bradley Pinsky to Frank Tobin.

5

6                                         Respectfully submitted,
   Dated:  June 4, 2008                   PROCOPIO, CORY, HARGREAVES &
7                                            SAVITCH LLP

8

9                                      By:  /s/  Frank L. Tobin
                                            Frank L. Tobin
10                                          Attorneys for Plaintiff
                                            TARGETSAFETY.COM, INC., a
11                                          California corporation

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

113291/000007/926623.01

*TargetSaftey.Com, Inc.*

*vs.*

*Continuing Education Coordinating Board for Emergency Medical Services*

## TABLE OF CONTENTS TO TARGETSAFETY. COM'S MOTION FOR PRELIMINARY INJUNCTION & TEMPORARY RESTRAINING ORDER

| EXHIBIT | DESCRIPTION | PAGE NO's. |
|---------|-------------|------------|
| 1 | April 11, 2008 letter from Elizabeth Sibley to Laura Boehm | 1-4 |
| 2 | April 25, 2008 letter from Bruce Kaechele to Elizabeth Sibley | 5-6 |
| 3 | CECBEMS' *Policy for the Denial, Suspension, or Revocation of CECBEMS Accreditation* | 7 |
| 4 | May 14, 2008 letter from Elizabeth Sibley to Bruce Kaechele | 8-10 |
| 5 | May 19, 2008 letter from Frank Tobin to Elizabeth Sibley | 11-14 |
| 6 | May 27, 2008 letter from Bradley Pinsky to Frank Tobin | 15-16 |

# EXHIBIT 1



12200 Ford Road
Suite 478
Dallas, Texas 75234
Phone 972.247.4442
Fax 214.432.0545
cecbems@cecbems.org

American College of
Emergency Physicians

American College of
Osteopathic Emergency
Physicians

National Association of
Emergency Medical
Technicians

National Association of
EMS Educators

National Association of
EMS Physicians

National Association of
State EMS Officials

National Registry of
Emergency Medical
Technicians

April 11, 2008

Laura Boehm
10815 Rancho Bernardo Road, Suite 250
San Diego, CA 92127

Dear Laura:

Thank you for your email explaining the situation with the certificate issued to a student in San Bernadino, CA. The actions taken by Target Safety described in this message were taken without consulting with CECBEMS and cause us great concern.

It is a requirement of CECBEMS accreditation that once accredited, only the accredited version of the topic will be available to students and all course completions for CECBEMS accredited courses be reported at least quarterly and all certificates issued for these course carry the required CECBEMS statements. This requirement applies, regardless of arrangements made with state EMS agencies or with clients prior to the date of CECBEMS accreditation.

Therefore, to maintain its accreditation, Target Safety must take the following steps to come into compliance within 60 days. Although the situation we identified involved a California student, these steps apply to any situation in any state in which the CECBEMS accredited version of the course is not being offered and course completions are not being reported.

1.     Replace all previous versions of course titles with the CECBEMS accredited version of the course.

2.     Report all course completions that fall within the approval period for each of these titles.

If Target Safety is not in compliance within 60 days, CECBEMS will notify state EMS offices, the National Registry, and the staff and board members of each of its sponsoring organizations that the courses offered by Target Safety do not comply with CECBEMS accreditation requirements and that accreditation was withdrawn pursuant to the *Policy for the Denial, Suspension, or Revocation of CECBEMS Accreditation*.

Feel free to contact us if you have questions. CECBEMS is eager to be of service, but only if it has confidence that Target Safety takes compliance with CECBEMS requirements seriously.

We look forward to hearing from you, to resolving this matter, and to continuing our professional relationship.

