Keith Zakarin (SBN 126528)
**DUANE MORRIS LLP**
101 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619.744.2200
Facsimile: 619.744.2201
E-Mail:   kzakarin@duanemorris.com

Bradley M. Pinsky (proposed pro hac vice)
SCICCHITANO & PINSKY, PLLC
5789 Widewaters Parkway
Syracuse, New York 13214
Telephone: 315.428.8344
Facsimile: 315.475.8230

Attorneys for Defendant
Continuing Education Coordinating Board For
Emergency Medical Services

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARGETSAFETY.COM, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>CONTINUING EDUCATION COORDINATING BOARD FOR EMERGENCY MEDICAL SERVICES, INC., a Missouri non-profit corporation and DOES 1-10,<br><br>Defendants. | Case No.: 08-CV-0994-JLS-JMA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF**<br><br>Complaint Filed:   June 4, 2008 |

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................1

II. INJUNCTIVE RELIEF SHOULD BE DENIED ...................................................1

    A. PLAINTIFF CANNOT DEMONSTRATE A STRONG LIKELIHOOD OF SUCCESS ON THE MERITS AS THE ACTION IS NOT YET RIPE FOR CONSIDERATION. ...................................................................................1

    B. PLAINTIFF WILL NOT SUFFER IRREPARABLE INJURY, AS MONETARY RELIEF IS AVAILABLE TO THE PLAINTIFF. ..........................4

    C. PLAINTIFF WILL SUFFER NO HARDSHIPS WITHOUT THE INJUNCTIVE RELIEF. ....................................................................................4

    D. PUBLIC INTEREST DOES NOT FAVOR GRANTING RELIEF .......................4

    E. THE INJUNCTIVE RELIEF REQUESTED IS IMPERMISSIBLE, OVERBROAD AND UNWARRANTED .............................................................5

    F. COURT REVIEW IS LIMITED TO THE PROCEDURE FOLLOWED, AND THE PROCEDURE IS NOT YET COMPLETE. ..................................................6

    G. COURTS MUST PROVIDE GREAT DEFERENCE TO THE DECISIONS ACCREDITING AGENCY .................................................................................7

III. CONCLUSION .......................................................................................................7

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Abbott Labs. v. Gardner*
    387 U.S. 136, 87 S.Ct. 1507 (1967) ..................................................................................2

*Ambrose v. New England Assn of Schools and Colleges, Inc.*
    252 F.3d 488 (1st Cir. 2001)...............................................................................................6

*AMSAT Cable Ltd. v. Cablevision of Connecticut Ltd. Partnership*
    6 F.3d 867 (2d Cir.1993) ....................................................................................................1

*AT&T Corp. v. Iowa Utils. Bd.*
    525 U.S. 366, 119 S.Ct. 721 (1999) ...................................................................................2

*Benda v. Grand Lodge*
    584 F.2d 308 (9th Cir.1978), *cert. denied*, 441 U.S. 937, 99 S.Ct. 2065 (1979) .......................1

*by Housing Study Group v. Kemp*
    739 F.Supp 633 (Dist. Columbia 1990).............................................................................2

*Chicago & Southern Air Lines v. Waterman S.S. Corp.*
    333 U.S. 103, 68 S.Ct. 431 (1948) .....................................................................................2

*Chicago Sch. Of Automatic Transmissions, Inc. v. Accreditation Alliance of Career Sch. & Colls.*
    44 F.3d 447 (7th Cir. 1994)................................................................................................6

*Dietz v. American Dental Assn.*
    479 F.Supp 554 (DC Mich. 1974) .....................................................................................7

*Foundation for Interior Design Educ. Research v. Savannah College of Art & Design*
    244 F.3d 521 (6th Cir. 2001)..............................................................................................6

*Hypolite v. California Dept. of Corrections*
    2007 WL 2239214 (E.D. Cal. 2007) ..................................................................................2

*L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*
    634 F.2d 1197 (9th Cir.1980).............................................................................................4

*Marjorie Webster Junior College, Inc. v. Middle States Assn of Colleges and Secondary Scho.*
    432 F.2d 650 (D.C. Cir), *cert. denied* 400 U.S. 965, 91 S.Ct 367 (1970) .......................6

*Medical Institute of Minn. v. NATTS*
    817 F.2d 1310 (8th Cir. 1987)............................................................................................6

