

Keith Zakarin (SBN 126528)
**DUANE MORRIS LLP**
101 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619.744.2200
Facsimile: 619.744.2201
E-Mail:    kzakarin@duanemorris.com

Bradley M. Pinsky (proposed pro hac vice)
SCICCHITANO & PINSKY, PLLC
5789 Widewaters Parkway
Syracuse, New York 13214
Telephone: 315.428.8344
Facsimile: 315.475.8230

Attorneys for Defendant
Continuing Education Coordinating Board For
Emergency Medical Services

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| TARGETSAFETY.COM, INC., a California corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>CONTINUING EDUCATION COORDINATING BOARD FOR EMERGENCY MEDICAL SERVICES, INC., a Missouri non-profit corporation and DOES 1-10,<br><br>                    Defendants. | Case No.: 08-CV-0994-JLS-JMA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**<br><br>Complaint Filed:      June 4, 2008 |

# TABLE OF CONTENTS

**Page**

I.      SUMMARY OF OPPOSITION ............................................................................2

    A.      ABOUT CECBEMS.............................................................................3

    B.      CECBEMS ACCREDITATION PROCESS..........................................4

    C.      CECBEMS ACCREDITATION IS OPTIONAL......................................5

II.     TARGETSAFETY'S APPLICATION AND MISLEADING MARKETING
    VIOLATED CECBEMS' WRITTEN POLICIES ...............................................5

    SECTION IX – MARKETING MATERIALS .....................................................6

III.    TARGETSAFETY'S MISLEADING MARKETING MATERIALS AND WEBSITE
    MUST BE CURED .............................................................................................8

IV.     THE REQUEST FOR AN INJUNCTION IS PREMATURE ..........................10

V.      TARGETSAFETY HAS FAILED TO EXHAUST ITS ADMINISTRATIVE
    REMEDIES ......................................................................................................11

VI.     TARGETSAFETY'S ALLEGED HARM IS NOT IRREPARABLE AS
    MONETARY RELIEF IS AVAILABLE.............................................................12

VII.    TARGETSAFETY WILL NOT SUFFER IRREPARABLE HARM IF
    ACCREDITATION IS REVOKED ...................................................................12

VIII.   THE "WHEREFORE" CLAUSE SEEKS RELIEF WHICH IS OVERBROAD,
    UNREASONABLE AND UNNECESSARY ....................................................13

IX.     THE THIRD CAUSE OF ACTION SEEKS RELIEF WHICH IS OVERBROAD,
    UNREASONABLE AND UNNECESSARY ....................................................14

X.      THE FOURTH CAUSE OF ACTION SEEKS RELIEF WHICH IS OVERBROAD,
    UNREASONABLE AND UNNECESSARY ....................................................15

XI.     CECBEMS HAS CAUSE TO REVOKE, SHOULD IT VOTE TO DO SO ...................15

XII.    TARGETSAFETY FAILED TO MAKE ANY EFFORTS TO RESOLVE THE
    MATTER PRIOR TO JUNE 11, 2008 ..........................................................17

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Parsons College v. North Cent. Ass'n of College and Secondary Sch.*
  271 F.Supp 65 (N.D.Ill 1967) ................................................................................................ 11

*Wilfred Academy of Hair and Beauty Culture, Houston, Tex. V. Southern Ass'n of Colleges and Schools*
  957 F.2d 210 (5th Cir. 1992) ................................................................................................ 11

## I.    SUMMARY OF OPPOSITION

This Declaration is submitted by Continuing Education Coordinating Board for Emergency Medical Services, Inc. (hereinafter "CECBEMS") in opposition to TargetSafety.com, Inc.'s (hereinafter "TargetSafety") request for a temporary restraining order and preliminary injunction. Only TargetSafety's third and fourth causes of action seek injunctive relief.

Injunctive relief is not warranted for the following reasons, which are explained more fully below.

First, the issue is neither ripe nor appropriate for judicial review because CECBEMS has not voted to revoke the accreditation of TargetSafety and has not even initiated the process for doing so. Should the CECBEMS Board of Directors vote to revoke the accreditation, TargetSafety will have the full opportunity to participate in an appeals process. The appeals policy (Exhibit 3 to Plaintiff's Verified Complaint) dictates that no revocation will be effectuated and no accreditation will be lost until at least sixty (60) days after TargetSafety is noticed of the revocation decision. Any ruling by the Court on the merits would be an improper advisory opinion on a matter not yet before the Court.

Second, monetary relief is available to TargetSafety and is easily calculable. Therefore, the preliminary injunction should be denied.

Third, federal case law is clear that the Court must afford "great deference" to the rationale of an accreditation agency's decision. The Court should not "guess" at to what CECBEMS' rationale for revoking "might" be in the future. Doing so would improperly substitute the opinion of the Court for that of the accrediting agency.

