1  Keith Zakarin (SBN 126528)
   **DUANE MORRIS LLP**
2  101 West Broadway, Suite 900
   San Diego, CA 92101
3  Telephone: 619.744.2200
   Facsimile: 619.744.2201
4  E-Mail:   kzakarin@duanemorris.com

5  Bradley M. Pinsky (proposed pro hac vice)
   SCICCHITANO & PINSKY, PLLC
6  5789 Widewaters Parkway
   Syracuse, New York  13214
7  Telephone:  315.428.8344
   Facsimile:  315.475.8230

8
   Attorneys for Defendant
9  Continuing Education Coordinating Board For
   Emergency Medical Services

10

11              IN THE UNITED STATES DISTRICT COURT

12         FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

14  TARGETSAFETY.COM, INC., a California      )   Case No.: 08-CV-0994-JLS-JMA
    corporation,                              )
15                                            )   **MEMORANDUM OF POINTS AND**
                                              )   **AUTHORITIES IN SUPPORT OF**
16               Plaintiff,                   )   **DEFENDANT'S MOTION TO**
                                              )   **DISMISS ACTION FOR LACK OF**
17        v.                                  )   **GENERAL OR SPECIFIC**
                                              )   **JURISDICTION, TO DISMISS**
18  CONTINUING EDUCATION COORDINATING         )   **SECOND CAUSE OF ACTION AND**
    BOARD FOR EMERGENCY MEDICAL               )   **TO CHANGE VENUE**
19  SERVICES, INC., a Missouri non-profit corporation )
    and DOES 1-10,                            )
20                                            )   Date:  October 16, 2008
                 Defendants.                  )   Time:  1:30 p.m.
21                                            )   Dept:  6
                                              )   Judge: Janis L. Sammartino
22  _____ )   Complaint Filed:  June 4, 2008

23

24

25

26

27

28

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ........................................................................................... ii

II.   STATEMENT OF FACTS ............................................................................ 1

    A.   TargetSafety has not Alleged Sufficient Minimum Contacts with the Forum State, California ...................................................................... 1

    B.   CECBEMS has Virtually no Contacts with the Forum State, California ............... 1

    C.   CECBEMS' Board of Directors has not Taken Action to Revoke Accreditation of any TargetSafety Course ............................................. 4

    D.   CECBEMS' Actions and any Events Relevant to this Action Took Place in Texas, not California ................................................................ 5

III.  ARGUMENT ................................................................................................. 6

    A.   Standard for Determining Existence of Subject Matter Jurisdiction in a Diversity Proceeding in California ...................................................... 6

        a.   The Relevant State Statute Potentially Conferring Personal Jurisdiction Over Defendants is Cal. Code Civ. Pro. §410.10 ................................. 6

        b.   Defendant must have sufficient minimum contacts with California ........... 7

        c.   General jurisdiction requires "substantial" or "continuous and systematic" contact with the forum state ....................................................... 7

        d.   Specific jurisdiction requires analysis of the relation between the contacts and the cause of action ............................................................ 8

            i.   Defendant did not purposely avail itself of the privilege of conducting activities in California ................................................. 8

            ii.   The claims have not arisen out of Defendant's contacts with the forum state .......................................................... 9

            iii.  A California district court cannot reasonably exercise jurisdiction over Defendant ........................................... 10

        e.   Without General or Specific Jurisdiction Over Defendant, this Court must Dismiss for Lack of Jurisdiction ...................................................... 11

    B.   Alternatively, Venue is Not Proper in California and this Action Should be Transferred to Texas ...................................................................... 12

    C.   Alternatively, Plaintiff's Second Cause of Action for Breach of Contract must be Dismissed ........................................................................... 13

IV.   CONCLUSION ............................................................................................. 14

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
CASE NO.: 08-CV-0994-JLS-JMA

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Amba Marketing Systems, Inc. v. Jobar International, Inc.*
  551 F.2d 784 (9th Cir. 1977) ........................................................................ 6

*Arrowsmith v. United Press International*
  320 F.2d 219 (2d Cir. 1963)(en banc) ........................................................ 6

*Burger King Corp. v. Rudzewicz*
  471 U.S. 462 (1985) ...................................................................................... 9

*Chicago School of Automatic Transmissions, Inc. v. Accreditation Alliance of Career Schools
  and Colleges*
  44 F.3d 447 (7th Cir. 1994) .................................................................. 13-14

*Data Disc, Inc. v. Systems Tech. Assocs., Inc.*
  557 F.2d 1280 (9th Cir. 1977) ................................................................. 6-7

*Foundation for Interior Design Educ. Research v. Savannah College of Art & Design*
  244 F.3d 521 (6th Cir. 2001) ..................................................................... 13

