Keith Zakarin (SBN 126528)
**DUANE MORRIS LLP**
101 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619.744.2200
Facsimile: 619.744.2201
E-Mail:    kzakarin@duanemorris.com

Bradley M. Pinsky (proposed pro hac vice)
SCICCHITANO & PINSKY, PLLC
5789 Widewaters Parkway
Syracuse, New York 13214
Telephone: 315.428.8344
Facsimile: 315.475.8230

Attorneys for Defendant
Continuing Education Coordinating Board For
Emergency Medical Services

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARGETSAFETY.COM, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> CONTINUING EDUCATION COORDINATING BOARD FOR EMERGENCY MEDICAL SERVICES, INC., a Missouri non-profit corporation and DOES 1-10, <br><br> Defendants. | Case No.: 08-CV-0994-JLS-JMA <br><br> **DECLARATION OF ELIZABETH SIBLEY IN SUPPORT OF OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER** <br><br> Complaint Filed:    June 4, 2008 |

I, Elizabeth Sibley, declare as follows:

1.       This Declaration is submitted by Continuing Education Coordinating Board for Emergency Medical Services, Inc. (hereinafter "CECBEMS") in opposition to TargetSafety.com, Inc.'s (hereinafter "TargetSafety") request for a temporary restraining order and preliminary injunction.

## ABOUT CECBEMS

2.     CECBEMS is a not-for-profit corporation formed under the laws of the state of Missouri.

3.     CECBEMS was chartered in 1992 by the following sponsoring organizations:

- American College of Emergency Physicians (ACEP),

- National Registry of Emergency Medical Technicians (NREMT),

- National Association of Emergency Medical Services Physicians (NAEMSP)

- National Association of State Emergency Medical Services Directors (NASEMSD),

- National Council of State Emergency Medical Services Training Coordinators (NCSEMSTC),

- National Association of Emergency Medical Technicians (NAEMT)

The National Association of EMS Educators (NAEMSE) became a sponsoring organization in 1998. The American College of Osteopathic Emergency Physicians became a sponsoring organization in 2003.

4.     The purpose of CECBEMS is:

- To promote, through continuing education activities, the acquisition of knowledge, attitudes, and skills necessary to maintain competency as an emergency care provider, manager, or educator;

- To promote availability and accessibility of continuing education activities that enhance the professional development of emergency care providers, managers, or educators;

- To establish a standardized process for CECBEMS approval of continuing education activities.

5.     CECBEMS has developed an excellent reputation throughout the nation as an accrediting agency due to its creation and enforcement of strict standards, rules and policies. As a result, many states accept a student's submission of a course that is CECBEMS accredited.

6.     CECBEMS does not provide any education courses. CECBEMS only reviews courses for accreditation purposes.

DECLARATION OF ELIZABETH SIBLEY IN SUPPORT OF OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION
CASE NO.: 08-CV-0994-JLS-JMA

7.     CECBEMS accreditation in California is optional. No course is required to be CECBEMS approved by the state of California. The state of California will and has provided TargetSafety its own approval but would also accept CECBEMS accredited courses.

8.     An entity desiring the optional CECBEMS accreditation must comply with CECBEMS rules and standards.

## CECBEMS ACCREDITATION PROCESS

9.     All applications for CECBEMS accreditation are submitted to CECBEMS at its office based in Texas.

10.     The application undergoes an initial staff review to determine whether the application is complete.

11.     CECBEMS staff will then forward a completed application to a panel of three expert reviewers. The panel is made up of a member of the CECBEMS board, a physician and a member of one of the seven sponsoring organizations. Reviews are conducted under an established set of reviewer guidelines. The criteria for approval are very strict. After the panel of three expert reviewers have completed their review of several topics and are satisfied that the quality is acceptable, the topics are assigned to a single reviewer. If the applicant disagrees with the decision of a single reviewer or a panel of three reviewers, it may appeal to the Chair who distributes the application and the appeal document to the Board of Directors as a whole for a vote.