Sincerely,

Elizabeth Sibley
Executive Director

Copy: Bruce Kaechele

Continuing Education Coordinating Board for Emergency Medical Services

**CECBEMS Accredited Target Safety Courses**

| Provider No | Course No | Title | Online | Status | App. Date | Expires |
|---|---|---|---|---|---|---|
| PTGSF5900 | 07-CECB-F3-0600 | Airway Management Basic | 1 | Approved | 3/6/2007 | 2/28/2010 |
| PTGSF5900 | 07-CECB-F3-0601 | Airway Management Advanced | 1 | Approved | 5/7/2007 | 5/28/2010 |
| PTGSF5900 | 07-CECB-F3-0602 | Patient Assessment Basic | 1 | Approved | 3/8/2007 | 3/28/2010 |
| PTGSF5900 | 07-CECB-F3-0603 | Patient Assessment Advanced | 1 | Approved | 3/8/2007 | 3/28/2010 |
| PTGSF5900 | 07-CECB-F3-0604 | Obstetrical Emergencies Basic | 1 | Approved | 3/6/2007 | 2/28/2010 |
| PTGSF5900 | 07-CECB-F3-0605 | EMS Driving Safety | 1 | Approved | 3/6/2007 | 2/28/2010 |
| PTGSF5900 | 07-CECB-F3-0622 | Environmental Emergencies Basic | 1 | Approved | 4/19/2007 | 4/14/2010 |
| PTGSF5900 | 07-CECB-F3-0623 | Environmental Emergencies Advanced | 1 | Approved | 4/2/2007 | 4/14/2010 |
| PTGSF5900 | 07-CECB-F3-0624 | Altered Mental Status | 1 | Approved | 4/2/2007 | 4/14/2010 |
| PTGSF5900 | 07-CECB-F3-0625 | Geriatric Emergencies Advanced | 1 | Approved | 3/28/2007 | 4/14/2010 |
| PTGSF5900 | 07-CECB-F3-0626 | Medical, Ethical and Legal Issues in Emergency Medical Care | 1 | Approved | 4/3/2007 | 4/14/2010 |
| PTGSF5900 | 07-CECB-F3-0638 | Infectious Disease Control | 1 | Approved | 5/8/2007 | 6/3/2010 |
| PTGSF5900 | 07-CECB-F3-0639 | Workplace Stress | 1 | Approved | 5/22/2007 | 6/3/2010 |
| PTGSF5900 | 07-CECB-F3-0640 | Back Injury Prevention | 1 | Approved | 5/8/2007 | 6/3/2010 |
| PTGSF5900 | 07-CECB-F3-0641 | Protecting Yourself from Influenza | 1 | Approved | 5/8/2007 | 6/3/2010 |
| PTGSF5900 | 07-CECB-F3-0642 | HIPAA Awareness | 1 | Approved | 5/8/2007 | 6/3/2010 |
| PTGSF5900 | 07-CECB-F3-0643 | HIV/AIDS Awareness | 1 | Approved | 11/20/2007 | 6/3/2010 |
| PTGSF5900 | 07-CECB-F3-0644 | Communication and Documentation | 1 | Approved | 5/14/2007 | 5/3/2010 |
| PTGSF5900 | 07-CECB-F3-0650 | Respiratory Emergencies Basic | 1 | Approved | 5/24/2007 | 6/24/2010 |
| PTGSF5900 | 07-CECB-F3-0651 | Repiratory Emergencies Advanced | 1 | Approved | 6/7/2007 | 6/24/2010 |
| PTGSF5900 | 07-CECB-F3-0652 | Head and Face Injuries Advanced | 1 | Approved | 7/9/2007 | 7/24/2010 |
| PTGSF5900 | 07-CECB-F3-0653 | Neonatology Advanced | 1 | Approved | 6/6/2007 | 6/24/2010 |
| PTGSF5900 | 07-CECB-F3-0654 | Patients with Special Challenges | 1 | Approved | 6/12/2007 | 6/24/2010 |

| PTGSF5900 | 07-CECB-F3-0655 | Introduction to Hazmat | 1 | Approved | 6/12/2007 | 6/24/2010 |
|---|---|---|---|---|---|---|
| PTGSF5900 | 07-CECB-F3-0656 | Managing Multiple Casualty Incidents | 1 | Approved | 6/19/2007 | 6/24/2010 |
| PTGSF5900 | 07-CECB-F3-0657 | Pharmacology Basic | 1 | Approved | 6/9/2007 | 6/24/2010 |
| PTGSF5900 | 07-CECB-F3-0658 | CNS Injuries Basic | 1 | Approved | 7/9/2007 | 7/30/2010 |
| PTGSF5900 | 07-CECB-F3-0659 | CNS Injuries Advanced | 1 | Approved | 7/2/2007 | 6/24/2010 |
| PTGSF5900 | 07-CECB-F3-0661 | Thoracic Emergencies Advanced | 1 | Approved | 6/24/2007 | 6/24/2010 |
| PTGSF5900 | 07-CECB-F3-0662 | Pediatrics Advanced | 1 | Approved | 7/10/2007 | 6/24/2010 |
| PTGSF5900 | 07-CECB-F3-0663 | Hazard Communication | 1 | Approved | 6/30/2007 | 6/24/2010 |
| PTGSF5900 | 07-CECB-F3-0664 | Confined Space Entry | 1 | Approved | 7/1/2007 | 6/24/2010 |
| PTGSF5900 | 07-CECB-F3-0665 | Emergency Response to Terrorism | 1 | Approved | 3/25/2008 | 6/24/2010 |

EX1_003

CONTINUING EDUCATION COORDINATING BOARD FOR EMERGENCY MEDICAL SERVICES

## POLICY FOR THE DENIAL, SUSPENSION, OR
## REVOCATION OF CECBEMS ACCREDITATION

CECBEMS maintains the right to withhold, suspend, or revoke accreditation for any evidence of fraud, deception or impropriety. A majority vote of the CECBEMS Board of Directors is required before such action can be taken.

All applicants for accreditation shall be given a copy of this policy, a copy of the actions that could result in denial suspension or revocation of accreditation, and a copy of the process for appeal.