*Mo. v. City of Peculiar, Mo.*
  345 F.3d 570 (8th Cir. 2003) ..................................................................................2

*Motor Vehicle Mfgs. Assn. of U.S., Inc. v. New York State Dept. of Environmental Conservation*
  79 F.3d 1298 (2nd Cir. 1996) ..................................................................................2

*Myers v. Bethlehem Shipbuilding Corp.*
  303 U.S. 41, 58 S.Ct. 459 (1938) ...........................................................................2

*Peter Kiewit Sons' Co., v. U.S. Army Corps of Engineers*
  714 F.2d 163 (D.C. Cir. 1983)................................................................................2

*Regents of University of California v. American Broadcasting Co., Inc.*
  747 F.2d 511 (9th Cir. 1984) ..................................................................................1

*Texas v. U.S.*
  523 U.S. 296, 118 S.Ct. 1257 (1998) .....................................................................1

*Thomas M. Cooley Law School,*
  459 F.3d, 705, 713 (6th Cir. 2006) .........................................................................6

*Thomas v. Union Carbide Agricultural Products Co.*
  473 U.S. 568, 105 S.Ct. 3325 .................................................................................1

*Toilet Goods Assoc. v. Gardner*
  387 U.S. 158, 87 S.Ct. 1520 (1967) .......................................................................2

*Whittier College v. American Bar Assn.*
  2007 WL 1624100 (C.D. Cal 2007) .......................................................................6

*Wilfred Academy of Hair & Beauty Culture v. Southern Assn. of Colleges and Schs.*
  957 F.2d 210 (5th Cir. 1992) ................................................................................6-7

## I. INTRODUCTION

TargetSafety has requested a preliminary injunction. Defendant has submitted a declaration in opposition to the request for injunctive relief including a temporary restraining order and a preliminary injunction. For the reasons stated below, injunctive relief should be denied.

## II. INJUNCTIVE RELIEF SHOULD BE DENIED

To obtain a preliminary injunction, a movant must show: (1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury if the injunction is not granted; (3) the balance of hardships favors the moving party; and (4) the public interest favors granting relief. *Regents of University of California v. American Broadcasting Co., Inc.*, 747 F.2d 511, 515 (9th Cir. 1984).

A party may meet the burden under these four factors by demonstrating either: (1) a combination of probable success on the merits and the possibility of irreparable injury; or (2) that serious questions of law are raised and the balance of hardships tips sharply in the moving party's favor. Id. "The critical element ... is the relative hardship to the parties. If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly." *Benda v. Grand Lodge*, 584 F.2d 308, 315 (9th Cir.1978), *cert. denied*, 441 U.S. 937, 99 S.Ct. 2065 (1979).

### A. PLAINTIFF CANNOT DEMONSTRATE A STRONG LIKELIHOOD OF SUCCESS ON THE MERITS AS THE ACTION IS NOT YET RIPE FOR CONSIDERATION

The Board of Directors of CECBEMS is vested with the authority to decide whether or not to revoke accreditation.[1] As of this date, the Board has neither been presented with nor approved a resolution to revoke or rescind the accreditation of TargetSafety or any individual course offered by TargetSafety.[2] A case is not ripe if it "involves uncertain and contingent future events that may not occur as anticipated, or indeed may not occur at all." *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 580-581, 105 S.Ct. 3325, 3333; *Texas v. U.S.*, 523 U.S. 296, 118 S.Ct. 1257 (1998); *AMSAT Cable Ltd. v. Cablevision of Connecticut Ltd. Partnership*, 6 F.3d 867, 872 (2d Cir.1993) (quoting 13A C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure*

---

[1] Declaration of Elizabeth Sibley in Opposition to Plaintiff's Request for Injunctive Relief ¶43.

[2] Declaration of Elizabeth Sibley in Opposition to Plaintiff's Request for Injunctive Relief ¶43.

§ 3532.2, at 141 [2d ed.1984]).

"It is a 'long settled rule of judicial administration that no one is entitled to judicial relief for supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Peter Kiewit Sons' Co., v. U.S. Army Corps of Engineers*, 714 F.2d 163, 167 (D.C. Cir. 1983) quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51, 58 S.Ct. 459, 463-464 (1938) *cited by Housing Study Group v. Kemp*, 739 F.Supp 633, 638 (Dist. Columbia 1990); *Chicago & Southern Air Lines v. Waterman S.S. Corp.*, 333 U.S. 103, 68 S.Ct. 431 (1948) [Court refused to review an order which was still subject to ultimate review by the President and refused to issue an advisory opinion]; *Hypolite v. California Dept. of Corrections*, 2007 WL 2239214 at page 8 (E.D. Cal. 2007).