Fourth, TargetSafety has failed to allege any basis for its claim of irreparable injury. TargetSafety suggests that it will lose business if it loses its accreditation with CECBEMS because some states accept CECBEMS accreditation as a basis for approval of programs. This does not create or even suggest any harm, particularly harm that is irreparable. Each state provides its own methods of approval. TargetSafety has only alleged that it was "informed and believes" that one unnamed medical director from one unnamed location might only accept CECBEMS accreditation. This is hardly the basis for "irreparable injury". Moreover, the Infectious Disease Control Course at issue has only been completed seventy-two (72) times since March 2007. Losing accreditation of

1  this course will hardly result in irreparable injury. Additionally, the mere loss of revenues is by

2  definition not irreparable injury. By definition, it is only about money.

3     Fifth, the Third Cause of Action seeks an injunction which prevents CECBEMS from ever

4  withdrawing or revoking accreditation for any reason whatsoever. This is a gross overreach, and far

5  beyond either the merits of the dispute or the jurisdiction of the Court. This Court should not tie the

6  hands of an accrediting agency to enforce its rules, standards and policies. The request is simply

7  overbroad and would permit the TargetSafety to violate any and all rules of CECBEMS without

8  recourse by CECBEMS from this date forward. For instance, TargetSafety could stop paying the

9  fees required to CECBEMS without recourse. We also note that TargetSafety's accreditation expires

10  after a three year term. A permanent or even a preliminary injunction would permit TargetSafety to

11  avoid having to reapply for accreditation, just as every other accredited entity must do.

12     Sixth, the Third Cause of Action also requests an injunction requiring CECBEMS to accredit

13  courses still under review for accreditation. This request asks this Court to become the accrediting

14  agency and destroys the professional discretion of CECBEMS in determining whether accreditation

15  should be granted. Courts may not exercise the professional judgment reserved to the accrediting

16  agencies. CECBEMS must be permitted to create and enforce its own rules and standards. An

17  injunction forcing CECBEMS to accredit pending applications prevents CECBEMS from improving

18  its standards and enforcing those standards. This erodes the accreditation process as a whole.

19     **A.    ABOUT CECBEMS**

20     CECBEMS is a not-for-profit corporation formed under the laws of the state of Missouri.

21  CECBEMS was chartered in 1992 by the following sponsoring organizations:

22     • American College of Emergency Physicians (ACEP),

23     • National Registry of Emergency Medical Technicians (NREMT),

24     • National Association of Emergency Medical Services Physicians (NAEMSP)

25     • National Association of State Emergency Medical Services Directors (NASEMSD),

26     • National Council of State Emergency Medical Services Training Coordinators

27  (NCSEMSTC),

28     • National Association of Emergency Medical Technicians (NAEMT)

1    The National Association of EMS Educators (NAEMSE) became a sponsoring organization

2  in 1998. The American College of Osteopathic Emergency Physicians became a sponsoring

3  organization in 2003.

4    The purpose of CECBEMS is:

5    • To promote, through continuing education activities, the acquisition of knowledge,

6  attitudes, and skills necessary to maintain competency as an emergency care provider, manager, or

7  educator;

8    • To promote availability and accessibility of continuing education activities that enhance

9  the professional development of emergency care providers, managers, or educators;

10    • To establish a standardized process for CECBEMS approval of continuing education

11  activities.

12    CECBEMS has developed an excellent reputation throughout the nation as an accrediting

13  agency due to its creation and enforcement of strict standards, rules and policies. As a result, many

14  states accept a student's submission of a course that is CECBEMS accredited.

15    CECBEMS does not provide any education courses. CECBEMS only reviews courses for

16  accreditation purposes.

17    CECBEMS accreditation in California is optional. No course is required to be CECBEMS

18  approved by the state of California. The state of California will and has provided TargetSafety its

19  own approval but would also accept CECBEMS accredited courses.

20    An entity desiring the optional CECBEMS accreditation must comply with CECBEMS' rules

21  and standards.

22    **B.    CECBEMS ACCREDITATION PROCESS**

23    All applications for CECBEMS accreditation are submitted to CECBEMS at its office based

24  in Texas.

25    The application undergoes an initial staff review to determine whether the application is

26  complete.

27    CECBEMS staff will then forward a completed application to a panel of three expert

28  reviewers. The panel is made up of a member of the CECBEMS board, a physician and a member of

1  one of the seven sponsoring organizations. Reviews are conducted under an established set of

2  reviewer guidelines. The criteria for approval are very strict. After the panel of three expert

3  reviewers has completed its review of several topics and is satisfied that the quality is acceptable, the

4  topics are assigned to a single reviewer. If the applicant disagrees with the decision of a single

5  reviewer or a panel of three reviewers, it may appeal to the Chair who distributes the application and

6  the appeal document to the Board of Directors as a whole for a vote.