*Helicopteros Nacionales de Columbia, S.A. v. Hall*
  466 U.S. 408 (1984) ...................................................................................... 7

*Insurance Co. of N. Am. v. Marina Salina Cruz*
  649 F.2d 1266 (9th Cir. 1981) ................................................................... 11

*International Shoe Co. v. Washington*
  326 U.S. 310 (1945) ................................................................................... 6-7

*Kearns v. Tempe Technical Institute, Inc.*
  39 F.3d 922 (9th Cir. 1994) ....................................................................... 14

*O'Melveny & Myers v. FDIC*
  512 U.S. 79, 114 S.Ct. 2048, 129 L.Ed.2d 67 (1994) ............................... 13

*Perkins v. Benguet Consolidated Mining Co.*
  332 U.S. 437 (1952) ...................................................................................... 7

*Product Promotions, Inc. v. Cousteau*
  495 F.2d 483 (5th Cir. 1974) ........................................................................ 6

*Shute v. Carnival Cruise Lines*
  897 F.2d 377 (9th Cir. 1990), *rev'd on other grounds*, 499 U.S. 585 (1991) ................ 8-9

ii

*Terracom v. Valley National Bank*
  49 F.3d 555 (9th Cir. 1995) ...................................................................6, 8-11

*Thomas M. Cooley Law School v. American Bar Ass'n*
  376 F. Supp2d 758 (6th Cir. 2006) ...........................................................13

*United States v. Kimbell Foods, Inc.*
  440 U.S. 715, 99 S.Ct. 1448, 59 L.Ed.2d 711 (1979) ...............................13

*Wells Fargo & Co. v. Wells Fargo Express Co.*
  556 F.2d 413 (9th Cir. 1977) .......................................................................7

*Whittier College v. American Bar Ass'n*
  2007 WL 1624100 (C.D. Cal. 2007) ...........................................................14

*World-Wide Volkswagen Corp. v. Woodson*
  444 U.S. 286 (1990) .....................................................................................9


**Federal Statutes**

5 U.S.C. § 706(2)(A), (D)..............................................................................13

28 U.S.C. § 1332 ............................................................................................1

28 U.S.C. § 1391(a)(2) ..............................................................................1, 12


**State Statutes**

Cal. Code Civ. Pro. §410.10.........................................................................6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# I. INTRODUCTION

Plaintiff, TargetSafety.com, Inc., a for-profit corporation (hereinafter "TargetSafety" or "Plaintiff") has commenced an action against Defendants, Continuing Education Coordinating Board for Emergency Medical Services, Inc., a not-for-profit corporation (hereinafter "CECBEMS") and Does 1-10 (hereinafter "Other Defendants"), seeking declaratory relief, breach of contract, specific performance, and injunctive relief.  Plaintiff provides continuing medical education (hereinafter "CME") to providers of emergency medical services (hereinafter "EMS").  Defendant provides accreditation of CME courses.  Plaintiff's sole alleged basis for the Court's jurisdiction over this action is predicated complete diversity of the parties under 28 U.S.C. § 1332 and requisite minimum contacts with the forum state.  Plaintiff's sole alleged basis for venue resting in the Southern District of California in this action is 28 U.S.C. § 1391(a)(2), as Plaintiff claims a substantial part of the events giving rise to the complaint took place in the Southern District of California.

Defendant, CECBEMS, moves to dismiss the action on the following bases, that: 1) the Court does not have jurisdiction over the CECBEMS because CECBEMS does not have the necessary minimum contacts with the forum state; 2) the Southern District of California is not the proper venue for this action because any actions by CECBEMS relevant to the claims made in this action have taken place in Texas; and 3) that Plaintiff fails to state a cause of action with respect to its breach of contract claim.

# II. STATEMENT OF FACTS

**A.    TargetSafety has not Alleged Sufficient Minimum Contacts with the Forum State, California**

TargetSafety, Inc. has not alleged any contacts between the forum state, California, and CECBEMS, except for two letters mailed from CECBEMS' executive Director to the offices of TargetSafety in California.  Plaintiff's pleadings contain no other allegations of contacts between Defendant and the forum state.