12.     If any of the three CECBEMS reviewers conclude that the application fails to meet the approval requirements, the application may be forwarded to all voting members of CECBEMS for review and final determination.

13.     Applications are approved for the following time frames: (a) a one-time event, being the date of the course only; or (b) multiple-event and technology based activities, where approval is granted for all offerings of the activity occurring within three years from the date of the approval.

14.     Courses with repeated offering are approved for three years.

DM1\1375377.1

3

DECLARATION OF ELIZABETH SIBLEY IN SUPPORT OF OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION                                                                CASE NO.: 08-CV-0994-JLS-JMA

15.     TargetSafety has submitted several applications for course accreditation to CECBEMS. The specific course which gave rise to this issue was "Infectious Disease Control". A true and accurate copy of the application is attached hereto as **Exhibit A.**

<strong>CECBEMS ACCREDITATION IS OPTIONAL</strong>

16.     TargetSafety made a choice when it applied for accreditation from CECBEMS. TargetSafety chose to comply with the rules, standards and policies of CECBEMS. CECBEMS has made it clear to TargetSafety that an entity may not maintain the optional CECBEMS accreditation and continue to offer non-accredited courses under the same course name.

17.     TargetSafety was not required to apply for CECBEMS accreditation. However, once doing so, it must continuously adhere to those standards which CECBEMS, in its professional judgment, deems necessary.

<strong>TARGETSAFETY'S APPLICATION AND MISLEADING MARKETING VIOLATED<br>CECBEMS' WRITTEN POLICIES</strong>

18.     TargetSafety violated CECBEMS' written policy on providing misleading marketing materials.

19.     The application completed by TargetSafety for accreditation violates the terms of the application, which states as follows:

> Section IX – Marketing Materials
> The purpose of this section is to verify that marketing materials for this program provide prospective participants with an accurate description of this activity. Marketing materials should include an accurate description of the activity, <u>be free of any statements that are misleading in any way</u>, give clear directions for accessing the activity, identify registration fees clearly and contain an accurate CECBEMS approval statement as follows: *This continuing education activity is approved by the Continuing Education Coordinating Board for Emergency Medical Services (CECBEMS)* or *Continuing Education Hours have been applied for through the Continuing Education Coordinating Board for Emergency Medical Services (CECBEMS).*
> Include as Attachment D a draft or final copy of all marketing materials—brochures, electronic marketing messages or displays, ads in journals, etc. [emphasis added].

20.     In or about April 2007, TargetSafety submitted an application to CECBEMS to have an Infectious Disease Control course accredited by CECBEMS. In its application, TargetSafety submitted a "Course Catalog" which states:

DM1\1375377.1
DECLARATION OF ELIZABETH SIBLEY IN SUPPORT OF OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION                                                    CASE NO.: 08-CV-0994-JLS-JMA

TargetSafety is in the process of developing <u>a comprehensive</u> EMS continuing education program... *** The following course catalog [sic] currently in development. Courses will be rolled out over the next year as they are completed and approved by CECBEMS. New courses will automatically be added your library [*sic*] upon CECBEMS approval. [emphasis added].

21.    CECBEMS therefore believed that only one course catalog existed and that only CECBEMS' accredited courses would be offered by TargetSafety. TargetSafety's Complaint now references <u>two</u> catalogs. Paragraph 9 of the Complaint references a "Certified EMS Training catalog" and paragraph 10 references a "full catalog of courses" which presumably includes non-accredited courses.

22.    TargetSafety was required to produce "all marketing materials" in its application and not just some of them. TargetSafety clearly had two versions of its Course Catalog, and only one was submitted to CECBEMS. Moreover, the TargetSafety brochure provided in Appendix D states that "TargetSafety is in the process of developing <u>a comprehensive</u> EMS continuing education program." (emphasis added). Nothing in that statement informs the reader that in fact, TargetSafety was developing <u>two</u> continuing education programs, one being accredited and one not being accredited.