## DENIAL, SUSPENSION, REVOCATION CRITERIA

Actions that could result in the denial, suspension or revocation of CECBEMS accreditation shall include but not be limited to, the following:

> Fraud in the procurement of any CECBEMS accreditation as a continuing education provider.
> Fraud in the procurement of any CECBEMS accreditation of a continuing education course.

## APPEAL PROCESS

Following is the process for appealing a decision by the CECBEMS Board of Directors to suspend or revoke an accreditation.

1) The CECBEMS Chairperson shall notify the contact person of the sponsoring organization in writing, by certified mail, of the CECBEMS standards with which evidence suggests that the organization is not in compliance.

2) Within 15 days of receipt of notification of noncompliance, the contact person for the sponsoring organization shall submit in writing, by certified mail, to the CECBEMS Chairperson one of the following:

   a. Evidence of compliance with the CECBEMS standards(s) in question, or
   b. A plan for meeting compliance with the CECBEMS standard(s) in question within 60 days from the day of receipt of notification of noncompliance.

3) Within 15 days of receipt of the response from the contact person of the sponsoring organization, or within 30 days from the mailing date of the noncompliance notice if no response is received from the contact person of the sponsoring organization, the CECBEMS Chairperson shall notify the contact person of the sponsoring organization in writing, by certified mail, of one of the following:

   a. Decision to accept the evidence of compliance.
   b. Decision to accept the plan for meeting compliance.
   c. Decision to suspend the accreditation, including the beginning and ending dates of the suspension and conditions for lifting of the suspension.
   d. Decision to revoke the accreditation, including the effective date of the revocation, which may not be less than 60 days from the date of the letter of decision from the CECBEMS Chairperson.

# EXHIBIT 2



April 25, 2008

**VIA OVERNIGHT DELIVERY**

Elizabeth Sibley
Executive Director
Continuing Education Coordinating
Board for Emergency Medical Services
1200 Four Roads, Ste. 478
Dallas, Texas  75234

Re:    CECBEMS Letter of April 11, 2008 to Laura Boehm

Dear Ms. Sibley:

Thank you for your April 11, 2008 letter to Laura Boehm.  TargetSafety believes it is working well with the Continuing Education Coordinating Board for Emergency Medical Services ("CECBEMS").  Nonetheless, TargetSafety was surprised at the formality and tone of your April 11, 2008 letter considering the prior informal e-mail exchange between Ms. Boehm and yourself.

TargetSafety desires to continue its good working relationship with CECBEMS and address the issues raised in your letter.  However, before responding to your letter which TargetSafety plans to do soon, TargetSafety would appreciate it if you could answer the following questions in order to assist it in understanding CECBEMS' position.

Your letter states:

It is a requirement of CECBEMS accreditation that once accredited, <u>only</u> the accredited version of the topic will be available to students and all course completions for CECBEMS accredited courses be reported at least quarterly and all certificates issued for these course carry the required CECBEMS statements.  This requirement applies, regardless of arrangements made with state EMS agencies or with clients prior to the date of CECBEMS accreditation.

These requirements set forth in your letter are not consistent with TargetSafety's understanding of CECBEMS' accreditation requirements.  After receiving your letter, TargetSafety has not located anything in writing referring to such requirements.  Accordingly, please refer us to the specific source and basis for these requirements so that TargetSafety can fully understand CECBEMS' position in this regard.

In addition, your letter provides TargetSafety with 60 days from your April 11, 2008 letter to comply, or "CECBEMS will notify state EMS offices, The National Registry and the staff and board members of each of its sponsoring organizations that the courses offered by TargetSafety do not comply with CECBEMS accreditation requirements and that accreditation was withdrawn pursuant to *The Policy for the Denial, Suspension, or Revocation of CECBEMS Accreditation.*"

Again, TargetSafety requests that you specify which CECBEMS specific accreditation requirements are not being complied with and the basis for those requirements.



TargetSafety ~ 10815 Rancho Bernardo Road ~ Suite 250 ~ San Diego, CA 92127 ~ (858) 618-2468

EX2_005

Letter to Elizabeth Sibley – April 25, 2008

Furthermore, TargetSafety does not understand how its accreditation could be formally withdrawn within sixty-days of your April 11, 2008 letter "pursuant to *The Policy for the Denial, Suspension, or Revocation of CECBEMS accreditation.*"  In order for that policy to apply and result in a withholding, suspension or revocation of accreditation, that policy states there must be evidence of "fraud, deception or impropriety."  Is CECBEMS alleging there is such evidence with regard to TargetSafety?  This is certainly not TargetSafety's understanding and TargetSafety trusts that CECBEMS is not making such allegations.  However, if TargetSafety is incorrect and CECBEMS is in fact alleging as such, please refer us to the specifics of the allegation and the evidence.  Also, such a withholding, suspension or revocation finding can only occur upon the majority vote of the CECBEMS Board of Directors.  Has there been such a vote?  TargetSafety is certainly not aware of any such vote.