The doctrine of ripeness is designed "to prevent the courts, through avoidance of premature adjudications, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-149, 87 S.Ct. 1507 (1967); *Toilet Goods Assoc. v. Gardner*, 387 U.S. 158, 87 S.Ct. 1520, (1967).

When a provision has no immediate effect on a plaintiff's conduct, a pre-enforcement challenge will ordinarily be rejected as unripe. *AT&T Corp. v. Iowa Utils. Bd.*, 525 U.S. 366, 386, 119 S.Ct. 721 (1999). Hypothetical results should not be reviewed by the Court. *Motor Vehicle Mfgs. Assn. of U.S., Inc. v. New York State Dept. of Environmental Conservation*, 79 F.3d 1298, 1305 (2nd Cir. 1996). "The case is more likely to be ripe if it poses a purely legal question and is not contingent on future possibilities" such as the Board of Directors actual revocation and the underlying reasons for such revocation. *Public Water Supply Dist. No. 10 of Cass County Mo. v. City of Peculiar, Mo.*, 345 F.3d 570, 573 (8th Cir. 2003).

CECBEMS actions are dictated by its policy on this matter. The Policy is attached as Exhibit 3 to Plaintiff's Verified Complaint. CECBEMS was following its policy in its actions, the first step being to notify TargetSafety of the "CECBEMS standards with which evidence suggests that the organization is not in compliance".

DM1\1375515.1
2
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF
CASE NO.: 08-CV-0994-JLS-JMA

The Complaint correctly alleges that all CECBEMS has done to date was "threatening to revoke its accreditation" (Complaint, paragraph 15). A threat is not sufficient to warrant this Court's interference at this time, as there has not even been a vote of the Board of Directors to do so.

TargetSafety's April 25, 2008 letter to CECBEMS made it clear that TargetSafety was "certainly not aware of any such vote" of the CECBEMS Board of Directors. CECBEMS "Appeal Process", though misleading in name, had been initiated by CECBEMS. Step one requires CECBEMS to provide notification of a complaint to Target Safety. Step two requires a response by TargetSafety to CECBEMS.[3]

TargetSafety's action came before the initiation of step 3, which had not yet been initiated by CECBEMS. Step three requires CECBEMS, "within 30 days from the mailing date of the noncompliance notice if no response is received from the contact person of the sponsoring organization, the CECBEMS Chairperson shall notify the contact person of the sponsoring organization in writing, by certified mail, of one of the following:"[4]

CECBEMS' Board of Directors had not yet voted on any of the four options ("a" through "d") contained in section 3 or had the chance to notify TargetSafety of such decision.[5] Paragraph 3(d) of the policy requires that if CECBEMS chooses, as one of the four options, to revoke the accreditation of TargetSafety, that CECBEMS shall notify TargetSafety of the "Decision to revoke the accreditation, including the effective date of the revocation, which may not be less than 60 days from the date of the letter of decision from the CECBEMS Chairperson".[6]

TargetSafety would have at least sixty days therefore, to initiate a court appeal of any decision of CECBEMS.[7] The request for a preliminary injunction and/or temporary restraining

---

[3] Declaration of Elizabeth Sibley in Opposition to Plaintiff's Request for Injunctive Relief ¶44.

[4] Declaration of Elizabeth Sibley in Opposition to Plaintiff's Request for Injunctive Relief ¶45.

[5] Declaration of Elizabeth Sibley in Opposition to Plaintiff's Request for Injunctive Relief ¶46.

[6] Declaration of Elizabeth Sibley in Opposition to Plaintiff's Request for Injunctive Relief ¶47.

[7] Declaration of Elizabeth Sibley in Opposition to Plaintiff's Request for Injunctive Relief ¶48.

order is improper is simply premature and not yet ripe. Simply receiving a complaint from CECBEMS with demands to cure does not rise to the level of harm required for court review.