7      If any of the three CECBEMS reviewers conclude that the application fails to meet the

8  approval requirements, the application may be forwarded to all voting members of CECBEMS for

9  review and final determination.

10      Courses with repeated offering are approved for three years (such as those offered by Target

11  Safety).

12      TargetSafety has submitted several applications for course accreditation to CECBEMS. The

13  specific course which gave rise to this issue was "Infectious Disease Control". A true and accurate

14  copy of the application is attached hereto as **Exhibit A**.

15      **C.    CECBEMS ACCREDITATION IS OPTIONAL**

16      TargetSafety made a choice when it applied for accreditation from CECBEMS. TargetSafety

17  chose to comply with the rules, standards and policies of CECBEMS. CECBEMS has made it clear

18  to TargetSafety that an entity may not maintain the optional CECBEMS accreditation and continue

19  to offer non-accredited courses under the same course name. This is simply misleading.

20      TargetSafety was not required to apply for CECBEMS accreditation. However, once doing

21  so, it must continuously adhere to those standards which CECBEMS, in its professional judgment,

22  deems necessary. Case law is clear that no court may replace its judgment for that of the

23  accreditation agency's expert opinion.

24  **II.    TARGETSAFETY'S APPLICATION AND MISLEADING MARKETING
         VIOLATED CECBEMS' WRITTEN POLICIES**

25

26      TargetSafety violated CECBEMS' written policy on providing misleading marketing

27  materials.

28      The application completed by TargetSafety for accreditation violates the terms of the

1  application, which states as follows:

2  ## SECTION IX – MARKETING MATERIALS

3  The purpose of this section is to verify that marketing materials for this
   program provide prospective participants with an accurate description
4  of this activity. Marketing materials should include an accurate
   description of the activity, <u>be free of any statements that are</u>
5  <u>misleading in any way</u>, give clear directions for accessing the activity,
   identify registration fees clearly and contain an accurate CECBEMS
6  approval statement as follows: *This continuing education activity is*
   *approved by the Continuing Education Coordinating Board for*
7  *Emergency Medical Services (CECBEMS)* or *Continuing Education*
   *Hours have been applied for through the Continuing Education*
8  *Coordinating Board for Emergency Medical Services (CECBEMS).*

9  Include as Attachment D a draft or final copy of all marketing
   materials—brochures, electronic marketing messages or displays, ads
10  in journals, etc. [emphasis added].

11  In or about April 2007, TargetSafety submitted an application to CECBEMS to have an

12  Infectious Disease Control course accredited by CECBEMS. In its application, TargetSafety

13  submitted a "Course Catalog" which states:

14  TargetSafety is in the process of developing <u>a comprehensive</u> EMS
   continuing education program... *** The following course catalog
15  [sic] currently in development. Courses will be rolled out over the next
   year as they are completed and approved by CECBEMS. New courses
16  will automatically be added your library [*sic*] upon CECBEMS
   approval. [emphasis added].

17

18  CECBEMS therefore believed that only one course catalog existed and that only

19  CECBEMS' accredited courses would be offered by TargetSafety. TargetSafety's Complaint now

20  references <u>two</u> catalogs. Paragraph 9 of the Complaint references a "Certified EMS Training

21  catalog" and paragraph 10 references a "full catalog of courses" which presumably includes non-

22  accredited courses.

23  TargetSafety was required to produce "all marketing materials" in its application and not

24  just some of them. TargetSafety clearly had two versions of its Course Catalog, and only one was

25  submitted to CECBEMS. Moreover, the TargetSafety brochure provided in Appendix D states that

26  "TargetSafety is in the process of developing <u>a comprehensive</u> EMS continuing education

27  program." (emphasis added). Nothing in that statement informs the reader that in fact,

28  TargetSafety was developing <u>two</u> continuing education programs, one being accredited and one not

1  being accredited.

2  In March 2008, an administrator of an emergency medical service in the state of California

3  questioned the validity of a course completion certificate which was given to her by TargetSafety.

4  She was a student of TargetSafety's Infectious Disease Control course. The course certificate did

5  not bear CECBEMS' statement of accreditation. She confirmed that TargetSafety was listed as an

6  accredited provider on CECBEMS' website. She was confused because she thought that she had

7  completed a CECBEMS approved course.

8  Executive Director Liz Sibley from CECBEMS questioned TargetSafety's staff on the

9  validity of this certificate. Ms. Sibley was informed that TargetSafety offers a non-CECBEMS

10  accredited version of the Infectious Disease Control Course under the same title. This practice is

11  not permitted by CECBEMS and already has proven misleading to students.