**B.    CECBEMS has Virtually No Contacts with the Forum State, California**

CCEBEMS has virtually no contacts with the State of California, or any portion

1  thereof.[1]  The Corporation is a Missouri Corporation.  CECBEMS has only one office; it is located

2  in Texas.  CECBEMS does not have an office in California.[2]

3  CECBEMS provides accreditation of Continuing Medical Education (hereinafter

4  "CME") courses.  CECBEMS provides a nationally recognized, but not a nationally required,

5  accreditation of such courses to any CME provider who wishes to apply to CECBEMS for

6  accreditation, provided that the courses applied for meet the standards which CECBEMS has set for

7  the accreditation of the courses.[3]

8  CECBEMS does not solicit any business in California.  CECBEMS does not have any

9  sales force operating in California.  CECBEMS is not licensed to do business in California.[4]

10  CECBEMS does not directly advertise to California businesses, any providers of accredited CME in

11  California, or EMS providers in California.  CECBEMS does not mail any marketing materials into

12  California.  CECBEMS does not take out any advertisements in California magazines.[5]  CECBEMS

13  does not have a phone number in California.[6]  CECBEMS does not have an alternate address in

14  California for the purpose of receiving mail.[7] The Board of Directors occasionally uses

15  teleconferences to meet, due to the residences of the directors.  The Board of Directors will also

16  occasionally meet during national conferences if many of the directors will be present.  On three

17  occasions, once in 2000, once in 2005 and once in 2007, such meetings fortuitously occurred during

18  national conferences in California.  Neither TargetSafety nor any other California business was

19  discussed at these board meetings.[8]

20  CECBEMS does not have a bank account located in any bank in California.  All of

21  CECBEMS' banking is conducted in a banking institution in Dallas, Texas.[9]

22  As a practical matter, every state is in charge of setting up its own certification and

23  recertification process for EMS providers, such as Emergency Medical Technicians and

---

24  [1] Declaration of Liz Sibley in Support ("Decl. L. Sibley in Support"), ¶16.
25  [2] Decl. L. Sibley in Support ¶¶2, 17.
   [3] Decl. L. Sibley in Support ¶7.
26  [4] Decl. L. Sibley in Support ¶21.
   [5] Decl. L. Sibley in Support ¶22.
27  [6] Decl. L. Sibley in Support ¶18.
   [7] Decl. L. Sibley in Support ¶19.
28  [8] Decl. L. Sibley in Support ¶¶4, 5.
   [9] Decl. L. Sibley in Support ¶20.

DM1\1375568.1

2

1  Paramedics.[10]  CECBEMS does not submit requests to any state to accept CECBEMS accreditation

2  as part of that state's processes.  CECBEMS does not have any exclusive or contractual relationships

3  with any states, including California, which require accepting only CECBEMS accreditation.

4  California does not require CECBEMS accreditation.[11]

5           CECBEMS has no contracts or any other agreements with any states, including

6  California, requiring the acceptance of courses accredited by CECBEMS.[12]  Certain states may have

7  taken actions or made decisions to either accept or require CECBEMS accredited courses, but those

8  state actions or decisions were not required by CECBEMS and CECBEMS has never requested that

9  any state require CECBEMS accreditation.  CECBEMS did not participate in those actions or

10 decisions.  CECBEMS has no control over the decision making of state EMS administrators.[13]

11          CECBEMS maintains a website which is housed on a computer server located in

12 California.  The website provides information and reference materials to viewers, including an

13 application for accreditation.[14]  The website is not interactive in nature:  an application cannot be

14 filled out and submitted on the website.  Fees for the accreditation application cannot be paid using

15 the website.  Quarterly course completion fees cannot be paid using the website.[15]

16          In order to apply for accreditation of a CME course the provider must download and

17 physically print out the accreditation application.  The CME provider must then fill out the

18 application, provide all necessary materials, sign an Attesting Statement and an Assurances and

19 Certifications statement.[16]  Defendant, CECBEMS is not involved in a provider's completion of the

20 application, the creation of the attachments, or the submission of the materials.[17]

21          The CME provider must mail the completed application and all attachments to the

22 CECBEMS office in Texas.  Alternatively, the application and all attachments could be submitted

23 electronically via email transmission.  There are no circumstances under which an application can be

---

[10] Decl. L. Sibley in Support ¶9.
[11] Decl. L. Sibley in Support ¶10.
[12] Decl. L. Sibley in Support ¶11.
[13] Decl. L. Sibley in Support ¶12.
[14] Decl. L. Sibley in Support ¶25.
[15] Decl. L. Sibley in Support ¶26.
[16] Decl. L. Sibley in Support ¶13.
[17] Decl. L. Sibley in Support ¶14.