23.    In March 2008, an administrator of an emergency medical services office in the state of California questioned the validity of a course completion certificate which was given to her by TargetSafety. She was a student of TargetSafety's Infectious Disease Control course. The course certificate did not bear CECBEMS' statement of accreditation. She confirmed that TargetSafety was listed as an accredited provider on CECBEMS' website. She was confused because she thought that she had completed a CECBEMS approved course.

24.    I therefore questioned TargetSafety's staff on the validity of this certificate. I was informed that TargetSafety offers a non-CECBEMS accredited version of the Infectious Disease Control Course under the same title. This practice is not permitted by CECBEMS.

25.    As an EMS administrator and student (being the same person) was actually misled and as CECBEMS was actually misled, there is no question that the marketing materials were misleading, in violation of the application's prohibition against misleading marketing materials.

DECLARATION OF ELIZABETH SIBLEY IN SUPPORT OF OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION                                        CASE NO.: 08-CV-0994-JLS-JMA

26.    TargetSafety also failed to include in Appendix D any reference to its website marketing. Thus, reviewers would not have looked to the website for marketing material.

27.    Even if a reviewer had realized that TargetSafety improperly failed to include its website in its Attachment D of marketing materials, there is simply nothing on the website which provides any clear indication that some courses with the same title are accredited and some are not.

28.    A view of the TargetSafety website reveals the following statement (the website is located at: http://www.targetsafety.com/newsite/who/ems.htm):

Emergency Medical Services

PreventionLink offers over 60 hours of online **EMS continuing education**. Our courses allow EMT-Basic, Intermediate, Paramedic, ECA or First Responders to complete their continuing education requirements, when and where they have time in an engaging and easy-to-use format.

TargetSafety is in the process of obtaining approval by the **Continuing Education Coordinating Board for Emergency Medical Services (CECBEMS)**. Please contact us for more information on our CECBEMS-approved content. [emphasis in original].

29.    If a viewer was to view courses at the "California page" on the TargetSafety website, it would find no disclaimer that the California courses were not approved by CECBEMS. Thus, a viewer would believe that the California courses are CECBEMS approved.

30.    The application requests the reviewer to determine whether the materials contain a "misleading" statement. In CECBEMS' expert opinion, the failure of TargetSafety to submit both Course Catalogs is misleading. The website is also misleading, as it provides the impression that all courses are CECBEMS' approved.

31.    TargetSafety has recently represented to CECBEMS that it does not offer its CECBEMS version of the courses in California, and thus there is no confusion. CECBEMS has recently discovered that TargetSafety has represented to the Orange County Fire Authority that it does offer CECBEMS accredited courses in California.

32.    On the second page of the document, at paragraph 6, TargetSafety represented to the Orange County Fire Authority, in pertinent part:

DECLARATION OF ELIZABETH SIBLEY IN SUPPORT OF OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION
CASE NO.: 08-CV-0994-JLS-JMA

**TargetSafety can provide up to 100% of all CE's for EMT's** – TargetSafety is one of two vendors in the state that can provide 100% of the CE's online if necessary for EMT's and paramedics. TargetSafety is CECBEMS approved and CA State approved for EMS CE's....

33.    Therefore, TargetSafety's proposal to Orange County Fire Authority created confusion.

34.    I am personally aware that that TargetSaftey represented that its courses were CECBEMS approved, but then did not offer the CECBEMS version to Orange County. TargetSafety has had the benefit of using CECBEMS accreditation in an attempt to obtain business but then substituted a non-accredited version of that course.

## TARGETSAFETY'S MISLEADING MARKETING MATERIALS AND WEBSITE MUST BE CURED

35.    The confusion caused by TargetSafety must be cured in order to preserve the integrity of the accreditation process and the integrity of the CECBEMS accreditation. Although not required to do so, many states rely on the integrity of CECBEMS and thousands of emergency medical service providers who use CECBEMS accredited courses for recertification do likewise.

36.    CECBEMS believes that the website and TargetSafety's application gives the impression that all TargetSafety courses are approved by CECBEMS, when in fact, they are not. Worse, the use of the same name for an accredited and non-accredited course leads to confusion and could ultimately lead to the denial of recertification for an emergency medical service provider.