If there was such a finding and a vote, then under the CECBEMS appeal process, TargetSafety is entitled to written notice of the decision and written notice of the CECBEMS standards with which the evidence suggests that the organization is not compliant.  This written notice is to be transmitted by certified mail.  This has not occurred, and the basis of any alleged noncompliance in your April 11, 2008 letter is not clear to TargetSafety.  If there were such a finding after a majority vote of the CECBEMS Board of Directors, TargetSafety would be entitled to an appellate process as set forth in *The Policy for Denial, Suspension, or Revocation of CECBEMS Accreditation* before any final decision is made.

As such, any notification to state EMS offices, the National Registry, and the staff and board members of each of its sponsoring organizations that the courses offered by TargetSafety do not comply with CECBEMS accreditation requirements and that accreditation was withdrawn pursuant to *The Policy for the Denial, Suspension, or Revocation of CECBEMS Accreditation* would be incorrect and contrary to CECBEMS' own policy and appeal process.  Such notification would cause irreparable harm to TargetSafety's business, and TargetSafety would have no choice but to hold CECBEMS accountable for all such harm to the fullest extent provided by law.  As such, TargetSafety trusts that CECBEMS will work with it to resolve any issues and follow its own policies before taking such action, which TargetSafety maintains would be inappropriate.

We look forward to working through these issues with CECBEMS and maintaining a good working relationship.  Please provide the information requested by this letter by close of business on **May 2, 2008**, so that TargetSafety has adequate time to evaluate the information that CECBEMS provides, and thereafter, to respond to your April 11, 2008 letter to Ms. Boehm within the sixty-day deadline that you have imposed.

Thank you in advance for your attention to this matter.

Sincerely,


Bruce Kaechele
President and CEO
TargetSafety


cc: Laura Boehm, TargetSafety

EX2_006

# EXHIBIT 3

CONTINUING EDUCATION COORDINATING BOARD FOR EMERGENCY MEDICAL SERVICES

## POLICY FOR THE DENIAL, SUSPENSION, OR
## REVOCATION OF CECBEMS ACCREDITATION

CECBEMS maintains the right to withhold, suspend, or revoke accreditation for any evidence of fraud, deception or impropriety. A majority vote of the CECBEMS Board of Directors is required before such action can be taken.

All applicants for accreditation shall be given a copy of this policy, a copy of the actions that could result in denial suspension or revocation of accreditation, and a copy of the process for appeal.

### DENIAL, SUSPENSION, REVOCATION CRITERIA

Actions that could result in the denial, suspension or revocation of CECBEMS accreditation shall include but not be limited to, the following:

> Fraud in the procurement of any CECBEMS accreditation as a continuing education provider.
> Fraud in the procurement of any CECBEMS accreditation of a continuing education course.

### APPEAL PROCESS

Following is the process for appealing a decision by the CECBEMS Board of Directors to suspend or revoke an accreditation.

1) The CECBEMS Chairperson shall notify the contact person of the sponsoring organization in writing, by certified mail, of the CECBEMS standards with which evidence suggests that the organization is not in compliance.

2) Within 15 days of receipt of notification of noncompliance, the contact person for the sponsoring organization shall submit in writing, by certified mail, to the CECBEMS Chairperson one of the following:

   a. Evidence of compliance with the CECBEMS standards(s) in question, or
   b. A plan for meeting compliance with the CECBEMS standard(s) in question within 60 days from the day of receipt of notification of noncompliance.

3) Within 15 days of receipt of the response from the contact person of the sponsoring organization, or within 30 days from the mailing date of the noncompliance notice if no response is received from the contact person of the sponsoring organization, the CECBEMS Chairperson shall notify the contact person of the sponsoring organization in writing, by certified mail, of one of the following:

   a. Decision to accept the evidence of compliance.
   b. Decision to accept the plan for meeting compliance.
   c. Decision to suspend the accreditation, including the beginning and ending dates of the suspension and conditions for lifting of the suspension.
   d. Decision to revoke the accreditation, including the effective date of the revocation, which may not be less than 60 days from the date of the letter of decision from the CECBEMS Chairperson.

# EXHIBIT 4



12200 Ford Road
Suite 478
Dallas, Texas 75234
Phone 972.247.4442
Fax 214.432.0545
cecbems@cecbems.org

American College of
Emergency Physicians

May 14, 2007

Bruce Kaechele
President and CEO
TargetSafety
10815 Ranch Bernardo Road, Suite 250
San Diego, CA 92127

American College of
Osteopathic Emergency
Physicians

Dear Mr. Kaechele:

National Association of
Emergency Medical
Technicians

Thank you for your letter of April 25 expressing TargetSafety's desire to maintain a good working relationship between our organizations. As a point of clarification, my letter of April 7 and this letter were written following a motion to do so passed by the CECBEMS' Board of Directors.