### B. PLAINTIFF WILL NOT SUFFER IRREPARABLE INJURY, AS MONETARY RELIEF IS AVAILABLE TO THE PLAINTIFF

It is axiomatic that where monetary relief is available to a party seeking injunctive relief, an injunction should not be issued. Indeed, "monetary injury is not normally considered irreparable," *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir.1980). Plaintiff's only claim is that it would lose business as a result of losing accreditation. The loss of business would allegedly result in a loss of income, which does not constitute "irreparable injury".

### C. PLAINTIFF WILL SUFFER NO HARDSHIPS WITHOUT THE INJUNCTIVE RELIEF

Should the injunction be denied, the CECBEMS board of directors will be free to make and consider a resolution to impose a penalty upon TargetSafety or to force corrective action consistent with standards of accreditation. A penalty could include revocation of the accreditation of only one course or perhaps all courses. Perhaps no penalty will be imposed or no resolution even be put to the Board.

Should the Board approve a resolution to revoke, CECBEMS' policy requires the decision to be stayed for sixty (60) days, permitting TargetSafety time to appeal to a Court of proper jurisdiction (not being this Court). That Court will then have the ability to know the reasons underlying the revocation, and to review whether CECBEMS has followed its process.

However, until such time as the Board passes any such resolution, TargetSafety will not suffer any hardship whatsoever as its accreditation will remain in effect and it can continue to offer courses.

### D. PUBLIC INTEREST DOES NOT FAVOR GRANTING RELIEF

Accreditation standards are put in place to protect the public. CECBEMS believes that an investigation was warranted to determine whether or not TargetSafety has violated the accreditation standards. If CECBEMS Board of Directors determines that TargetSafety has violated the standards of accreditation, then the interest of the public must be protected.

If the Board of Directors of CECBEMS does not determine in its review that TargetSafety has violated the terms of accreditation, then TargetSafety will suffer no harm. However, if CECBEMS, in its expert opinion, concludes that the standards have been violated, then CECBEMS must be able to protect the public.

Granting a preliminary injunction to TargetSafety will prohibit CECBEMS from enforcing its accreditation standards and will permit TargetSafety a free license to violate such standards. An injunction, as requested, will also permit this Court to stand in the shoes of the accrediting agency by forcing CECBEMS to accredit courses under review. CECBEMS will also be prohibited from creating new rules and policies designed to protect the public and to force TargetSafety to comply with those rules. Clearly, the public will not benefit.

### E.  THE INJUNCTIVE RELIEF REQUESTED IS IMPERMISSIBLE, OVERBROAD AND UNWARRANTED

Plaintiff's request for injunctive relief is impermissible, overbroad and unwarranted and even asks the Court to stand in the shoes of the accrediting agency. Plaintiff asks for the following relief, which should be denied:

(i) An injunction prohibiting revocation of any pending course:

    a. No revocation has been approved by the Board of CECBEMS. The Court should not "guess" or provide an advisory opinion as to what may constitute an acceptable reason for revocation.

    b. CECBEMS' policy provides an automatic stay of sixty days once a revocation decision has been made. This provides TargetSafety ample time to request relief.

    c. Injunctive relief prohibiting revocation for any reason would give TargetSafety a license to violate any rule of CECBEMS and to let the content of its courses fail to meet national standards. It would also permit TargetSafety to avoid having to pay any fees to CECBEMS while still advertising that it is CECBEMS accredited.

(ii) An injunction requiring CECBEMS to accredit future/pending courses:

    a. The Court should not exercise its judgment as to whether a course submitted to CECBEMS for accreditation meets the CECBEMS' standards for accreditation.

    b. CECBEMS would also be prohibited from imposing new rules and accreditation standards. This degrades the accreditation process.

     (iii)    An injunction requiring CECBEMS to follow its own appellate process:

          a.    This process has been in the midst of being followed. The Board of Directors has not even made or passed a resolution revoking TargetSafety's accreditation. CECBEMS is following its process. No injunctive relief is necessary, as the process is still being followed.

          b.    A Court may review whether the revocation process has been followed, but only once such process has been completed or actually resulted in harm to an accredited agency.

## F. COURT REVIEW IS LIMITED TO THE PROCEDURE FOLLOWED, AND THE PROCEDURE IS NOT YET COMPLETE

Should CECBEMS Board of Directors vote to revoke the accreditation of TargetSafety's Infectious Disease Control Course, or of all of its courses, the Court can then conduct a review of the procedure followed.