12  As an administrator/student (the same person) was actually mislead and as CECBEMS was

13  actually mislead, there is no question that TargetSafety's marketing materials were misleading, in

14  violation of the application's prohibition against misleading marketing materials.

15  TargetSafety also failed to include in Appendix D any reference to its website marketing

16  and violated the application's demands for disclosure. Thus, reviewers would not have looked to

17  TargetSafety's website for marketing material.

18  Even if a reviewer had realized that TargetSafety improperly failed to include its website in

19  its Attachment D of marketing materials, there is simply nothing on the website which provides any

20  clear indication that some courses with the exact same title are accredited and some are not.

21  A view of the TargetSafety website reveals the following statement (the website is located

22  at: http://www.targetsafety.com/newsite/who/ems.htm):

23  Emergency Medical Services

24  PreventionLink offers over 60 hours of online **EMS continuing
    education.** Our courses allow EMT-Basic, Intermediate, Paramedic,
25  ECA or First Responders to complete their continuing education
    requirements, when and where they have time in an engaging and
26  easy-to-use format.

27  TargetSafety is in the process of obtaining approval by the **Continuing
    Education Coordinating Board for Emergency Medical Services
28  (CECBEMS).** Please contact us for more information on our

1  CECBEMS-approved content. [emphasis in original].

2  If a viewer was to view courses at the "California page" on the TargetSafety website, it

3  would find no disclaimer that the California courses were not approved by CECBEMS. Thus, a

4  viewer would believe that the California courses are CECBEMS approved.

5  The application requests the reviewer to determine whether the materials contain a

6  "misleading" statement. In CECBEMS' expert opinion, the failure of TargetSafety to submit both

7  Course Catalogs is misleading. The website is also misleading, as it provides the impression that

8  all courses are CECBEMS' approved.

9  TargetSafety has recently represented to CECBEMS that it does not offer its CECBEMS

10  version of the courses in California, and thus there is no confusion. CECBEMS has recently

11  discovered that TargetSafety has represented to the Orange County Fire Authority that it does offer

12  CECBEMS accredited courses in California. Attached as **Exhibit B** to this document is a true and

13  accurate copy of a portion of a proposal to the Orange County Fire Authority.

14  On the second page of the document, at paragraph 6, TargetSafety represented to the

15  Orange County Fire Authority, in pertinent part:

16  **TargetSafety can provide up to 100% of all CE's for EMT's** –
    TargetSafety is one of two vendors in the state that can provide 100%

17  of the CE's online if necessary for EMT's and paramedics.
    TargetSafety is CECBEMS approved and CA State approved for EMS

18  CE's....

19  TargetSafety further represented in this application, under the heading "EMS Training –

20  California State (Instructor-led) and CECBEMS Approved" that "TargetSafety now offers

21  CECBEMS approved online EMS training."

22  TargetSafety has thus represented that in California it offers two versions of the same

23  course, being an accredited and non-accredited version. CECBEMS' concern that offering two

24  courses will create confusion is real.

25  **III.   TARGETSAFETY'S MISLEADING MARKETING MATERIALS AND WEBSITE
         MUST BE CURED**

26

27  The confusion caused by TargetSafety must be cured in order to preserve the integrity of the

28  accreditation process and the integrity of the CECBEMS accreditation. Although not required to do

1   so, many states rely on the integrity of CECBEMS as do thousands of emergency medical service

2   providers who use CECBEMS accredited courses for recertification.

3           CECBEMS believes that the website and TargetSafety's application gives the impression

4   that all TargetSafety courses are approved by CECBEMS, when in fact, they are not. Worse, the

5   use of the same name for an accredited and non-accredited course leads to confusion and could

6   ultimately lead to the denial of recertification for an emergency medical service provider.

7           Upon information and belief from TargetSafety's Complaint (paragraph 9) one third of their

8   courses do not meet CECBEMS' accreditation standards. Therefore, courses which appear to be

9   CECBEMS approved, such as all of those on the California website, simply do not meet

10  CECBEMS' high standards.  Indeed TargetSafety admits that the approved and non-approved

11  versions use "a different testing methodology and different test questions than the CECBEMS

12  approved version of the course" (Complaint at paragraph 11).

13          CECBEMS, in its capacity as a professional in the emergency medical service accreditation

14  field, has deemed TargetSafety's practice as completely improper and dangerous.  It is not

15  permitted by CECBEMS and poses a significant threat to the students completing TargetSafety's

16  courses.  Students may be and have already been mislead into believing that they are taking a

17  CECBEMS accredited course instead of completing a non-CECBEMS accredited course under the

18  same title.

19          Clearly, the EMS administrator thought that the TargetSafety courses in California were all

20  approved by CECBEMS and therefore believed that the certificate submitted to her was fraudulent,

21  as it lacked the CECBEMS required statements.