1  filed, or has ever been filed in California.[18]

2  　　　CECBEMS personnel recently attended a conference, held in California, for state

3  administrators.  CECBEMS did have a booth at the conference.  The purpose behind CECBEMS'

4  attendance at the conference was to provide awareness to any state administrator about CECBEMS

5  accreditation.  The conference did not lead to, and was not intended to lead to, any business in

6  California, as CECBEMS does not enter into contracts or other business arrangements with any state

7  or EMS agency officials.[19]  CECBEMS does not directly solicit business from any states or any state

8  administrators, including California, and did not do so during the conference.[20]

9  　　　CECBEMS website currently lists seventy-eight (78) individuals that are reviewers of

10  accreditation applications.  Of the seventy-eight, only three (3) reside in California; none reside in

11  the Southern District of California.  No applicant for accreditation may have any direct contact with

12  a reviewer and TargetSafety had no contact with any application reviewer in California.[21]

13  **C.**　**CECBEMS' Board of Directors has not Taken Action to Revoke Accreditation**

14  　　**of any TargetSafety Course**

15  　　　CECBEMS officers and directors live in various states.  The Chairperson of the

16  Board lives in California.[22]  The other directors and alternate directors reside in Illinois, Maryland,

17  Nevada, New York, North Carolina, Ohio, Pennsylvania, and South Carolina.[23]

18  　　　The Chairperson does not make any unilateral decisions for the Board or the

19  Corporation.[24]  Any decision to revoke accreditation must be made by a majority of the CECBEMS

20  Board of Directors.  There has not yet been a majority vote of the members of the CECBEMS Board

21  of Directors to revoke any accreditation of any TargetSafety CME course or even a resolution put to

22  the Board.[25]

23

24

25  [18] Decl. L. Sibley in Support ¶15.
   [19] Decl. L. Sibley in Support ¶23.
26  [20] Decl. L. Sibley in Support ¶24.
   [21] Decl. L. Sibley in Support ¶27.
27  [22] Decl. L. Sibley in Support ¶3.
   [23] Decl. L. Sibley in Support ¶4.
28  [24] Decl. L. Sibley in Support ¶6.
   [25] Decl. L. Sibley in Support ¶8.

**D.    CECBEMS' Actions and any Events Relevant to this Action Took Place in Texas, not California**

In March 2008, an administrator of an emergency medical service in the state of California questioned the validity of a course completion certificate which was given to her by TargetSafety, because she was a student of TargetSafety's Infectious Disease Control course. The certificate did not bear CECBEMS' statement of accreditation. She confirmed that TargetSafety was listed as an accredited provider on CECBEMS' website and was confused because she thought that she had completed a CECBEMS approved course.[26] The EMS administrator was aware that TargetSafety was identified as offering CECBEMS accredited courses.[27] The certificate provided to the student by TargetSafety did not contain a CECBEMS accreditation statement as the course was an identically named, yet only state approved version of a CECBEMS accredited course.[28] To the extent any of these above listed events occurred in California, they were unilateral actions by TargetSafety or an EMS administrator in California and not an action by CECBEMS.

Executive Director Sibley, while in Texas, searched CECBEMS records to determine if the student had been reported as having completed a CECBEMS accredited course. She found no references to the student in the CECBEMS records, which are maintained in Texas.[29] Executive Director Sibley, while in Texas, then contacted TargetSafety in California seeking confirmation that the student had taken a CECBEMS accredited course. TargetSafety informed her that the student had not been reported to CECBEMS, as the student took a different course of the same name.[30]

After having discussions with members of the CECBEMS Board of Directors, Executive Director Sibley notified TargetSafety that corrective action had to be taken to correct the confusion that was being caused by offering two different courses under identical names.[31] Ms. Sibley's conversations with directors occurred at the CECBEMS Spring Board meeting in Phoenix, Arizona. Her decision to threaten action, if corrective actions were not taken by TargetSafety,

---

[26] Decl. L. Sibley in Support ¶30.
[27] Decl. L. Sibley in Support ¶31.
[28] Decl. L. Sibley in Support ¶32.
[29] Decl. L. Sibley in Support ¶33.
[30] Decl. L. Sibley in Support ¶34.
[31] Decl. L. Sibley in Support ¶35.

1  occurred in Texas.[32]  She drafted her letters to Plaintiff in Texas.  She mailed her letters from

2  Texas.[33]  It is simply not relevant for the issue of jurisdiction that the letters had to be mailed to an

3  address in California to reach Plaintiff.

## III. ARGUMENT

A.   **Standard for Determining Existence of Subject Matter Jurisdiction in a Diversity Proceeding in California**

Subject Matter jurisdiction, based on diversity of citizenship, requires: 1) diversity of citizenship; 2) a "state rule or statute [that] potentially confers personal jurisdiction over the defendant"; and, 3) an evaluation that such jurisdiction over the defendant "accords with constitutional principles of due process." (*Terracom v. Valley National Bank*, 49 F.3d 555, 558 (9th Cir. 1995);  *Data Disc, Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1286 (9th Cir. 1977); citing, *Amba Marketing Systems, Inc. v. Jobar International, Inc.*, 551 F.2d 784, 786 (9th Cir. 1977); *Product Promotions, Inc. v. Cousteau*, 495 F.2d 483, 489 (5th Cir. 1974); *Arrowsmith v. United Press International*, 320 F.2d 219, 222-223 (2d Cir. 1963)(en banc).)