37.    CECBEMS simply never envisioned that an accredited course provider would offer two courses with the same name with only one course being accredited.

38.    Upon information and belief from TargetSafety's Complaint (paragraph 9) one third of their courses do not meet CECBEMS accreditation standards. Therefore, courses which appear to be CECBEMS approved, such as all of those on the California website, simply do not meet CECBEMS high standards. Indeed TargetSafety admits that the approved and non-approved versions use "a different testing methodology and different test questions than the CECBEMS approved version of the course" (Complaint at paragraph 11).

39.    CECBEMS, in our capacity as a professional in the emergency medical service

accreditation field, has deemed TargetSafety's practice as completely improper and dangerous. It is not permitted by CECBEMS and poses a significant threat to the students completing TargetSafety's courses. Students may be misled into believing that they are taking a CECBEMS accredited course instead of completing a non-CECBEMS accredited course under the same title.

40.    Clearly, the EMS administrator thought that the TargetSafety courses in California were all approved by CECBEMS and therefore believed that the certificate submitted to her was fraudulent, as it lacked the CECBEMS required statements.

41.    CECBEMS' reputation as an accrediting agency would be greatly diminished if it continued to permit the improper use of CECBEMS' accreditation on a website or marketing materials which mislead students to think that all courses are approved by CECBEMS when such courses do not meet the accreditation standards.

42.    CECBEMS' demand that TargetSafety take curative action regarding its marketing materials and website is reasonable and necessary to uphold the sanctity of accreditation.

## THE REQUEST FOR AN INJUNCTION IS PREMATURE

43.    The Board of Directors of CECBEMS is vested with the authority to decide whether or not to revoke accreditation. As of this date, the Board has neither been presented with nor approved a resolution to revoke or rescind the accreditation of TargetSafety or any individual course offered by TargetSafety.

44.    CECBEMS "Appeal Process" (Exhibit 3 to Plaintiff's Verified Complaint), though misleading in name, had been initiated by CECBEMS. Step one requires CECBEMS to provide notification of a complaint to Target Safety. Step two requires a response by TargetSafety to CECBEMS.

45.    TargetSafety's action came before the initiation of step 3, which had not yet been initiated by CECBEMS. Step three requires CECBEMS, "within 30 days from the mailing date of the noncompliance notice if no response is received from the contact person of the sponsoring organization, the CECBEMS Chairperson shall notify the contact person of the sponsoring organization in writing, by certified mail, of one of the following:"

46.    CECBEMS' Board of Directors had not yet voted on any of the four options ("a"

DM1\1375377.1
DECLARATION OF ELIZABETH SIBLEY IN SUPPORT OF OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

CASE NO.: 08-CV-0994-JLS-JMA

through "d") contained in section 3 or had the chance to notify TargetSafety of such decision.

47.    Paragraph 3(d) of the policy requires that if CECBEMS chooses, as one of the four options, to revoke the accreditation of TargetSafety, that CECBEMS shall notify TargetSafety of the "Decision to revoke the accreditation, including the effective date of the revocation, which may not be less than 60 days from the date of the letter of decision from the CECBEMS Chairperson".

48.    TargetSafety would have at least sixty days therefore, to initiate a court appeal of any decision of CECBEMS.

## THE "WHEREFORE" CLAUSE SEEKS RELIEF WHICH IS OVERBROAD, UNREASONABLE AND UNNECESSARY

49.    Injunctive relief would prohibit CECBEMS from ever enforcing its rules, policies and standards which were implemented to keep the accreditation process trustworthy and credible. TargetSafety would be given a license to violate any rule, policy or standard of CECBEMS and CECBEMS could not revoke as a result of the injunction.

50.    TargetSafety's CECBEMS' accreditation would also become permanent, a benefit not held by any CECBEMS accredited agency. TargetSafety's accreditation for each course must be renewed after a three (3) year period.  Injunctive relief would effectively force CECBEMS to renew accreditation of each of TargetSafety's courses, even if the course material had become outdated, inaccurate or otherwise failed to meet the accreditation standards in place at the time of the renewal.