CECBEMS' concern arose from communication with a local EMS agency (LEMSA) staff member in the state of California. The LEMSA staff member questioned the validity of a certificate that appeared to be issued by TargetSafety but that did not bear CECBEMS' accreditation statement. The LEMSA staff member had checked CECBEMS' website and noted that TargetSafety is listed as an accredited provider. This inconsistency caused the LEMSA staff member to question the validity of the certificate.

National Association of
EMS Educators

National Association of
EMS Physicians

Following the communication with the LEMSA staff member, I immediately checked with Laura Boehm, the contact listed on the TargetSafety application. I received an email from Ms. Boehm that said that the certificate did not include CECBEMS' statement because the student "took the state-approved version of the course (which uses a different testing methodology and different test questions than the CECBEMS' approved version of the course)."

National Association of
State EMS Officials

The attached marketing material submitted to CECBEMS with the TargetSafety application for accreditation in January 2007 and attested to by your signature and that of Ms. Boehm says, "The following course catalog [is] currently in development. Courses will be rolled out over the next year as they are completed and approved by CECBEMS. New Courses will automatically be added [to] your library upon CECBEMS' approval." This material gave our reviewers every reason to believe that only CECBEMS' accredited courses would be offered by TargetSafety, which is consistent with our requirements. When the first of the TargetSafety courses was approved in March 2007, TargetSafety was listed on CECBEMS' Web site as an accredited provider.

National Registry of
Emergency Medical
Technicians

Ms. Boehm's message further stated that TargetSafety took this action "...so we wouldn't have to re-apply to states where our content was already approved until that approval expires (since several states require an additional approval process even for CECBEMS' approved content)." However, the state of California accepts CECBEMS' accredited courses with no further approval required, hence the question from the California LEMSA staff about the validity of the TargetSafety certificate. CECBEMS has assured the State of California that it is working with TargetSafety to resolve the problem. CECBEMS certainly does not want a student to have credit denied for a course that the student and his/her employer both had good reason to believe CECBEMS has accredited.

Our concern is that the situation that has occurred in California has potential to be repeated in other states. This means that either the EMS provider will have to prove to the respective state EMS office that the certificate(s) he/she is presenting is valid or that the state will ask CECBEMS to validate the certificate(s) from its database. Either way, CECBEMS' response would be that the course

Continuing Education Coordinating Board for Emergency Medical Services

Bruce Kaechele
May 14, 2008
Page 2

completion(s) for that student has not been reported to its database and that the student's CE is not valid. Surely, you will agree that this is not good for the student or for either of our organizations. CECBEMS' sponsoring organizations, which include the National Association of State EMS Officials and the National Registry of EMTs (NREMT), chartered CECBEMS to maintain an orderly accreditation process on which students, employers, and our sponsoring organizations can rely. If we cannot resolve the existing confusion by June 11, 2008, we will have no choice but to alert state offices and NREMT of the situation discussed in this letter and tell them what we are doing to minimize problems.

TargetSafety must take the following steps by June 11 in order to resolve this issue.

1.  Replace all previous versions of course titles with the CECBEMS' accredited version of that title by a mutually agreeable date.
2.  Give CECBEMS a list of all states in which TargetSafety is offering the non-CECBEMS accredited version of any course titles. CECBEMS will work with each state to ensure that students receive CECBEMS' credit for these titles, regardless of the version they completed.
3.  Report course completions for all students completing any version of the CECBEMS' accredited titles to the CECBEMS' database by a mutually agreeable date.
4.  Report to CECBEMS any other situations that may exist with regard to the delivery of EMS continuing education that CECBEMS may not be aware of at this time. It is very important that TargetSafety make full and complete disclosure so that we can work together to head off further confusion.

CECBEMS accreditation is a <u>national</u> accreditation and applies to accredited course completions in all states. The decision that TargetSafety and all EMS CE providers must make is whether or not CECBEMS' requirements are a good fit for their business plan. If your decision is to be CECBEMS' accredited, then you need to adhere to what the marketing material submitted with your application said you would do. If you want to maintain your accreditation, we will help you do that, but you will have to make full disclosure so we can arrive at a plan by which TargetSafety can meet CECBEMS' requirements. If we cannot arrive at a mutually agreeable plan, then TargetSafety will lose CECBEMS' accreditation.

I will be in San Diego, CA, May 26-28, 2008, with a member of the CECBEMS Board of Directors to meet with the California EMS Administrators at their 2008 Conference. We would be happy to meet with you in person at that time to discuss a plan for resolving this issue.

I hope this letter has conveyed the urgency of resolving this situation quickly and the willingness of CECBEMS to work with TargetSafety to do so.

Sincerely,

Elizabeth Sibley
Executive Director

Attachment

# TargetSafety
# Online EMS Continuing Education

TargetSafety is in the process of developing a comprehensive EMS continuing education program. Our courses allow EMT Basic, Intermediate, Paramedic, ECA or First Responders to complete their continuing education requirements when and where they have time in an engaging easy-to-use format.