"'[T]he standards of accreditation are not guides for the layman but for professionals in the field of education', great deference should be afforded the substantive rules of these bodies and courts should focus on whether an accrediting agency...followed a fair procedure in reaching its conclusions. We are not free to conduct a de novo review or substitute our judgment for that of the [accrediting agency]." *Whittier College v. American Bar Assn.*, 2007 WL 1624100 (C.D. Cal 2007), unreported, *citing Thomas M. Cooley Law School*, 459 F.3d, 705, 713 (6th Cir. 2006); *Foundation for Interior Design Educ. Research v. Savannah College of Art & Design*, 244 F.3d 521 (6th Cir. 2001); *Marjorie Webster Junior College, Inc. v. Middle States Assn of Colleges and Secondary Scho.*, 432 F.2d 650, 657 (D.C. Cir), *cert. denied* 400 U.S. 965, 91 S.Ct 367 (1970); *Chicago Sch. Of Automatic Transmissions, Inc. v. Accreditation Alliance of Career Sch. & Colls.*, 44 F.3d 447 (7th Cir. 1994); *Ambrose v. New England Assn of Schools and Colleges, Inc.*, 252 F.3d 488, 498 (1st Cir. 2001).

Courts must "focus primarily on whether the accrediting body's internal rules provide a fair and impartial procedure and whether it has followed its rules in reaching its decision." *Wilfred Academy of Hair & Beauty Culture v. Southern Assn. of Colleges and Schs.*, 957 F.2d 210, 214 (5th Cir. 1992); *Medical Institute of Minn. v. NATTS*, 817 F.2d 1310, 1314 (8th Cir. 1987).

As no revocation has been voted upon or imposed, it is simply impossible for this Court to

review the procedures of CECBEMS as no vote to revoke has occurred.

G. **COURTS MUST PROVIDE GREAT DEFERENCE TO THE DECISIONS ACCREDITING AGENCY**

Should CECBEMS vote to revoke TargetSafety's accreditation for any of its courses at some point in the future, and should TargetSafety's appeal to CECBEMS be denied, the Court must provide "great deference" to CECBEMS' rationale for review.

"Federal courts have consistently limited their review of decisions of accrediting associations to whether the decisions were 'arbitrary and unreasonable' and whether they were supported by 'substantial evidence.'". *Wilfred Academy of Hair & Beauty Culture v. Southern Assn. of Colleges and Schs.*, 957 F.2d 210, 214 (5th Cir. 1992).

"This court may only determine whether the procedure was fair and whether arbitrary factors were used to determine the result. If the result was not based on arbitrary factors, but on substantive factors within the [defendant's] competence, this court cannot substitute its judgment for theirs" *Dietz v. American Dental Assn.*, 479 F.Supp 554, 559 (DC Mich. 1974).

III. **CONCLUSION**

For all of the foregoing reasons, Plaintiff's request for a preliminary injunction should be denied.

Dated: August 8, 2008                    **DUANE MORRIS LLP**

                                          By: s/Keith Zakarin
                                              Keith Zakarin
                                              Attorneys for Defendant
                                              Continuing Education Coordinating Board For
                                              Emergency Medical Services
                                              E-mail: kzakarin@duanemorris.com

---

DM1\1375515.1

7

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF

CASE NO.: 08-CV-0994-JLS-JMA

**DECLARATION OF SERVICE**
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Case Name:  *Targetsafety.com, Inc. v. CECBEMS, Inc.*
Case No.:   08-CV-0994 JLS (JMA)

I am a resident of the state of California, I am over the age of 18 years, and I am not a party to this lawsuit. My business address is 101 West Broadway, Suite 900, San Diego, California 92101. On the date listed below, I served the document(s) entitled:

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF**

☑   via electronic service to the attorneys of record on file with the U.S. District Court for this case, as follows:

Frank L. Tobin, Esq.                                 Attorneys for Plaintiff
Mathieu G. Blackston
Procopio, Cory, Hargreaves & Savitch LLP
530 B Street, Suite 2100
San Diego, CA  92101
Phone: 619-238-1900
Fax: 619-235-0398

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed August 8, 2008, at San Diego, California.

_____
Diane M. Koski

DM1\1370040.1                                                                 SACV07-675-JVS (MLGx)

DECLARATION OF SERVICE