22          CECBEMS' reputation as an accrediting agency would be greatly diminished if it continued

23  to permit the improper use of CECBEMS' accreditation on a website or marketing materials which

24  mislead students to think that all courses are approved by CECBEMS when such courses do not

25  meet the accreditation standards.

26          CECBEMS' demand that TargetSafety take curative action regarding its marketing

27  materials and website is reasonable and necessary to uphold the sanctity of accreditation.  Again,

28  however, only a demand has been made and no revocation has been approved.

## IV.    THE REQUEST FOR AN INJUNCTION IS PREMATURE

The Board of Directors of CECBEMS is vested with the authority to decide whether or not to revoke accreditation. As of this date, the Board has neither been presented with nor approved a resolution to revoke or rescind the accreditation of TargetSafety or any individual course offered by TargetSafety. The issue therefore, is not ripe for review.

The Complaint correctly alleges that all CECBEMS has done to date was "threatening to revoke its accreditation" (Complaint, paragraph 15). A threat is not sufficient to warrant this Court's interference at this time, as there has not even been a vote of the Board of Directors.

TargetSafety's April 25, 2008 letter to CECBEMS made it clear that TargetSafety was "certainly not aware of any such vote" of the CECBEMS Board of Directors. Indeed, CECBEMS never indicated to TargetSafety that a decision had already been made to revoke but simply that if TargetSafety did not "come into compliance within 60 days" the accreditation would be withdrawn. As recognized by TargetSafety, revocation would and still does require a vote of the Board of Directors.

CECBEMS "Appeal Process" (Exhibit 3 to Plaintiff's Verified Complaint), though misleading in name, had been initiated by CECBEMS. Step one requires CECBEMS to provide notification of a complaint to Target Safety. Step two requires a response by TargetSafety to CECBEMS.

TargetSafety's action came before the initiation of step 3, which had not yet been initiated by CECBEMS. Step three requires CECBEMS, "within 30 days from the mailing date of the noncompliance notice if no response is received from the contact person of the sponsoring organization, the CECBEMS Chairperson shall notify the contact person of the sponsoring organization in writing, by certified mail, of one of the following:"

CECBEMS' Board of Directors had not yet voted on any of the four options ("a" through "d") contained in section 3 or had the chance to notify TargetSafety of such decision.

Paragraph 3(d) of the policy requires that if CECBEMS chooses, as one of the four options, to revoke the accreditation of TargetSafety, that CECBEMS shall notify TargetSafety of the "Decision to revoke the accreditation, including the effective date of the revocation, which may not

1  be less than 60 days from the date of the letter of decision from the CECBEMS Chairperson".

2  TargetSafety would have at least sixty days therefore, to initiate a court appeal of any

3  decision of CECBEMS.

4  The request for a preliminary injunction and/or temporary restraining order is simply

5  premature and not yet ripe. Simply receiving a complaint from CECBEMS with demands to cure

6  does not rise to the level of harm required for court review.

7  Federal courts may only review whether decisions of accrediting institutions were "arbitrary

8  and unreasonable" and whether they were supported by substantial evidence. There is no

9  jurisdiction to review decisions that have not yet been made, and which in fact may never be made.

10  The federal courts must give "great deference" to the determinations of accrediting

11  agencies, as "[t]he standards of accreditation are not guides for the layman but for professionals in

12  the field of education" *Wilfred Academy of Hair and Beauty Culture, Houston, Tex. V. Southern*

13  *Ass'n of Colleges and Schools,* 957 F.2d 210 (5th Cir. 1992) *citing Parsons College v. North Cent.*

14  *Ass'n of College and Secondary Sch.,* 271 F.Supp 65, 73 (N.D.Ill 1967).

15  This Court may not preempt or predetermine any future decision of the CECBEMS Board

16  of Directors.

17  Nor should the Court be asked to speculate as to the reasonableness of the decision to

18  revoke or not to revoke, as the Court cannot yet weigh the Board's reasons for such revocation or

19  the factual basis of any such potential decision. Such would be tantamount to providing an

20  advisory opinion.

21  **V.    TARGETSAFETY HAS FAILED TO EXHAUST ITS ADMINISTRATIVE**
   **REMEDIES**

22

23  Should TargetSafety's accreditation be revoked by vote of the Board of Directors, the

24  "Appeal Process" policy requires that the decision not become effective for at least sixty days after

25  TargetSafety is notified. The policy is designed to provide time for a court appeal of CECBEMS'

26  decision.

27  TargetSafety has not, therefore, exhausted its administrative remedies with regard to this

28  matter and the matter is simply not ripe for judicial review.