Defendant concedes there is diversity of citizenship between TargetSafety and CECBEMS.

a.   **The Relevant State Statute Potentially Conferring Personal Jurisdiction Over Defendants is Cal. Code Civ. Pro. §410.10**

California's long-arm jurisdiction statute is Cal. Code Civ. Pro. §410.10, which states: "A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."  It is well settled in California that the Statute allows the exercise of personal jurisdiction to the extent "authorized by the due process decisions of the United States Supreme Court." (*Terracom*, 49 F.3d at 558, *citing, Data Disc, Inc.*, 557 F.2d at 1286.)

The propriety of this Honorable Court's ability to exercise jurisdiction over the Defendant must be analyzed in accordance with *International Shoe Co. v. Washington*, 326 U.S. 310

---

[32] Decl. L. Sibley in Support ¶36.
[33] Decl. L. Sibley in Support ¶37.

DM1\1375568.1

1 | (1945) and its progeny.

2 |       **b.**     **Defendant must have sufficient minimum contacts with California**

3 |     California courts should examine the nature and quality of the activities or contacts

4 | that exist between Defendant and the Plaintiff and the forum state. As stated in *International Shoe*

5 | *Co. v. Washington*, 326 U.S. 310, 316 (1945), "[D]ue process requires only that . . . [the person]

6 | have certain minimum contacts with [the forum state] such that the maintenance of the suit does not

7 | offend 'traditional notions of fair play and substantial justice.' "

8 |       **c.**     **General jurisdiction requires "substantial" or "continuous and**

9 | **systematic" contact with the forum state**

10 |     In order to exercise general jurisdiction over a defendant, the defendant's activities

11 | with the forum state must be "substantial" or "continuous and systematic". (*Helicopteros*

12 | *Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 414-419 (1984); Data *Disc, Inc.*, 557 F.2d at

13 | 1287, *citing Perkins v. Benguet Consolidated Mining Co.*, 332 U.S. 437, 446-447 (1952); *Wells*

14 | *Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 413 (9th Cir. 1977).)

15 |     In *Helicopteros*, the court did not have general jurisdiction over the defendant despite

16 | the fact that the defendant corporation's chief executive officer travelled to Texas to negotiate a

17 | contract, had purchased millions of dollars of helicopters and equipment, and sent personnel to

18 | Texas for training.

19 |     Here, Plaintiff has not alleged, and has not provided this Honorable Court with any

20 | evidence in admissible form, that Defendant has any "substantial" or "continuous and systematic"

21 | contacts with the forum state. In truth the only contacts claimed by Plaintiff are two letters sent from

22 | the executive director of Defendant in Texas to the business office of Plaintiff in California.

23 |     As stated above, Defendant has virtually no contacts with the forum state. Defendant

24 | is a Missouri corporation. Its only business office is located in Texas, not California. It does not

25 | have a phone number or a bank account in California. It does not solicit business in California and

26 | has no sales force in California. It does not advertize to CME or EMS providers in California.

27 | Defendant does not mail marketing materials into California or advertise in magazines in California.

28 | Defendant has no contracts with California regarding its accreditation services and has never

1  required that California recognize its accreditation.   Applications for course accreditation are never

2  submitted in California; they must be sent to Defendant's business office in Texas.

3          Defendant's only contacts with California are the following:  one director, the

4  Chairperson, resides in California; a non-interactive informational website is hosted on a computer

5  server that is located in California, and documents can be downloaded from that server; Defendant's

6  personnel attended a conference in California for educational purposes, but not for solicitation of

7  Californian CME providers; conference calls between the directors may involve calling the

8  Chairperson in California; during three national conferences CECBEMS' Board of Directors met

9  while the directors were fortuitously present in California; and, three of Defendant's seventy-eight

10 course reviewers reside in California.

11         Defendant's contacts with the forum state are not pervasive, "substantial" or

12 "continuous and systematic".  They are, at most, random, sporadic, disorganized and insignificant.

13         **d.**     **Specific jurisdiction requires analysis of the relation between the contacts**

14                 **and the cause of action**

15         Where contacts are not "substantial" or "continuous and systematic", California's

16 courts analyze the "nature and quality" of a Defendant's contacts in relation to the cause or causes of

17 action by using the following three-part test:

18         (1)     The defendant must have done some act by which he purposely avails himself of the
                    privilege of conducting activities in the forum, thereby invoking the benefits and
19                  protections of its laws;

20         (2)     the claim must arise out of the defendant's forum-related activities; and

21         (3)     the exercise of jurisdiction must be reasonable.

22 (*Terracom*, 49 F.3d at 560; *citing Shute v. Carnival Cruise Lines*, 897 F.2d 377, 381 (9th Cir. 1990)

23 (internal citations omitted), *rev'd on other grounds*, 499 U.S. 585 (1991).)