51.    TargetSafety has refused to submit to an audit as demanded by CECBEMS and as required of TargetSafety by the terms of the application for accreditation at Appendix XV, paragraph 4(c), as also required Appendix "Instructions for Submission" (see note following paragraph 7), and as also required at Appendix Section VIII "Maintenance of Records" (see note: "This information must be provided for audit purposes at CECBEMS request").

52.    Broad injunctive relief will permit TargetSafety to continue to violate the standards of accreditation by refusing to comply with CECBEMS' demands for information.

## THE THIRD CAUSE OF ACTION SEEKS RELIEF WHICH IS OVERBROAD, UNREASONABLE AND UNNECESSARY

53.    An injunction granting a permanent accreditation status would permit TargetSafety to

9

refuse to comply with any former or new accreditation standards, rules or requirements. This request is simply unreasonable. All accredited agencies must be subject to the standards, rules and requirements of CECBEMS.

54.    Further, accreditation requires more than simply the content of the courses meeting the CECBEMS accreditation process. Accreditation requires initial and continuous compliance with all standards, rules and requirements of CECBEMS.

55.    Accredited agencies are also required to submit to audits by CECBEMS. TargetSafety has already failed to do so and injunctive relief would permit further violations by TargetSafety.

## THE FOURTH CAUSE OF ACTION SEEKS RELIEF WHICH IS OVERBROAD, UNREASONABLE AND UNNECESSARY

56.    If the CECBEMS Board of Directors does vote to revoke CECBEMS accreditation for the Infectious Disease Course, revocation will not be effectuated until the appeals process is completed. Moreover, TargetSafety has an automatic sixty (60) day stay, per the CECBEMS policy, before the revocation becomes effective.

## CECBEMS HAS CAUSE TO REVOKE, SHOULD IT VOTE TO DO SO

57.    Section XV of the application for accreditation ("Assurances and Certifications") for the Infectious Disease Control course (and all courses) required TargetSafety to agree that the accredited courses "will be offered in compliance with each of the following requirements", including the "Policy for the Denial, Suspension, or Revocation of CECBMES Accreditation."

58.    Paragraph 4 of Section XV provides that "The activity sponsor understands that revocation of approval may result if the application fails to comply with CECBEMS policies and procedures". Although the list is not exhaustive by its terms, paragraph 4(c) provides as a reason for revocation "Failure to provide CECBEMS with information necessary for CECBEMS to perform a random audit".

59.    Additionally, the "Instructions for Submission" (see note following paragraph 7), and the Appendix at Section VIII "Maintenance of Records" (see note: "This information must be provided for audit purposes at CECBEMS request") also require submissions to audits.

60.    An audit of records was requested by CECBEMS in its May 14, 2008 letter to TargetSafety requesting "course completions for all students completing any version of the CECBEMS' accredited titles to the CECBEMS' database". The May 14, 2008 letter also demands an audit of other items, such as "a list of all states in which TargetSafety is offering the non-CECBEMS accredited version of any course titles".

61.    This independent cause for revocation arose after the initial issue appeared and was addressed in the April 11, 2008 letter from CECBEMS to TargetSafety.

62.    The reasons for revocation might also reasonably include the misrepresentation in TargetSafety's application. The Appendix to the CECBEMS application under Section IX (Marketing Materials) states, in pertinent part:

> The purpose of this section is to verify that marketing materials for this program provide prospective participants with an accurate description of this activity. Marketing materials should include an accurate description of the activity, be free of any statements that are misleading in any way.... [emphasis added].

63.    TargetSafety provided a "Course Catalog" in its application addressing Section IX of the Appendix.

64.    The advertisement states "The following course catalog currently in development. Courses will be rolled out over the next year as they are completed and approved by CECBEMS. New courses will automatically be added [to] your library upon CECBEMS approval."

65.    Such statement provided CECBEMS with the clear impression that all courses provided by TargetSafety under one title will be approved by CECBEMS.

66.    The course catalog was represented as the complete catalog. Nothing in the course catalog suggested to any CECBEMS reviewer that there were any other courses offered, including a California version of a course under the same name which was not CECBEMS accredited.