Two year individual subscription with unlimited access to all courses for $164.95

For more information and to register please visit,
www.targetsafety.com/fire/ems/

or call toll free 877.944.6372

TargetSafety, Inc.
10815 Rancho Bernardo Road, Suite 250
San Diego, CA 92127



**TargetSafety**
Online Fire & EMS Training


Safety Training Partner

# Course Catalog

The following course catalog currently in development. Courses will be rolled out over the next year as they are completed and approved by CECBEMS. New courses will automatically be added your library upon CECBEMS approval.

**Preparatory (hours)**
Health and Wellness (1)
Diet and Nutrition (1)
Back Injury Prevention (1)
Workplace Stress (1)
Infectious Disease Control (1)
Medical, Ethical, and Legal Issues in Emergency Care (1)
HIPAA Awareness (2)
Protecting Yourself From Influenza (1)
HIV Awareness (2)
HIV Awareness - Florida (2)

**Trauma (hours)**
Shock Basic (1)
Shock Advanced (1)
Burn Management Basic (1)
Burn Management Advanced (1)
Musculoskeletal Injuries Basic (1)
Musculoskeletal Injuries Advanced (1)
Head and Face Emergencies Advanced (1)
CNS Injuries Basic (1)
CNS Injuries Advanced (1)

**Medical (hours)**
Respiratory Emergencies Basic (1)
Respiratory Emergencies Advanced (1)
Pharmacology Basic (1)
Pharmacology Advanced (1)
Cardiac Emergencies Basic (1)
Cardiac Emergencies Advanced (1)
Altered Mental Status (1)
Poison and Overdose Basic (1)
Environmental Emergencies Basic (1)
Environmental Emergencies Advanced (1)
Behavioral Emergencies Basic (1)
Behavioral Emergencies Advanced (1)
Non-Traumatic Abdominal Injuries (1)
Allergies Basic (1)
Allergies Advanced (1)

**Airway (hours)**
Respiratory System: Anatomy and Physiology (1)
**Airway Management Basic (1)
**Airway Management Advanced (1)

**Special Considerations (hours)**
**Obstetrical Emergencies Basic (1)
Obstetrical Emergencies Advanced (1)
Neonatology Advanced (2)
Pediatric Medical Emergencies Basic
Pediatric Medical Emergencies Advanced (2)
Geriatric Emergencies Advanced (2)
The Challenged Patient Advanced (2)

**Operations (hours)**
**EMS Driving Safety (1)
Introduction to Hazardous Materials (2)
Hazard Communications (1)
Confined Space Entry (1)
Emergency Response to Terrorism (4)
Managing MCIs (1)



**Continuing Education Hours have been applied for through the Continuing Education Coordinating Board for Emergency Medical Services (CECBEMS) for the courses marked with **.

EX4_010

# EXHIBIT 5



Procopio, Cory, Hargreaves & Savitch LLP

Frank L. Tobin
Direct Dial: (619) 525-3802
E-mail: flt@procopio.com

May 19, 2008

**VIA FACSIMILE AND FEDERAL EXPRESS**

Elizabeth Sibley
Executive Director
CECBEMS
12200 Ford Road, Ste. 478
Dallas, Texas  75234

Re:    CECBEMS Letter of May 14, 2008

Dear Ms. Sibley:

This office represents TargetSafety.com, Inc.  TargetSafety has asked us to respond to your May 14, 2008 letter.

On April 25, 2008, Bruce Kaechele, President and CEO of TargetSafety wrote in response to your April 11, 2008 letter to Laura Boehm.  In Mr. Kaechele's April 25, 2008 letter to you, he asked you for specific information including:

1.    The specific source and basis for the accreditation requirements alleged in your April 11, 2008 letter;

2.    Specification of which CECBEMS specific accreditation requirements are allegedly not being complied with by TargetSafety and the basis for those requirements;

3.    Whether there had been a vote by the CECBEMS board of directors to withhold, suspend or revoke TargetSafety's accreditation based on evidence of "fraud, deception or impropriety"; and

4.    If a vote had been taken, written notice of any decision of the Board and written notice of the CECBEMS standards with which the evidence suggests that TargetSafety is not compliant.

Mr. Kaechele also pointed out TargetSafety's concern that CECBEMS was not following its own stated processes.  Mr. Kaechele reiterated in his letter that any notification to state EMS

530 B Street, Suite 2100 • San Diego, CA 92101-4469 • T. 619.238.1900  F. 619.235.0398
NORTH COUNTY OFFICE: 1917 Palomar Oaks Way, Suite 300 • Carlsbad, CA 92008-6511 • T. 760.931.5700  F. 760.931.1150

www.procopio.com
113291/000001/920046201

Procopio

Elizabeth Sibley
May 19, 2008
Page 2

offices, The National Registry and the staff and board members of each of its sponsoring organizations that the courses offered by TargetSafety do not comply with CECBEMS accreditation requirements and that accreditation was withdrawn pursuant to *The Policy for the Denial, Suspension or Revocation of CECBEMS Accreditation* would be incorrect and contrary to CECBEMS own policy and appeal process. Mr. Kaechele reiterated that such notification would cause irreparable harm to TargetSafety's business and that TargetSafety would have no choice but to hold CECBEMS accountable for all such harm to the fullest extent provided by law.