**VI.    TARGETSAFETY'S ALLEGED HARM IS NOT IRREPARABLE AS MONETARY RELIEF IS AVAILABLE**

The Ninth Circuit has held that where monetary relief is available to a Plaintiff, the harm alleged to be suffered is generally not irreparable. Here, if and when CECBEMS revokes the accreditation of a course offered by TargetSafety, and if such revocation were found to be impermissible, then TargetSafety could be made whole through the recompense of monetary damages.

TargetSafety alleges that it would lose the ability to offer courses in certain states without CECBEMS accreditation. TargetSafety would be able to demonstrate the number of course completions in these states which would be lost without CECBEMS accreditation.

As monetary relief is both calculable and could be available, the harm is not irreparable. Indeed, TargetSafety has requested compensatory damages in its Complaint.

Injunctive relief is not appropriate.

**VII.    TARGETSAFETY WILL NOT SUFFER IRREPARABLE HARM IF ACCREDITATION IS REVOKED**

TargetSafety's Complaint (paragraph 15) alleges that the loss of CECBEMS accreditation would prevent TargetSafety from offering courses in possibly one unidentified geographic area. The complaint is too vague to determine whether the area is a town, village, city, state or territory. Unquestionably, it is not in California.

The complaint (paragraph 15) alleges that "TargetSafety is informed and believes that at least one medical director has told TargetSafety that he will not permit TargetSafety to offer courses unless the courses are CECBEMS accredited".

TargetSafety does not identify the person that spoke with that unidentified medical director, the medical director itself, or the geographic area in which the medical director oversees.

TargetSafety has not alleged that it has any customers willing to take its courses in that unnamed medical director's unspecified geographic area.

This vague, double hearsay is not a sufficient or admissible basis upon which to grant injunctive relief against CECBEMS. Nor does this unverified claim give rise to harm sufficient for

1 the Court to determine that the loss of CECBEMS accreditation would cause irreparable harm to

2 TargetSafety.

3     TargetSafety also has failed to submit any evidence in admissible form that revocation of

4 CECBEMS accreditation would result in the loss of its ability to offer those courses in any state.

5 Indeed, TargetSafety has not even alleged that any state would withdraw TargetSafety's ability to

6 offer a course in any state if it were to lose CECBEMS accreditation.

7     TargetSafety has failed to identify which states accept <u>only</u> CECBEMS accreditation and

8 has failed to further identify its revenue in such states and the potential loss of revenue in those

9 states.

10     TargetSafety claims that "In 16 states, CECBEMS... has been granted the sole authority to

11 accredit on line courses for the state-mandated continuing education requirements of emergency

12 medical care professionals." (TargetSafety's Memorandum of Law, p. 1). TargetSafety fails to

13 identify any specific state.

14 **VIII.  THE "WHEREFORE" CLAUSE SEEKS RELIEF WHICH IS OVERBROAD,**
    **UNREASONABLE AND UNNECESSARY**

15

16     TargetSafety's request for injunctive relief is simply too broad.

17     TargetSafety, in Paragraph 3 of the Wherefore clause to the Complaint requests:

18         a temporary restraining order, preliminary injunction and permanent
        injunction (a) restraining CECBEMS and any persons, or entities
19         working in concert with them, from revoking Plaintiff's accreditation,
        and (b) requiring CECBEMS to follow its own appellate process in a
20         manner consistent with the law

21     This injunctive relief must be denied pursuant to federal common law.  It is axiomatic that

22 no court may interfere with the reasonable professional judgment of either an accrediting agency or

23 a not for profit corporation.

24     If granted, part (a) of this relief would prohibit CECBEMS from ever enforcing its rules,

25 policies and standards which were implemented to keep the accreditation process trustworthy and

26 credible.  TargetSafety would be given a license to violate any rule, policy or standard of

27 CECBEMS and CECBEMS could not revoke as a result of the injunction.

28     TargetSafety's CECBEMS' accreditation would also become permanent, a benefit not held

1  by any CECBEMS accredited agency. TargetSafety's accreditation for each course must be

2  renewed after a three (3) year period. Injunctive relief would effectively force CECBEMS to renew

3  accreditation of each of TargetSafety's courses, even if the course material had become outdated,

4  inaccurate or otherwise failed to meet the accreditation standards in place at the time of the

5  renewal.

6       It is important to state that TargetSafety has refused to submit to an audit as demanded by

7  CECBEMS and as required of TargetSafety by the terms of the application for accreditation at

8  Appendix XV, paragraph 4(c), as also required Appendix "Instructions for Submission" (see note

9  following paragraph 7), and as also required at Appendix Section VIII "Maintenance of Records"

10 (see note: "This information must be provided for audit purposes at CECBEMS request").

11      Broad injunctive relief will permit TargetSafety to continue to violate the standards of

12 accreditation by refusing to comply with CECBEMS' demands for information.