24         **i.**     **Defendant did not purposely avail itself of the privilege of**

25                 **conducting activities in California**

26         Defendant's actions and contacts do not meet the first part of the test.  The first prong

27 of the test requires an evaluation of foreseeability and whether the Defendant could have reasonably

28 anticipated being haled into court in California based on its contacts with California. (*Terracom*, 49

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
CASE NO.: 08-CV-0994-JLS-JMA

1  F.3d at 560; *citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)(purposeful availment

2  requires more than foreseeability of causing injury in the forum); *World-Wide Volkswagen Corp. v.*

3  *Woodson*, 444 U.S. 286, 297 (1990)("the foreseeability that is critical to the due process analysis . . .

4  is that the defendant's conduct and connection with the forum state are such that he should

5  reasonably anticipate being haled into court there."); *Burger King Corp.*, 471 U.S. at 475 ("a

6  defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or

7  'attenuated' contacts").)

8          The only contacts between CECBEMS and California have been:  its Chairperson

9  resides in Sacramento; it has sent two letters to Plaintiff regarding Plaintiff's unilateral actions in

10 providing deceptive and misleading marketing materials in support of Plaintiff's CME course on

11 infectious disease control, and the need to take corrective action; the residence of three course

12 reviewers; a computer server in California hosts its website; the Board has met three times in almost

13 eight years while members were already present in the state for another purpose; and, some

14 CECBEMS personnel attended a conference in California.

15         These random, fortuitous, and attenuated contacts do not indicate a "purposeful

16 availment" of the privileges of conducting business in California or that CECBEMS should have

17 anticipated being haled into district court in California.  Defendant does not pass the first prong of

18 the specific jurisdiction test.

19         ii.     **The claims have not arisen out of Defendant's contacts with the**

20                 **forum state**

21         Defendant's contacts have not given rise to the causes of action.  The second part of

22 the test requires this Honorable Court to find that "'but for' the contacts between the defendant and

23 the forum state, the cause of action would not have arisen." (*Terracom*, 49 F.3d at 561, *citing*

24 *Carnival Cruise Lines*, 897 F.2d at 385-386).

25         It cannot be said that "but for" Defendant having a computer in California host its

26 website, the causes of action would not have arisen.  Likewise, the residences of the Chairperson and

27 three course reviewers have no relevance to the causes of action.  The fact that personnel attended a

28 conference did not give rise to the causes of action.  In fact, as shown in Defendant's Opposition to

9

1  Plaintiff's Motion for Preliminary Injunction, the letters sent to Plaintiff have not given rise to the

2  causes of action, as Plaintiff's causes of action are not yet ripe.

3        If the causes of action are even ripe, they have arisen as a result of Plaintiff's own

4  actions (providing misleading and deceptive marketing materials to support the accreditation of a

5  course) and decisions to demand corrective action that were made in Texas, not California.

6  Defendant does not pass the second part of the specific jurisdiction test.

7              iii.    **A California district court cannot reasonably exercise jurisdiction**

8                      **over Defendant**

9        Defendant's contacts do not make this Honorable Court's exercise of jurisdiction

10 reasonable.  The courts in the Ninth Circuit utilize a seven-part test to determine the reasonableness

11 of the exercise of jurisdiction, as follows:

12        (1)    The extent of the defendant's purposeful interjection into the forum state's

13               affairs;

14        (2)    the burden on the defendant of defending in the forum;

15        (3)    the extent of conflict with the sovereignty of the defendant's state;

16        (4)    the forum state's interest in adjudicating the dispute;

17        (5)    the most efficient judicial resolution of the controversy;

18        (6)    the importance of the forum to the plaintiff's interest in convenient and

19               effective relief; and

20        (7)    the existence of an alternative forum.

21 (*Terracom*, 49 F.3d at 561 ("We balance all seven factors, recognizing that none of the factors is

22 dispositive in itself."), *citing Core-Vent Corp.*, 11 F.3d at 1487-1488.)

23        As Plaintiff cannot prove the first part of the three-part specific jurisdiction test,

24 regarding purposeful availment, likewise the first factor above weighs heavily in CECBEMS favor.

25        The second factor, the burden on Defendant, if it must defend in California, also

26 weighs in Defendant's favor.  Defendant's principal witness, Liz Sibley, is located in Texas.  It is

27 more burdensome for her to have to defend in California than in Texas.  Other potential witnesses

28 are located in many states.  For those witnesses, the burden to travel to Texas is no different than

1  Plaintiff's burden in having to travel to Texas. Thus, for those witnesses there is an equitable

2  burden. "Where the burdens are equal, the second factor tips in favor of [Defendant] because the

3  law of personal jurisdiction is asymmetrical and is primarily concerned with the defendant's

4  burden." (*Terrcom*, 49 F.3d at 561, *citing Insurance Co. of N. Am. v. Marina Salina Cruz*, 649 F.2d

5  1266, 1272 (9th Cir. 1981).)