67.    The course catalog represents a material misrepresentation that would justify revocation by the Board of Directors. At the very least, the misleading information must be corrected by TargetSafety, which to date it has refused to do.

68.    CECBEMS would never have granted accreditation to TargetSafety had it been made

11

aware that TargetSafety would offer non-accredited versions of an accredited course under the same name and without any disclaimers that non-accredited versions are offered.

69.     An additional reason for revoking accreditation could include TargetSafety's misleading website, which gives a viewer the impression that all courses are CECBEMS accredited and makes no disclaimer that courses in certain states such as California are not CECBEMS approved.

70.     TargetSafety mistakenly asserts that the only reasons for revocation of accreditation is for "any evidence of fraud, deception or impropriety". Although the "Policy for the Denial, Suspension, or Revocation of CECBMES Accreditation" provides CECBEMS with an additional reason for revocation, the policy is not the only basis for revocation. Indeed, as stated above, the failure to submit to an audit is also a cause for revocation.

71.     Of course, the CECBEMS Board of Directors could interpret the terms "deception or impropriety" to include the misleading advertising.

### TARGETSAFETY FAILED TO MAKE ANY EFFORTS TO RESOLVE THE MATTER PRIOR TO JUNE 11, 2008

72.     The supposed urgency of this application was created entirely by TargetSafety. TargetSafety was provided sixty (60) days to come into compliance with CECBEMS' demands. CECBEMS' demands were intended to protect the integrity of the accreditation process by prohibiting offering an accredited and non-accredited version of the same course under the same title.

73.     Instead of taking any actions to indicate to CECBEMS that TargetSafety intended to correct the problems, TargetSafety engaged in a war of words. TargetSafety wholly failed to respond to demands for information (i.e., audit), failed to submit even a plan of correction and failed to make any changes as required by CECBEMS. Instead, they rushed to court to attempt to obtain by improper judicial fiat what was unavailable to them by compliance with the standards of accreditation.

74.     TargetSafety could have simply responded to CECBEMS' requests for information or simply submitted a plan of correction to prevent a vote from being taken by the Board of Directors.

DM1\1375377.1

12

DECLARATION OF ELIZABETH SIBLEY IN SUPPORT OF OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

CASE NO.: 08-CV-0994-JLS-JMA

TargetSafety violated its agreement with CECBEMS by not submitting the audit results. This alone is cause for revocation as specifically stated in the application for accreditation, Section Appendix XV, paragraph 4(c), as also required Appendix "Instructions for Submission" (see note following paragraph 7), and as also required at Appendix Section VIII "Maintenance of Records" (see note: "This information must be provided for audit purposes at CECBEMS request").

75.     We respectfully request that the Court deny TargetSafety's request for temporary, preliminary and permanent injunctive relief.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _8_ day of August, 2008 at ___Dallas___, Texas

*Elizabeth Sibley*

Elizabeth Sibley

DM1\1375377.1

DECLARATION OF ELIZABETH SIBLEY IN SUPPORT OF OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

CASE NO.: 08-CV-0994-JLS-JMA

DECLARATION OF SERVICE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Case Name:   *Targetsafety.com, Inc. v. CECBEMS, Inc.*
Case No.:    08-CV-0994 JLS (JMA)

   I am a resident of the state of California, I am over the age of 18 years, and I am not a party to this lawsuit. My business address is 101 West Broadway, Suite 900, San Diego, California 92101. On the date listed below, I served the document(s) entitled:

**DECLARATION OF ELIZABETH SIBLEY IN SUPPORT OF OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**

☑  via electronic service to the attorneys of record on file with the U.S. District Court for this case, as follows:

Frank L. Tobin, Esq.       Attorneys for Plaintiff
Mathieu G. Blackston
Procopio, Cory, Hargreaves & Savitch LLP
530 B Street, Suite 2100
San Diego, CA 92101
Phone: 619-238-1900
Fax: 619-235-0398

   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

   Executed August 11, 2008, at San Diego, California.


_____
Diane M. Koski