Mr. Kaechele gave you until May 2, 2008 to respond. However, no response was received until May 14, 2008. Your May 14, 2008 letter ignores TargetSafety's request for information and simply dictates alleged steps that TargetSaftey "must" take by June 11, 2008 or presumably CECBEMS will revoke TargetSafety's CECBEMS' accreditation.

This is a very serious matter. Based on our review of this matter, CECBEMS is not following its policies and procedures. CECBEMS' conduct and threat to revoke TargetSafety's CECBEMS' accreditation provides TargetSafety with a variety of legal claims. TargetSafety remains open and willing to discuss issues with CECBEMS in an effort to explore ways to resolve this matter. However, TargetSafety is not able to engage in any such discussions in light of the current arbitrary deadline imposed by CECBEMS of June 11, 2008. Under the current deadline of June 11, 2008, TargetSafety believes it only has time to address this matter legally. There is simply not enough time by June 11, 2008 to have meaningful discussions in connection with exploring a resolution and, thereafter, have time to take legal action in the event that such discussions are not productive.

Accordingly, we are writing on behalf of TargetSafety to request that you notify us by close of business on Wednesday, May 21, 2008 that CECBEMS will extend the June 11, 2008 deadline to allow the parties more time to explore a resolution of this matter. If CECBEMS and their directors will not extend the deadline and provide TargetSafety with the information to properly respond to the issues raised by CECBEMS, TargetSafety will take any and all appropriate legal actions to defend itself and will put CECBEMS, all CECBEMS Directors, Director Alternates, and all organizations listed on CECBEMS' letterhead on notice of those legal actions.

We look forward to hearing your response to the above by May 21, 2008.

Very truly yours,

Frank L. Tobin

FLT/mdr

113291/000001/920046.01

```
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
x                                                                        P. 01  x
x                          TRANSACTION REPORT                                   x
x                                                        MAY-19-2008 MON 01:16 PM x
x                                                                               x
x        FOR:  Procopio, Cory              619 235 0398                         x
x                                                                               x
x-------------------------------------------------------------------------------x
x     SEND                                                                      x
x                                                                               x
x   DATE  START    RECEIVER        TX TIME   PAGES TYPE       NOTE        M#  DP x
x-------------------------------------------------------------------------------x
x   MAY-19 01:15 PM 912144320545    1'19"      3  FAX TX      OK          963    x
x-------------------------------------------------------------------------------x
x                                                                               x
x                                        TOTAL :     1M 19S  PAGES:  3          x
x                                                                               x
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
```

 **Procopio**

**FACSIMILE**

Procopio, Cory, Hargreaves and Savitch LLP

## FACSIMILE TRANSMISSION

DATE:  May 19, 2008            TOTAL PAGES, INCLUDING COVER:        3

To:

| NAME: | FACSIMILE NO. | TELEPHONE NO. |
|---|---|---|
| Elizabeth Sibley CECBEMS | (214) 432-0545 | (972) 247-4442 |

FROM:    Frank L. Tobin

RE:      CECBEMS Letter of May 14, 2008

CC:

MESSAGE:    Attached please find correspondence of today's date in the above-referenced matter.

Thank you.

EX5_013

 **Procopio**                         **FACSIMILE**

Procopio, Cory, Hargreaves and Savitch LLP

## FACSIMILE TRANSMISSION

DATE:   May 19, 2008                TOTAL PAGES, INCLUDING COVER:        3

TO:

| NAME: | FACSIMILE NO. | TELEPHONE NO. |
|---|---|---|
| Elizabeth Sibley CECBEMS | (214) 432-0545 | (972) 247-4442 |

FROM:     Frank L. Tobin

RE:       CECBEMS Letter of May 14, 2008

CC:

MESSAGE:   Attached please find correspondence of today's date in the above-referenced matter.

Thank you.

### CONFIDENTIAL INFORMATION

**PLEASE NOTE:** The information contained in this facsimile message is privileged and confidential; and it is intended only for the use of the individual(s) named above, and others who have been specifically authorized by such individual(s). If you are not the named recipient(s) or authorized by the named recipient(s), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone ((619) 238-1900) and return this facsimile message to the sender via the U.S. Mail (530 B Street, Suite 2100, San Diego, California 92101). Thank you.

Please deliver the accompanying document(s) as soon as possible to the addressee. If a problem occurs in transmission, please telephone immediately (619) 238-1900.