13 **IX.   THE THIRD CAUSE OF ACTION SEEKS RELIEF WHICH IS OVERBROAD,
         UNREASONABLE AND UNNECESSARY**

14      TargetSafety's Third Cause of Action seeks an order granting three injunctions:

15

16          compelling CECBEMS to specifically perform the parties agreement
            and to continue to provide TargetSafety with CECBEMS accreditation
            with respect to those courses that have already been accredited by

17          CECBEMS and to provide TargetSafety with CECBEMS accreditation
            with respect to courses that are already under application with

18          CECBEMS or courses which TargetSafety will submit to CECBEMS
            for accreditation so long as the content of those courses meets with

19          CECBEMS accreditation process. [Complaint paragraph 29].

20      As stated above, an injunction granting a permanent accreditation status would permit

21 TargetSafety to refuse to comply with any former or new accreditation standards, rules or

22 requirements. This request is simply unreasonable. All accredited agencies must be subject to the

23 standards, rules and requirements of CECBEMS.

24      With regard to an injunction requiring CECBEMS to accredit all pending courses and

25 courses submitted in the future, this request asks the Court to stand in the shoes of the accrediting

26 agency and take away any professional judgment of CECBEMS. This very request would

27 jeopardize the sanctity of the accreditation process.

28      Further, accreditation requires more than simply the content of the courses meeting the

1  CECBEMS accreditation process. Accreditation requires initial and continuous compliance with

2  all standards, rules and requirements of CECBEMS.

3      Accredited agencies are also required to submit to audits by CECBEMS. TargetSafety has

4  already failed to do so and injunctive relief would permit further violations by TargetSafety.

5  **X.   THE FOURTH CAUSE OF ACTION SEEKS RELIEF WHICH IS OVERBROAD, UNREASONABLE AND UNNECESSARY**

6

7      TargetSafety's Fourth Cause of Action seeks an injunction requiring CECBEMS to follow

8  its own "appeals" process. CECBEMS was in the midst of such process and had not yet had a

9  chance to vote on anything before this action was filed. Such an injunction is unnecessary, as

10 CECBEMS is still in the midst of the "appeals" process.

11     If the CECBEMS Board of Directors does vote to revoke CECBEMS accreditation for the

12 Infectious Disease Course, revocation will not be effectuated until the "appeals" process is

13 completed. Court review of CECBEMS' compliance with its procedures would then be ripe for

14 judicial review, and the revocation would be stayed pursuant to CECBEMS' policy for sixty days.

15 **XI.   CECBEMS HAS CAUSE TO REVOKE, SHOULD IT VOTE TO DO SO**

16     Section XV of the application for accreditation ("Assurances and Certifications") for the

17 Infectious Disease Control course (and all courses) required TargetSafety to agree that the

18 accredited courses "will be offered in compliance with each of the following requirements",

19 including the "Policy for the Denial, Suspension, or Revocation of CECBEMS Accreditation."

20     Paragraph 4 of Section XV provides that "The activity sponsor understands that revocation

21 of approval may result if the application fails to comply with CECBEMS policies and procedures".

22 Although the list is not exhaustive by its terms, paragraph 4(c) provides as a reason for revocation

23 "Failure to provide CECBEMS with information necessary for CECBEMS to perform a random

24 audit".

25     Additionally, the "Instructions for Submission" (see note following paragraph 7), and the

26 Appendix at Section VIII "Maintenance of Records" (see note: "This information must be provided

27 for audit purposes at CECBEMS request") also require submissions to audits.

28     An audit of records was requested by CECBEMS in its May 14, 2008 letter to TargetSafety

1    requesting "course completions for all students completing any version of the CECBEMS'

2    accredited titles to the CECBEMS' database". The May 14, 2008 letter also demands an audit of

3    other items, such as "a list of all states in which TargetSafety is offering the non-CECBEMS

4    accredited version of any course titles".

5         This independent cause for revocation arose after the initial issue appeared and was

6    addressed in the April 11, 2008 letter from CECBEMS to TargetSafety.

7         The reasons for revocation might also reasonably include the misrepresentation in

8    TargetSafety's application. The Appendix to the CECBEMS application under Section IX

9    (Marketing Materials) states, in pertinent part:

10           The purpose of this section is to verify that marketing materials for this
             program provide prospective participants with an accurate description

11           of this activity.   Marketing materials should include an accurate
             description of the activity, be free of any statements that are

12           misleading in any way....[emphasis added]

13        TargetSafety provided a "Course Catalog" in its application addressing Section IX of the

14   Appendix.

15        The advertisement states "The following course catalog currently in development.  Courses

16   will be rolled out over the next year as they are completed and approved by CECBEMS.  New

17   courses will automatically be added [to] your library upon CECBEMS approval."