6          Plaintiff has not alleged there is conflict between California and Texas with respect to

7  sovereignty. Clearly, however, Defendant has availed itself of the privileges of conducting activities

8  within Texas. Thus, Defendant should be permitted to avail itself of the protections that Texas law

9  may offer a not-for-profit corporation doing business in Texas. This factor, too, weighs in

10  Defendant's favor.

11          Defendant concedes the fourth factor might weigh in Plaintiff's favor. California

12  may have an interest in adjudicating the dispute in order to protect its citizen, TargetSafety.

13  However, it is TargetSafety's own actions, in providing deceptive and misleading marketing

14  materials and refusing to remedy the confusion those material caused, that have given rise to the

15  causes of action. As such, California may have a reduced interest in protecting the interests of

16  Plaintiff whose actions are not without fault.

17          The fifth factor, regarding efficient judicial resolution pertains to the location of

18  witnesses. (*Terrcom*, 49 F.3d at 561, *citing Core-Vent Corp.*, 11 F.3d at 1489). Witnesses in this

19  matter are located in both California and Texas. Documentary proof and other evidence may also be

20  located in both states. This factor may not favor either Plaintiff or Defendant.

21          The Plaintiff has made no allegations that a court in Texas would be incapable of

22  rendering convenient and effective relief. Similarly, as personal jurisdiction over Defendant would

23  be almost a certainty in Texas, both of these factors weigh in Defendant's favor.

24          As five of the factors weigh in Defendant's favor, one factor may be evenly weighted,

25  and only one might weigh in Plaintiff's favor, the balancing test reveals that this Honorable Court

26  cannot reasonably exercise jurisdiction over Defendant.

27     e.     <u>**Without General or Specific Jurisdiction Over Defendant, this Court**</u>

28            <u>**must Dismiss for Lack of Jurisdiction**</u>

1  Defendant does not have the "substantial" or "continuous and systematic" contacts with California

2  that would give rise to general jurisdiction by a California court.  Likewise, there cannot be specific

3  jurisdiction over Defendant as Defendant has not purposefully availed itself of the privileges of

4  conducting activities in California, Plaintiff's causes of action have not arisen out of Defendant's

5  contacts in California, and neither this Honorable Court, nor any other district court in California,

6  can reasonably exercise jurisdiction over Defendant.  This Honorable Court must dismiss Plaintiff's

7  causes of action for lack of jurisdiction over Defendant.

8      **B.**     **Alternatively, Venue is Not Proper in California and this Action Should be**

9              **Transferred to Texas**

10             Plaintiff incorrectly alleges that venue is proper in California because a substantial

11 part of the events giving rise to the complaint took place in California.  The actual test is whether "a

12 substantial part of the events or omissions giving rise to the claim" occurred in the district.  (28

13 U.S.C. §1391(a)(2).)  It should not be forgotten that Defendant does not solicit requests for

14 accreditation.  The CME provider initiates contact and applies for accreditation.

15             Only an insignificant and unsubstantial portion of the relevant events or omissions

16 giving rise to the claim have occurred in the Southern District of California:  the Plaintiff received

17 two letters which threaten, but do not effectuate revocation.  In fact, Plaintiff's Complaint

18 demonstrates it is aware that there has not yet been a Board of Directors vote to revoke.

19             Contrary to Plaintiff's claim, virtually all the events or omissions relevant to this

20 action have occurred or would occur in Texas.  The application containing misleading marketing

21 materials was filed with CECBEMS in Texas.  The requirement that applications be free of any

22 misleading materials was made in Texas.  The investigation into the relevant course completion

23 records was made in Texas.  The decision made by Liz Sibley to send threatening letters was made

24 by her in Texas.  She drafted the letters in Texas.  She sent them from her offices in Texas.

25 Assuming there had been a Board of Directors vote taken to revoke accreditation, it would have been

26 during a teleconference occurring in Texas and other states.  Assuming, but not admitting, that there

27 was any requirement and failure to send letters by certified mail, those omissions occurred in Texas.

28

DMI\1375568.1
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
CASE NO.: 08-CV-0994-JLS-JMA

**C.   Alternatively, Plaintiff's Second Cause of Action for Breach of Contract must be Dismissed**

Plaintiff's Second Cause of Action for Breach of Contract should be dismissed as it fails to state a claim up which relief can be based.  The Sixth Circuit has held that a claim involving a breach of procedural violations and not substantive violations of the accreditation decision is not properly stated as a breach of contract claim.  *Foundation for Interior Design Educ. Research v. Savannah College of Art & Design,* 244 F.3d 521, 532 (6th Cir. 2001); *Thomas M. Cooley Law School v. American Bar Ass'n,* 376 F. Supp2d 758 (6th Cir. 2006), *affd.* 459 F.3d 705, *cert. denied* 127 S.Ct. 985 (2007).