Client Name:
Client/Matter No.:
Equitrac No:
Document5

EX5_014

# EXHIBIT 6

# FACSIMILE

## SCICCHITANO & PINSKY, PLLC

5789 Widewaters Parkway
Syracuse, New York 13214-2807
Fax:        (315) 475-8230
Phone:      (315) 428-8344
e-mail:     mail@sfplawfirm.com

## PERSONAL & CONFIDENTIAL

| | |
|---|---|
| Date: | May 27, 2008 |
| Fax No.: | (760) 931-1155 |
| To: | Frank L. Tobin, Esq. |
| From: | Bradley M. Pinsky, Esq. |
| Pages: | 2 |
| Re: | CECBEMS |

Please see the attached.

The information contained in this facsimile message is attorney privileged and confidential, intended only of use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that dissemination, distribution or copying of this information is prohibited. If you have received this communication in error, please notify us immediately by telephone.

EX6_015

## SCICCHITANO & PINSKY, PLLC
### ATTORNEYS AT LAW

Partners:

Gregory A. Scicchitano, Esq. *

Bradley M. Pinsky, Esq.

*Also Admitted in NJ and PA

May 21, 2008

5789 Widewaters Pkwy

Syracuse, New York 13214

(315) 428-8344

(315) 475-8230 (fax)

David B. Garwood, of counsel

VIA FACSIMILE & FIRST CLASS MAIL

(760) 931-1155

Frank L. Tobin, Esq.

Procopio, Cory, Hargreaves & Savitch LLP

530 B Street, 21st Floor

San Diego, CA 92101

    *Re:*    *CECBEMS*

Dear Mr. Tobin:

We serve as national counsel to CECBEMS. We have received your letter on behalf of your client. Your client has failed to cooperate with CECBEMS' demands. Your numerous threats do not serve your client and your client has failed to comply with CECBEMS' demands by the date required. It is certainly your choice to try to turn the burden upon CECBEMS, but I promise that will not benefit your client.

Your client made significant and material misrepresentations in its application. Accreditation was provided based upon those misrepresentations. The misrepresentations have now come to light and your client was very pleasantly requested to solve the issue. We cannot fathom why your client would refuse to come into compliance with CECBEMS' demands.

That being said, if your client does not comply with the letter by the required date (and some deadlines have already passed), CECBEMS will take the promised actions. Your client simply has a choice. It can pursue this course of antagonistic responses and lose its accreditation, or it can take reasonable steps to comply. We will not provide any additional information as your client certainly understands the issue and the steps necessary to resolve it.

Therefore, we hope to receive your client's response of a plan of correction and the other items demanded by the date due. We again look forward to working with your client, but warn that your antagonistic and threatening tone will not serve your client well.

You may contact us with any questions, but we strongly suggest a more cooperative tact.

Very truly yours,

SCICCHITANO & PINSKY, PLLC

By: 

Bradley M. Pinsky

EX6_016

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| TARGETSAFETY.COM, INC., a California corporation | Case No.: 08-CV-0994-JLS-JMA |
| Plaintiff, | TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION |
| v. | |
| CONTINUING EDUCATION COORDINATING BOARD FOR EMERGENCY MEDICAL SERVICES, INC., a Missouri non-profit corporation and DOES 1-10 | |
| Defendants. | |

11

12

13

14

15

16

17

18

TO DEFENDANT CECBEMS AND ITS ATTORNEYS OF RECORD:

19

You are hereby ordered to show cause at _____, ___m. on _____, 2008, or

20

as soon thereafter as counsel may be heard in the courtroom of the Honorable _____,

21

located at 880 Front Street, San Diego, California 92101 why you, your officers, directors,

22

agents, servants, employees and attorneys and those in active concert or participation with you or

23

them, should not be restrained and enjoined pending trial of this action from revoking

24

TargetSafety.com, Inc.'s ("TargetSafety") CECBEMS' accreditation. Pending hearing on the

25

above order to show cause you, your officers, directors, agents, servants, employees and

26

attorneys and all those in active concert or participation with you or them are hereby restrained

27

and enjoined from revoking TargetSafety's CECBEMS' accreditation. This order to show cause

and supporting papers must be served on Defendant CECBEMS no later than _____ days before

1

113291/000007/923957.01

1    the date set for hearing, and proof of service shall be filed no later than _____ court days before

2    the hearing. Any response or opposition to this order to show cause must be filed and personally

3    served on Plaintiff's counsel no later than _____ court days before the date set for hearing and

4    proof of service shall be filed no later than _____ court days before the hearing. Any reply to

5    Defendant CECBEMS opposition shall be personally served on CECBEMS' counsel no later

6    than _____ court days before the date set for hearing and proof of service shall be filed no later

7    than _____ court days before the hearing.

8

9    DATED: _____          _____

                                      Judge of the U.S. District Court

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR A PRELIMINARY
INJUNCTION

113291/000007/923957.01