18        Such statement provided CECBEMS with the clear impression that all courses provided by

19   TargetSafety under one title will be approved by CECBEMS.

20        The course catalog was represented as the complete catalog. Nothing in the course catalog

21   suggested to any CECBEMS reviewer that there were any other courses offered, including a

22   California version of a course under the same name which was not CECBEMS accredited.

23        The course catalog represents a material misrepresentation that would justify revocation by

24   the Board of Directors. At the very least, the misleading information must be corrected by

25   TargetSafety, which to date it has refused to do.

26        CECBEMS would never have granted accreditation to TargetSafety had it been made aware

27   that TargetSafety would offer non-accredited versions of an accredited course under the same name

28   and without any disclaimers that non-accredited versions are offered.

1    An additional reason for revoking accreditation could include TargetSafety's misleading

2 website, which gives a viewer the impression that all courses are CECBEMS accredited and makes

3 no disclaimer that courses in certain states such as California are not CECBEMS approved.

4    TargetSafety mistakenly asserts that the only reasons for revocation of accreditation is for

5 "any evidence of fraud, deception or impropriety". Although the "Policy for the Denial,

6 Suspension, or Revocation of CECBEMS Accreditation" provides CECBEMS with an additional

7 reason for revocation, the policy is not the only basis for revocation. Indeed, as stated above, the

8 failure to submit to an audit is also a cause for revocation.

9    Of course, the CECBEMS Board of Directors could interpret the terms "deception or

10 impropriety" to include the misleading advertising.

11 **XII.   TARGETSAFETY FAILED TO MAKE ANY EFFORTS TO RESOLVE THE**
**MATTER PRIOR TO JUNE 11, 2008**

12

13    The supposed urgency of this application was created entirely by TargetSafety.

14 TargetSafety was provided sixty (60) days to come into compliance with CECBEMS' demands.

15 CECBEMS' demands were intended to protect the integrity of the accreditation process by

16 prohibiting offering an accredited and non-accredited version of the same course under the same

17 title.

18    Instead of taking any actions to indicate to CECBEMS that TargetSafety intended to correct

19 the problems, TargetSafety engaged in a war of words. TargetSafety wholly failed to respond to

20 demands for information (i.e., audit), failed to submit even a plan of correction and failed to make

21 any changes as required by CECBEMS. Instead, TargetSafety rushed to court to attempt to obtain

22 by improper judicial fiat what was unavailable to them by compliance with the standards of

23 accreditation.

24    TargetSafety could have simply responded to CECBEMS' requests for information or

25 simply submitted a plan of correction to prevent a vote from being taken by the Board of Directors.

26 TargetSafety violated its agreement with CECBEMS by not submitting the audit results. This

27 alone is cause for revocation as specifically stated in the application for accreditation, Section

28 Appendix XV, paragraph 4(c), as also required Appendix "Instructions for Submission" (see note

1  following paragraph 7), and as also required at Appendix Section VIII "Maintenance of Records"

2  (see note: "This information must be provided for audit purposes at CECBEMS request").

3      Respondent respectfully requests that the Court deny TargetSafety's request for temporary,

4  preliminary and permanent injunctive relief.

5  Dated: August 8, 2008             **DUANE MORRIS LLP**

6

7              By:    s/Keith Zakarin
                      Keith Zakarin

8                        Attorneys for Defendant
                      Continuing Education Coordinating Board For
                      Emergency Medical Services

9                        E-mail: kzakarin@duanemorris.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DM1\1375273.1
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR PRELIMINARY
INJUNCTION                     CASE NO.: 08-CV-0994-JLS-JMA

1
2

DECLARATION OF SERVICE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

3    Case Name:   *Targetsafety.com, Inc. v. CECBEMS, Inc.*
     Case No.:    08-CV-0994 JLS (JMA)
4

5         I am a resident of the state of California, I am over the age of 18 years, and I am not a party
     to this lawsuit.  My business address is 101 West Broadway, Suite 900, San Diego, California
6    92101.  On the date listed below, I served the document(s) entitled:

7    **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
     MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY
8    RESTRAINING ORDER**

9
     ☑    via electronic service to the attorneys of record on file with the U.S. District Court for this
10        case, as follows:

11
     Frank L. Tobin, Esq.                          Attorneys for Plaintiff
12   Mathieu G. Blackston
     Procopio, Cory, Hargreaves & Savitch LLP
13   530 B Street, Suite 2100
     San Diego, CA  92101
14   Phone: 619-238-1900
     Fax:  619-235-0398
15

16        I declare under penalty of perjury under the laws of the State of California that the above is

17   true and correct.

18        Executed August 8, 2008, at San Diego, California.

19

20

21                                        Diane M. Koski
                                          ─────────────────
22                                        Diane M. Koski

23

24

25

26

27

28