The Sixth Circuit favorably cited the Seventh Circuit Court of Appeals decision in *Chicago School of Automatic Transmissions, Inc. v. Accreditation Alliance of Career Schools and Colleges,* 44 F.3d 447, 449 (7th Cir. 1994).  As stated in Chicago School:

> Courts could in principle derive federal law from the common law of the states, see *O'Melveny & Myers v. FDIC,* 512 U.S. 79, 114 S.Ct. 2048, 129 L.Ed.2d 67 (1994); *United States v. Kimbell Foods, Inc.,* 440 U.S. 715, 99 S.Ct. 1448, 59 L.Ed.2d 711 (1979), but accrediting bodies are not engaged in commercial transactions for which state-law contract principles are natural matches. The "contract" the School wants to enforce is not a bargained-for exchange but a set of rules developed by an entity with many of the attributes of an administrative agency. Accreditation groups adopt and change their rules unilaterally; by posting an application fee a trade school cannot lock in a favorable set of rules. One set of rules applies nationwide (implying that if any non-federal law should be absorbed, it would be the law of the District of Columbia, where the Association has its headquarters, rather than the law of the applicants' states). Although the law of every state contains a set of rules for the conduct of voluntary associations, distinct from the law of contracts, this too is not quite the right match; the School did not apply to "join" the Alliance. It wanted a key that would unlock the federal Treasury. An accrediting agency is a proxy for the federal department whose spigot it opens and closes. If accreditation-which the Secretary of Education treats as a sort of license or certificate-were bestowed by the federal agency directly, no one would suppose that state law governed. Instead the Administrative Procedure Act would govern judicial review, and the court would inquire whether the agency's decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or reached "without observance of procedure required by law", 5 U.S.C. § 706(2)(A), (D).

1  (*Id.* at 450).

2       Defendant notes that the Ninth Circuit has previously taken a different position, but

3  this case involved an unrelated statute and was distinguished by the Seventh Circuit in *Chicago*

4  *Schools, supra. See, Keams v. Tempe Technical Institute, Inc.* 39 F.3d 922 (9th Cir. 1994).

5       Recently, however, the District Court for the Central District of California, in an

6  action concerned with revocation proceedings, held that the plaintiff's claims arose under the rights

7  to a "fair procedure" and not under a breach of contract theory. (*Whittier College v. American Bar*

8  *Ass'n*, 2007 WL 1624100 (C.D. Cal. 2007).) The court found that the analysis of a fair procedure

9  claim is similar under federal and California law. The court also acknowledged the very deferential

10 treatment that is afforded to an accrediting agency. (*Whittier College*, 2007 WL 1624100, *citing*

11 *Thomas M. Cooley Law School*, 459 F.3d at 713.

**IV.    CONCLUSION**

13      For the foregoing reasons, CECBEMS respectfully asks this Honorable Court to dismiss the

14 action of TargetSafety for lack of jurisdiction over Defendant, CECBEMS.

15 Dated: August 8, 2008　　　　　　**DUANE MORRIS LLP**

16

17      By:  s/Keith Zakarin
          Keith Zakarin

18           Attorneys for Defendant
          Continuing Education Coordinating Board For

19           Emergency Medical Services
          E-mail: kzakarin@duanemorris.com

20

DECLARATION OF SERVICE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Case Name:  *Targetsafety.com, Inc. v. CECBEMS, Inc.*
Case No.:   08-CV-0994 JLS (JMA)

     I am a resident of the state of California, I am over the age of 18 years, and I am not a party to this lawsuit.  My business address is 101 West Broadway, Suite 900, San Diego, California 92101.  On the date listed below, I served the document(s) entitled:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS ACTION FOR LACK OF GENERAL OR SPECIFIC JURISDICTION, TO DISMISS SECOND CAUSE OF ACTION AND TO CHANGE VENUE**

☑     via electronic service to the attorneys of record on file with the U.S. District Court for this case, as follows:

Frank L. Tobin, Esq.                      Attorneys for Plaintiff
Mathieu G. Blackston
Procopio, Cory, Hargreaves & Savitch LLP
530 B Street, Suite 2100
San Diego, CA  92101
Phone: 619-238-1900
Fax:  619-235-0398

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed August 8, 2008, at San Diego, California.

*Diane M. Koski*
Diane M. Koski

DM1\1370040.1                                                   SACV07-675-JVS (MLGx)