1  Frank L. Tobin (Bar No. 166344)
   Mathieu G. Blackston (Bar No. 241540)
2  PROCOPIO, CORY, HARGREAVES &
       SAVITCH LLP
3  530 B Street, Suite 2100
   San Diego, California  92101
4  Telephone: 619.238.1900
   Facsimile: 619.235.0398
5
   Attorneys for Plaintiff,
6  Targetsafety.Com, Inc.

7

8                  UNITED STATES DISTRICT COURT

9          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10 | TARGETSAFETY.COM, INC., a California | Case No.: 08-CV-0994-JLS-JMA
   | corporation, |
11 | | **PLAINTIFF'S REPLY TO**
   |                    Plaintiff, | **OPPOSITION TO MOTION FOR**
12 | | **PRELIMINARY INJUNCTION AND**
   | v. | **TEMPORARY RESTRAINING**
13 | | **ORDER**
   | CONTINUING EDUCATION COORDINATING |
14 | BOARD FOR EMERGENCY MEDICAL | Date:      October 16, 2008
   | SERVICES, INC., a Missouri non-profit corporation | Time:      1:30 p.m.
15 | and DOES 1-10 | Dept:      6
   | | Judge:     Janis L. Sammartino
16 |                    Defendants. |

17

18

19

20

21

22

23

24

25

26

27

28

_____
PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION AND
TEMPORARY RESTRAINING ORDER

# INTRODUCTION

TargetSafety.Com, Inc. ("TargetSafety") seeks to enjoin the Continuing Education Coordinating Board for Emergency Medical Services, Inc. ("CECBEMS") from revoking its accreditation of TargetSafety's courses without first providing TargetSafety the due process to which the parties agreed. Contrary to CECBEMS' opposition, TargetSafety is not requesting the Court to step into the shoes of an accrediting entity.[1]

# ARGUMENT

## I.   CECBEMS Is Re-Writing History

Prior to TargetSafety filing the present lawsuit, CECBEMS' threatened to revoke accreditation of TargetSafety's courses on June 11, 2008. TargetSafety repeatedly told CECBEMS that CECBEMS had not afforded TargetSafety the due process required by the parties' agreement. TargetSafety also asked CECBEMS to identify the basis, contractual or otherwise, for CECBEMS demand that TargetSafety stop offering courses that have been accredited by state emergency service agencies. CECBEMS refused to answer TargetSafety's questions and refused to extend the June 11, 2008 deadline.

CECBEMS now claims that TargetSafety failed to exhaust CECBEMS' appeals process. CECBEMS is rewriting history to save face.

### A.   The Parties' Agreement Entitles TargetSafety to Due Process.

A true and correct copy of CECBEMS' *Policy for the Revocation of Accreditation* can be found at Exhibit 3 to the concurrently filed notice of lodgment ("NOL"). CECBEMS' Policy for the Revocation of CECBEMS Accreditation is paraphrased as follows:

●      CECBEMS maintains the right to withhold, suspend or revoke accreditation for any evidence of fraud deception or impropriety. A majority vote of the CECBEMS Board of Directors is required before any of these actions can be taken.

---

[1] TargetSafety's Opposition to CECBEMS' Motion for Lack of Jurisdiction will be filed on or before October 2, 2008 in keeping with Local Rule 7.1(e)(2). TargetSafety, however, would like to initially inform the Court that CECBEMS advertises itself as a national accrediting agency and lists more than a half dozen California on-line continuing education providers as being CECBEMS accredited on its web site. http://www.cecbems.org/providers/Default.aspx. Furthermore, CECBEMS has submitted four joint motions to this Court and has thereby consented to jurisdiction.

1       ●     CECBEMS represents that it will follow its "Appeals Process" in the event the

2   CECBEMS Board of Directors decides to withhold, suspend or revoke accreditation. The

3   Appeals Process involves three steps.

4          1.    The CECBEMS Chairperson shall notify the sponsoring organization, e.g.

5   TargetSafety, in writing, by certified mail, of the CECBEMS standard that has been violated.

6   The CECBEMS' Chairperson is an elected officer of the board of directors.[2]

7          2.    Within 15 days of receipt of notification, the sponsoring organization is to

8   submit in writing, by certified mail, (a) evidence of compliance with the CECBEMS standards, or

9   (b) a plan for meeting compliance with CECBEMS standards.

10          3.    After receipt, the CECBEMS Chairperson is to notify the sponsoring

11   organization of CECBEMS' decision.  If the decision is to revoke accreditation, the effective date

12   of the revocation may not be less than 60 days from the notice.

13       In its opposition, CECBEMS claims that steps one and two of the appeals process have

14   been followed but step three has not.  The truth is that none of the steps in the appeals process

15   have been followed. CECBEMS has completely disregarded its own *Policy for Revocation of*

16   *Accreditation*. TargetSafety has yet to receive proper notification from the CECBEMS'

17   Chairperson. CECBEMS has not provided TargetSafety with the purported CECBEMS' standard

18   that prohibits TargetSafety from offering two types of courses: those that have been accredited by

19   state agencies and those that have been accredited by CECBEMS.   Instead, a CECBEMS'

20   employee, executive director Elizabeth Sibley, has drummed up allegations of misrepresentation

21   and has made multiple threats to revoke TargetSafety's accreditation without process.

22       **B.    CECBEMS' Intent Was to Revoke Accreditation Without Process.**

23       In April 2008, CECBEMS learned that TargetSafety had certified a California EMS

24   licensee as completing TargetSafety's on-line EMS Infectious Disease Control course.   The

25   course was accredited by the California State Emergency Medical Service Authority.   The

26   certificate stated: "This course has been approved for 1.0 hours of continuing education by an

27   approved California EMS CE [continuing education] provider."  Infectious Disease Control is a

28

---

[2] CECBEMS Bylaws, *Revised 4.14.07*, Article V, section B; *see*
http://www.cecbems.org/bylaws.pdf.

1  standard EMS continuing education course.[3]

2      On April 11, 2008, Ms. Sibley sent a formal letter to TargetSafety regarding the course

3  certification.[4]  Ms. Sibley stated that it is a requirement of CECBEMS accreditation that once

4  CECBEMS accredits a course, an on-line continuing education provider, such as TargetSafety,

5  may only offer the CECBEMS-accredited version of the course.  Ms. Sibley demanded that

6  TargetSafety replace all versions of its courses with CECBEMS-accredited versions.  Ms. Sibley

7  threatened: "If TargetSafety is not in compliance within 60 days, CECBEMS will notify state

8  EMS offices, the National Registry, and the staff and board members of each of its sponsoring

9  organizations that the courses offered by TargetSafety do not comply with CECBEMS

10  accreditation requirements and that accreditation was withdrawn pursuant to the *Policy for the*

11  *Denial, Suspension, or Revocation of CECBEMS Accreditation* [emphasis added]."

12      On April 25, 2008, TargetSafety's President and CEO Bruce Kaechele replied to Ms.

13  Sibley's letter, stating that her demands were alarming since they were not consistent with

14  TargetSafety's understanding of the CECBEMS' accreditation requirements.  Mr. Kaechele

15  asked Ms. Sibley to provide the basis for her demand that TargetSafety only offer CECBEMS-

16  accredited courses and also asked how CECBEMS could revoke TargetSafety's accreditation

17  within 60 days since the CECBEMS Board of Directors had not voted in favor of revocation.[5]

18      Ms. Sibley responded with an even more aggressive letter on May 14, 2008.  She said that

19  her April 11 letter and her May 14 letter were written following a motion by the CECBEMS'

20  Board of Directors, clearly intimating that CECBEMS was following its policy. Ms. Sibley

21  identified one sentence in CECBEMS' marketing material that she claimed created confusion,

22  but she did not answer Mr. Kaechele's questions regarding (1) the requirement that TargetSafety

23  only offer CECBEMS-accredited courses, and (2) how TargetSafety's accreditation could be

24  revoked within 60 days.  Rather, Ms. Sibley once again demanded that TargetSafety replace all

25  previous versions of its course titles with the CECBEMS' accredited versions.  She also

26  demanded that TargetSafety give CECBEMS a list of all states in which TargetSafety offered

27

28

---

[3]  NOL, Exh. 13; *see also* Declaration of Bruce Kaechele in Support of TargetSafety's Reply (B. Kaechele, Reply Decl.) ¶ 2.
[4]  NOL, Ex. 1.
[5]  NOL, Ex. 2.

1  non-CECBEMS accredited versions of course titles, and gave TargetSafety until June 11, 2008 to

2  resolve the issues or CECBEMS would have no choice but to alert state offices and the National

3  Registry of Emergency Medical Technicians.[6]

4      On May 19, 2008, TargetSafety's attorney Frank Tobin wrote Ms. Sibley a letter

5  repeating Mr. Kaechele's prior questions and informing Ms. Sibley that CECBEMS was not

6  following its own policies and procedures.  Mr. Tobin further stated that if CECBEMS would not

7  extend the June 11, 2008 deadline to allow the parties more time to resolve the matter,

8  TargetSafety would be forced to take legal action to defend itself.[7]

9      CECBEMS' "national counsel" Brad Pinsky responded with a letter dated May 21, 2008.

10  Mr. Pinsky said if TargetSafety did not comply with Ms. Sibley's letters, CECBEMS would take

11  the promised actions.  Mr. Pinsky further stated: "We will not provide any additional information

12  as your client certainly understands the issue and the steps necessary to resolve it."[8]

13      On June 3, 2008, TargetSafety notified CECBEMS that the instant action would be filed

14  unless CECBEMS was willing to extend in writing the June 11, 2008 deadline to allow the

15  parties more time to explore resolution.[9]

16      On June 6, 2008, CECBEMS' attorney Mr. Pinsky left a disturbing voicemail for

17  TargetSafety's counsel.  Mr. Pinsky's voicemail purported to make some unsolicited overtures

18  toward resolution, but Mr. Pinsky also said the following:  "I don't want to leave too long a

19  message but you know, it occurs to me that whether or not you have any short-term victory, your

20  guys are done if CECBEMS decides (1) from now on we're never going to accredit another one

21  of their courses and (2) when this three years comes up [the courses are accredited for three-year

22  terms] we are not going to continue their accreditation."[10]

23      **C.    CECBEMS Concedes That It Has Not Afforded TargetSafety Due Process.**

24      Ms. Sibley's statements in her declaration that TargetSafety failed to make any efforts to

25  resolve the matter prior to June 11, 2008, are simply untrue.[11]  As outlined above, on several

26

[6]  NOL, Ex. 4.
27  [7]  NOL, Ex. 5.
    [8]  NOL, Ex. 6.
28  [9]  NOL, Ex. 7.
    [10]  NOL, Ex. 8.
    [11]  Sibley, Decl. ¶¶ 72 -74.                                    4

1  occasions TargetSafety requested an extension of the June 11, 2008 deadline arbitrarily imposed

2  by Ms. Sibley.    Nonetheless, CECBEMS' national counsel refused to provide additional

3  information and told TargetSafety that if it did not comply with Ms. Sibley's letters by June 11,

4  2008, CECBEMS would take "the promised actions."[12]

5    Ms. Sibley's statement that the CECBEMS Board has neither been presented with nor

6  approved a resolution to revoke or rescind the accreditation of TargetSafety is confusing.[13]   Prior

7  to the filing of this lawsuit, Ms. Sibley clearly stated that her April 11, 2008 letter threatening to

8  "withdraw" TargetSafety's accreditation had been written following a motion by the CECBEMS'

9  Board of Directors.[14]

10    Nonetheless, now that CECBEMS has forced TargetSafety to initiate this litigation it

11  concedes that its *Policy for Revocation of Accreditation* has not been followed.  It is CECBEMS,

12  however, that has not followed the *Policy*. To this date, TargetSafety has not received any

13  certified letter from the CECBEMS' Chairperson identifying the CECBEMS standard that does

14  not permit TargetSafety to offer both CECBEMS-accredited and state-agency accredited courses.

15  **II.    A Preliminary Injunction is Proper to Maintain the Status Quo.**

16    A preliminary injunction is proper where serious questions are raised that cannot be

17  resolved at the hearing on the injunction and the balance of hardships tips sharply in the moving

18  party's favor.  *Arcamuzi v. Continental Air Lines, Inc.*, 819 F.3d 935, 937 (9th Cir. 1987).

19  Issuance of a preliminary injunction is proper to preserve the status quo while the court considers

20  whether to grant declaratory relief.  *Doran v. Salem Inn, Inc.* (1975) 95 S. Ct. 2561, 2567-2568.

21  A plaintiff's right to judicial determination of the rights of the parties would be meaningless if the

22  court lacked the power to preserve the status quo pending its ultimate decision in the matter.  *See*

23  *e.g. Associated California Loggers, Inc. v. Kinder* (1978) 79 Cal.App.3d 34, 45.

24    All of CECBEMS actions prior to the filing of this lawsuit have indicated that it intends to

25  revoke accreditation without following its own procedures.   Moreover, CECBEMS' basis for

26  revocation has been a moving target.  CECBEMS' originally claimed TargetSafety's offering of

27  both state-agency accredited courses and CECBEMS-accredited courses was misleading.  Ms.

28

---

[12]  NOL, Ex. 6.
[13]  Sibley, Decl. ¶ 43.
[14]  NOL, Ex. 4.

PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION AND
TEMPORARY RESTRAINING ORDER 5

1   Sibley now claims TargetSafety's website is misleading.  She also claims that CECBEMS can

2   revoke TargetSafety's accreditation if TargetSafety does not provide non-CECBEMS related

3   information for a random audit.[15] CECBEMS apparently concedes that it has not yet initiated the

4   revocation process for either of these claims.  CECBEMS would not have a basis for doing so,

5   and TargetSafety needs the court's protection from CECBEMS erratic and harmful behavior.

6        **A.    There are Serious Questions as to Whether TargetSafety's Offering of Both**

7            **CECBEMS-Accredited and State-Agency Accredited Courses is Misleading.**

8            Contrary to Ms. Sibley's false statements, TargetSafety does not offer non-accredited

9   EMS continuing education courses.  It offers courses accredited by CECBEMS and courses

10  accredited by state Emergency Medical Service agencies.  CECBEMS has not and cannot allege

11  that the courses offered by TargetSafety pose any threat to the quality of continuing education

12  offered to emergency service professionals. CECBEMS accreditation is not superior to state

13  agency accreditation.[16]

14           CECBEMS claims that TargetSafety has mislead it and caused confusion by continuing to

15  offer state-accredited courses along with CECBEMS-accredited courses.  CECBEMS, however,

16  has identified only one person who it claims has been confused.  CECBEMS does not provide

17  this EMS professional's declaration regarding the alleged confusion.  Rather, it merely bases its

18  allegation on hearsay and the ruminations of Ms. Sibley.[17] Moreover, this one person is Karen

19  Petrilla who is an EMS administrator.[18]

20           In any event, the alleged confusion merely derives from one sentence on the certification

21  of completion of the Infectious Disease Control course wherein TargetSafety states: "This course

22  has been approved for 1.0 hours of continuing education by an approved California EMS CE

23  provider …."[19]  First, the statement is true.  California State Emergency Medical Services has

24  accredited the course.  Second, there is absolutely no reference to CECBEMS on the course

25  certification that would cause confusion.  In fact, Ms. Sibley states that the confusion arose

26  because Ms. Petrilla looked at the <u>CECBEMS website</u> and confirmed that TargetSafety was a

27  
28  

---

[15]  Sibley, Decl., ¶¶ 71; 57 -61, 74.
[16]  B. Kaechele, Reply Decl. ¶ 2.
[17]  Sibley, Decl. ¶¶ 23 - 25.
[18]  B. Kaechele, Reply Decl. ¶¶ 13 - 14, 5.
[19]  NOL, Ex. 13.

6

1   CECBEMS' accredited provider.[20] TargetSafety, however, never represented that the Infectious

2   Disease Control course that Ms. Petrilla took was CECBEMS' accredited and certainly cannot

3   control what CECBEMS posts on its website.

4       Ms. Sibley also makes much ado about TargetSafety's statement to the Orange County

5   Fire Department that "TargetSafety is CECBEMS approved and CA State approved for EMS

6   CE's [continuing education]." Ms. Sibley summarily concludes that this statement to the Orange

7   County Fire Authority created confusion. She also states that she is somehow personally aware

8   that TargetSafety did not offer the CECBEMS version of courses to the Fire Authority.[21]

9       Leaving alone for now the anti-competitive implications of Ms. Sibley's alleged personal

10   knowledge as to TargetSafety's business dealings, the statement quoted above does not create

11   confusion. TargetSafety is CECBEMS approved and California State approved for EMS

12   continuing education courses. Orange County Fire Authority chose to purchase TargetSafety's

13   California-state accredited courses and was not confused.[22]

14       Ms. Sibley's allegation that TargetSafety has made material misrepresentations is

15   offensive. Ms. Sibley's allegation in April 2008 was that TargetSafety had somehow implied that

16   it would only offer CECBEMS-accredited courses when it included the following statement on

17   its application to CECBEMS for accreditation of the Infections Disease Control Course:

18       TargetSafety is in the process of developing a comprehensive EMS continuing
education program... *** The following course catalog [sic] currently in
19       development. Courses will be rolled out over the next year as they are completed
and approved by CECBEMS. New courses will automatically be added you
20       library [sic] upon CECBEMS approval.

21 Ms. Sibley claims that CECBEMS relied on this statement and based upon the statement believed

22   that TargetSafety would only offer CECBEMS' accredited courses.[23] Ms. Sibley further states

23   CECBEMS would have never accredited TargetSafety's courses had it known that it was offering

24   state-agency accredited courses as well.[24]

25       Ms. Sibley's statement that CECBEMS did not know TargetSafety offered state-agency

26

27   [20] Sibley, Decl. ¶ 23.
  [21] Sibley, Decl., ¶¶ 32 – 34.
28   [22] B. Kaechele, Reply Decl. ¶ 12.
  [23] Sibley, Decl., ¶¶ 20, 21.
  [24] Sibley, Decl., ¶ 68.

1    accredited courses is disingenuous.  During the application process, TargetSafety informed

2    CECBEMS that it would be offering both CECBEMS-accredited courses and state-agency

3    accredited courses.[25]  In fact, in 2005, TargetSafety sought advice from CECBEMS chairperson,

4    Nancy Steiner, who also acts as California's EMS Personnel Standards and Licensing Chief as to

5    how TargetSafety could obtain California state accreditation.  TargetSafety specifically informed

6    Ms. Steiner that TargetSafety had been approved by numerous states to offer online continuing

7    education courses.[26]

8        Although CECBEMS never complained about TargetSafety's website prior to the filing

9    of this lawsuit, CECBEMS now claims TargetSafety's web site is misleading because it gives the

10    impression that all of TargetSafety's courses are approved by CECBEMS when they are not.[27]

11    Once again, Ms. Sibley misstates the facts.  TargetSafety's website clearly indicates on a state-

12    by-state basis whether the courses TargetSafety offers in the state have been approved by the

13    respective state agency or by CECBEMS.[28]

14    **B.    There are Serious Questions as to CECBEMS' Anti-Competitive Demands.**

15        TargetSafety has applied for and received from CECBEMS course-by-course

16    accreditation, which CECBEMS offers as an alternative to organizational accreditation.[29]

17    CECBEMS holds a unique position as the only private entity authorized to offer accreditation of

18    on-line continuing education for emergency medical service professionals.  In 16 states,

19    CECBEMS accreditation is required and this gives CECBEMS great leverage as it has the ability

20    to preclude entry into these markets.[30]

21        Ms. Sibley's statement that CECBEMS would have never granted accreditation to

22    TargetSafety had it known that TargetSafety offers state-accredited courses without any

23    disclaimer is anti-competitive on its face.[31]  CECBEMS cannot legally abuse its exclusive

24    accreditation authority in 16 states to exclude TargetSafety from conducting business in those 16

25    [25] Declaration of Kyle Kaechele in Support of TargetSafety's Reply ¶¶ 4 – 8.
26    [26] B. Kaechele, Decl. ¶ 5; NOL, Ex. 5.
      [27] Sibley, Decl., ¶¶ 28, 36.
27    [28] B. Kaechele, Decl. ¶¶ 9; NOL, Ex. 10.
      [29] B. Kaechele, Decl. ¶ 3.
28    [30] Declaration of Bruce Kaechele in Support of TargetSafety's Motion for Preliminary
      Injunction, ¶¶ 4- 5.
      [31] Sibley, Dec. ¶ 68.

PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION AND
TEMPORARY RESTRAINING ORDER 8

1  states solely on the basis that TargetSafety offers state-accredited courses in states where

2  CECBEMS accreditation is not required.

3      TargetSafety believes that its clients – who for the most part are emergency service

4  organizations not individual EMS licensees – should determine which courses and/or which

5  accreditation body they prefer to utilize to meet their employees continuing education needs.

6  CECBEMS' anti-competitive demand that TargetSafety only offer CECBEMS-accredited

7  courses deprives emergency service organizations of choices in the on-line continuing education

8  market.

9      **C.    There are Serious Questions as to CECBEMS Refusal to Afford Due Process.**

10     As discussed above, CECBEMS has not followed its own *Policy for Revocation of*

11  *Accreditation*.  Nonetheless, its agents have threatened to withdraw CECBEMS accreditation of

12  TargetSafety's courses without any action by CECBEMS' governing board.  CECBEMS' agents

13  have also threatened not to renew courses.

14     Ms. Sibley further demands that TargetSafety make all of its courses, whether

15  CECBEMS-accredited or state-agency accredited, available for random audit by CECBEMS and

16  provide CECBEMS with a list of all states in which TargetSafety is offering non-CECBEMS

17  accredited courses.[32]  CECBEMS is overreaching once again.  CECBEMS demand for an audit

18  exceeds the scope of the parties' agreement.  There is no basis for CECBEMS to audit

19  TargetSafety's state-agency accredited courses.  Nonetheless, CECBEMS threatens to revoke

20  accreditation unless these courses are made available for audit.[33]  Furthermore, during the

21  pendency of this lawsuit, CECBEMS has refused to accredit any more TargetSafety courses

22  despite the fact that it has accepted the application fees.[34]  CECBEMS has also refused to inform

23  Virginia officials that it has accredited TargetSafety's courses seriously delaying TargetSafety

24  from doing business in that state.[35]

25  **III.    The Balance of Hardships Tips Strongly Toward TargetSafety.**

26     CECBEMS should be enjoined from revoking accreditation without first providing

27

28  [32] NOL, Ex. 4.
    [33] Sibley, Decl., ¶¶ 73 -74; NOL, Ex. 4.
    [34] This is consistent with what Mr. Pinsky said would happen in his voice mail (Ex. 8).
    [35] B. Kaechele, Decl. ¶ 16.                9

1  TargetSafety with the due process to which the parties' agreed.  This is a very narrow request to

2  preserve the status quo before a trial can be had.  TargetSafety has established a likelihood of

3  success on the merits in that CECBEMS admits now that TargetSafety has been forced to file a

4  lawsuit because it has not adhered to its own *Policy*.  Moreover, CECBEMS has not provided any

5  basis, contractual or otherwise, for its demand that TargetSafety stop offering courses that have

6  been accredited by state agencies.

7       The balance of hardships tips strongly toward TargetSafety.  CECBEMS arbitrary

8  revocation of accreditation will deprive TargetSafety of a unique contract right, cause

9  TargetSafety to lose current and future market share, and cause TargetSafety to suffer

10  immeasurable damage to its goodwill.[36]

11       In contrast, if the preliminary injunction is granted CECBEMS will merely have to permit

12  TargetSafety to continue to offer courses that CECBEMS has already accredited.[37]

13

14  DATED: August 15, 2008                    PROCOPIO,    CORY,    HARGREAVES    &
                                             SAVITCH LLP
15

16                                     By:   /s/ Frank L. Tobin
17                                           Frank L. Tobin
                                             Mathieu G. Blackston
18                                           Attorneys for Plaintiff,
                                             TargetSafety.Com, Inc.
19

20

21  [36] Declaration of Bruce Kaechele in Support of TargetSafety's Motion for Preliminary Injunction,
     ¶¶ 21 – 27.  Courts have routinely recognized that a substantial loss of business, loss of current or
22   future market share, loss of prospective goodwill, and deprivation of a unique contract right all
     constitute irreparable harm.  (*Doran v. Salem Inn, Inc.* (1975) 95 S. Ct. 2561, 2567-2568 (a
23   substantial loss of business and perhaps even bankruptcy absent preliminary injunctive relief
     shows irreparable injury); *Novartis Consumer Health, Inc. v. Johnson & Johnson – Merck
24   Consumer Pharmaceuticals Co.*, 290 F.3d 578, 596 (3rd Cir. 2002) (loss of market share
     constitutes irreparable harm justifying injunctive relief); *Tom Doherty Assocs., Inc. v. Saban
25   Entertainment, Inc.*, 60 F.3d 27, 37-38 (2nd Cir. 1995); (loss of prospective goodwill constitutes
     irreparable harm justifying injunctive relief); *Reuters Ltd. V. United Press International, Inc.* 903
26   F.2d 904, 907 – 908 (2nd Cir. 1990) (deprivation of unique contract right constitutes irreparable
     harm justifying injunctive relief).)  Moreover, loss of accreditation has also been found to
27   constitute irreparable harm.  (*See Shoemaker v. County of Los Angeles*, 37 Cal.App.4th 618, 634
     (Cal. Ct. App. 1995).)

28

[37] Notably, CECBEMS does not oppose TargetSafety's position that TargetSafety should not be
required to post a bond when the Preliminary Injunction is issued.

1   Frank L. Tobin (Bar No. 166344)
    Mathieu G. Blackston (Bar No. 241540)
2   PROCOPIO, CORY, HARGREAVES &
        SAVITCH LLP
3   530 B Street, Suite 2100
    San Diego, California  92101
4   Telephone: 619.238.1900
    Facsimile: 619.235.0398
5
    Attorneys for Plaintiff,
6   Targetsafety.Com, Inc.

7

8                   UNITED STATES DISTRICT COURT

9            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10  TARGETSAFETY.COM, INC., a California      | Case No.: 08-CV-0994-JLS-JMA
    corporation,
11                                            | **PLAINTIFF'S EVIDENTIARY
                    Plaintiff,                | OBJECTIONS TO THE
12                                            | DECLARATION OF ELIZABETH
    v.                                        | SIBLEY IN SUPPORT OF
13                                            | OPPOSITION TO MOTION FOR
    CONTINUING EDUCATION COORDINATING         | PRELIMINARY INJUNCTION AND
14  BOARD FOR EMERGENCY MEDICAL               | TEMPORARY RESTRAINING
    SERVICES, INC., a Missouri non-profit corporation | ORDER**
15  and DOES 1-10
                                              | Date:      October 16, 2008
16                  Defendants.               | Time:      1:30 p.m.
                                              | Dept:      6
17                                            | Judge:     Janis L. Sammartino

18

19          Pursuant to Fed.R.Civ.P. 56(c), Plaintiff, TargetSafety.Com, Inc. ("TargetSafety"), hereby

20  objects to the following portions of the Declaration of Elizabeth Sibley in Support of Opposition

21  to Motion for Preliminary Injunction and Temporary Restraining Order.[1]

22

| STATEMENT | PAGE/LINE | EVIDENTIARY OBJECTIONS |
|---|---|---|
| CECBEMS has developed an excellent reputation throughout the nation as an accrediting agency due to its creation and enforcement of strict standards, rules and policies.  As a result, many states accept a student's submission of a course that is CECBEMS accredited. | p. 2, ¶ 5, lines 23-25 | Hearsay; Argumentative; Foundation; Vague and Ambiguous; and Speculation. |

[1] TargetSafety generally objects to the Declaration of Ms. Sibley as it was untimely filed and served.

1

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF ELIZABETH SIBLEY IN
SUPPORT OF OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY
RESTRAINING ORDER

113291/000007/952807.01

| STATEMENT | PAGE/LINE | EVIDENTIARY OBJECTIONS |
|---|---|---|
| An entity desiring the optional CECBEMS accreditation must comply with CECBEMS rules and standards. | p. 3, ¶ 8, lines 4-5 | Vague and ambiguous; legal conclusion. |
| TargetSafety made a choice when it applied for accreditation from CECBEMS.  TargetSafety chose to comply with the rules, standards and policies of CECBEMS.  CECBEMS has made it clear to TargetSafety that an entity may not maintain the optional CECBEMS accreditation and continue to offer non-accredited courses under the same course name. | p. 4, ¶ 16, lines 6-9 | Hearsay; Foundation; Speculation; and Vague and Ambiguous. |
| However, once doing so, it must continuously adhere to those standards which CECBEMS, in its professional judgment, deems necessary. | p. 4, ¶ 17, lines 10-12 | Vague and amibiguous. |
| TargetSafety violated CECBEMS' written policy on providing misleading marketing materials. | p. 4, ¶ 18, lines 15-16 | Hearsay; Argumentative; Legal Conclusion; Foundation; and Vague and Ambiguous. |
| The application completed by Target Safety for accreditation violates the terms of the application which states as follows:<br><br>The purpose of this section is to verify that marketing materials for this program provide prospective participants with an accurate description of this activity. Marketing materials should include an accurate description of the activity, <u>be free to any statements that are misleading in any way</u>, give clear directions for accessing the activity, identify registration fees clearly and contain an accurate CECBEMS approvak statement as follows: *This continuing education activity is approved by the Continuing Education Coordinating Board for Emergency Medical Services (CECBEMS)* or *Continuing Education Hours have been applied for through the Continuin* | p. 4, ¶19, lines 17-25 | Hearsay; Argumentative; Legal Conclusion; Foundation; and Vague and Ambiguous. |

2

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF ELIZABETH SIBLEY IN SUPPORT OF OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

113291/000007/952807.01

| STATEMENT | PAGE/LINE | EVIDENTIARY OBJECTIONS |
|---|---|---|
| *Education Coordinating Board for Emergency Medical Services (CECBEMS).*<br><br>Include as Attachment D a draft of final copy of all marketing materials – brochures, electronic marketing messages or displays, ads in journals, etc. [emphasis added]. | | |
| CECBEMS therefore believed that only one course catalog existed and that only CECBEMS' accredited courses would be offered by TargetSafety. TargetSafety's Complaint now references <u>two</u> catalogs. Paragraph 9 of the Complaint references a "Certified EMS Training catalog" and paragraph 10 references a "full catalog of courses" which presumably includes non-accredited courses. | p. 5, ¶21, lines 5-9 | Hearsay; Argumentative; Legal Conclusion; Foundation; and Vague and Ambiguous. |
| TargetSafety was required to produce "all marketing materials" in its application and not just some of them.  TargetSafety clearly had two versions of its Course Catalog, and only one was submitted to CECBEMS. Moreover, the TargetSafety brochure provided in Appendix D states that "TargetSafety is in the process of developing <u>a comprehensive</u> EMS continuing education program."  (emphasis added).  Nothing in that statement informs the reader that in fact, TargetSafety was developing <u>two</u> continuing education programs, one being accredited and one not being accredited. | p. 5, ¶22, lines 10-16 | Hearsay; Argumentative; Legal Conclusion; Foundation; and Vague and Ambiguous. |
| In March 2008, an administrator of an emergency medical services office in the state of California questioned the validity of a course completion certificate which was given to her by TargetSafety.  She was a student of TargetSafety's Infectious Disease Control course. The course certificate did not bear CECBEMS' statement of accreditation.  She confirmed that | p. 5, ¶23, lines 17-22 | Hearsay; Argumentative; Legal Conclusion; Foundation; Speculation; and Vague and Ambiguous. |

3

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF ELIZABETH SIBLEY IN SUPPORT OF OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

113291/000007/952807.01

| STATEMENT | PAGE/LINE | EVIDENTIARY OBJECTIONS |
|---|---|---|
| TargetSafety was listed as an accredited provider on CECBEMS' website. She was confused because she thought that she had completed a CECBEMS approved course. | | |
| I therefore questioned TargetSafety's staff on the validity of this certificate. I was informed that TargetSafety offers a non-CECBEMS accredited version of the Infectious Disease Control Course under the same title. This practice is not permitted by CECBEMS. | p. 5, ¶24, lines 23-25 | Hearsay; Argumentative; Legal Conclusion; Foundation; Speculation; and Vague and Ambiguous. |
| As an EMS administrator and student (being the same person) was actually misled and as CECBEMS was actually misled, there is no question that the marketing materials were misleading, in violation of the application's prohibition against misleading marketing materials. | p. 5, ¶25, lines 26-28 | Hearsay; Argumentative; Legal Conclusion; Foundation; Speculation; and Vague and Ambiguous. |
| TargetSafety also failed to include in Appendix D any reference to its website marketing. Thus, reviewers would not have looked to the website for marketing material. | p. 6, ¶26, lines 1-2 | Hearsay; Argumentative; Foundation; Speculation; and Vague and Ambiguous. |
| Even if a reviewer had realized that TargetSafety improperly failed to include its website in its Attachment D of marketing materials, there is simply nothing on the website which provides any clear indication that some courses with the same title are accredited and some are not. | p. 6, ¶27, lines 3-5 | Hearsay; Argumentative; Legal Conclusion; Foundation; Speculation; and Vague and Ambiguous. |
| If a viewer was to view courses at the "California page" on the TargetSafety website, it would find no disclaimer that the California courses were not approved by CECBEMS. Thus, a viewer would believe that the California courses are CECBEMS approved. | p. 6, ¶29, lines 15-17 | Hearsay; Argumentative; Legal Conclusion; Foundation; Speculation; and Vague and Ambiguous. |

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF ELIZABETH SIBLEY IN SUPPORT OF OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

113291/000007/952807.01

| STATEMENT | PAGE/LINE | EVIDENTIARY OBJECTIONS |
|---|---|---|
| The application requests the reviewer to determine whether the materials contain a "misleading" statement. In CECBEMS' expert opinion, the failure of TargetSafety to submit both Course Catalogs is misleading. The website is also misleading, as it provides the impression that all courses are CECBEMS' approved. | p. 6, ¶30, lines 18-21 | Hearsay; Argumentative; Legal Conclusion; Foundation; Speculation; and Vague and Ambiguous. |
| TargetSafety has recently represented to CECBEMS that it does not offer its CECBEMS version of the courses in California, and thus there is no confusion.  CECBEMS has recently discovered that TargetSafety has represented to the Orange County Fire Authority that it does offer CECBEMS accredited courses in California. | p. 6, ¶31, lines 22-25 | Hearsay; Argumentative; Legal Conclusion; Foundation; Speculation; Misstates the Evidence; and Vague and Ambiguous. |
| Therefore, TargetSafety's proposal to Orange County Fire Authority created confusion. | p. 7, ¶33, lines 4-5 | Hearsay; Argumentative; Legal Conclusion; Foundation; Speculation; and Vague and Ambiguous. |
| I am personally aware that that TargetSaftey represented that its courses were CECBEMS approved, but then did not offer the CECBEMS version to Orange County.  TargetSafety has had the benefit of using CECBEMS accreditation in an attempt to obtain business but then substituted a non-accredited version of that course. | p. 7, ¶34, lines 6-9 | Hearsay; Argumentative; Legal Conclusion; Foundation; Speculation; and Vague and Ambiguous. |
| The confusion caused by TargetSafety must be cured in order to preserve the integrity of the accreditation process and the integrity of the CECBEMS accreditation.  Although not required to do so, many states rely on the integrity of CECBEMS and thousands of emergency medical service providers who use CECBEMS accredited courses for recertification do likewise. | p. 7, ¶35, lines 12-15 | Hearsay; Argumentative; Legal Conclusion; Foundation; Speculation; and Vague and Ambiguous. |

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF ELIZABETH SIBLEY IN SUPPORT OF OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

113291/000007/952807.01

| STATEMENT | PAGE/LINE | EVIDENTIARY OBJECTIONS |
|---|---|---|
| CECBEMS believes that the website and TargetSafety's application gives the impression that all TargetSafety courses are approved by CECBEMS, when in fact, they are not.  Worse, the use of the same name for an accredited and non-accredited course leads to confusion and could ultimately lead to the denial of recertification for an emergency medical service provider. | p. 7, ¶36, lines 16-19 | Hearsay; Argumentative; Legal Conclusion; Foundation; Speculation; and Vague and Ambiguous. |
| CECBEMS simply never envisioned that an accredited course provider would offer two courses with the same name with only one course being accredited. | p. 7, ¶37, lines 20-21 | Hearsay; Argumentative; Legal Conclusion; Foundation; Speculation; Misstates the Evidence; and Vague and Ambiguous. |
| Upon information and belief from TargetSafety's Complaint (paragraph 9) one third of their courses do not meet CECBEMS accreditation standards.  Therefore, courses which appear to be CECBEMS approved, such as all of those on the California website, simply do not meet CECBEMS high standards.  Indeed TargetSafety admits that the approved and non-approved versions use "a different testing methodology and different test questions than the CECBEMS approved version of the course" . . . . | p. 7, ¶38, lines 22-27 | Hearsay; Argumentative; Foundation; Speculation; and Vague and Ambiguous. |
| CECBEMS, in our capacity as a professional in the emergency medical service accreditation field, has deemed TargetSafety's practice as completely improper and dangerous.  It is not permitted by CECBEMS and poses a significant threat to the students completing TargetSafety's courses.  Students may be misled into believing that they are taking a CECBEMS accredited course instead of completing a non-CECBEMS accredited course under the same title. | p. 7, ¶39, lines 28-4 | Hearsay; Argumentative; Legal Conclusion; Foundation; Speculation; and Vague and Ambiguous. |

6

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF ELIZABETH SIBLEY IN SUPPORT OF OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

113291/000007/952807.01

| STATEMENT | PAGE/LINE | EVIDENTIARY OBJECTIONS |
|---|---|---|
| Clearly, the EMS administrator thought that the TargetSafety courses in California were all approved by CECBEMS and therefore believed that the certificate submitted to her was fraudulent, as it lacked the CECBEMS required statements. | p. 8, ¶40, lines 5-7 | Hearsay; Argumentative; Legal Conclusion; Foundation; Speculation; and Vague and Ambiguous. |
| CECBEMS' reputation as an accrediting agency would be greatly diminished if it continued to permit the improper use of CECBEMS' accreditation on a website or marketing materials which mislead students to think that all courses are approved by CECBEMS when such courses do not meet the accreditation standards. | p. 8, ¶41, lines 8-11 | Hearsay; Argumentative; Foundation; Speculation; and Vague and Ambiguous. |
| CECBEMS' demand that TargetSafety take curative action regarding its marketing materials and website is reasonable and necessary to uphold the sanctity of accreditation. | p. 8, ¶42, lines 12-13 | Hearsay; Argumentative; Legal Conclusion; Foundation; Speculation; and Vague and Ambiguous. |
| CECBEMS "Appeal Process" (Exhibit 3 to Plaintiff s Verified Complaint), though misleading in name, had been initiated by CECBEMS.  Step one requires CECBEMS to provide notification of a complaint to Target Safety.  Step two requires a response by TargetSafety to CECBEMS. | p. 8, ¶44, lines 19-22 | Hearsay; Argumentative; Legal Conclusion; Foundation; Speculation; Misstates the Evidence; and Vague and Ambiguous. |
| TargetSafety's action came before the initiation of step 3, which had not yet been initiated by CECBEMS.  Step three requires CECBEMS, "within 30 days from the mailing date of the noncompliance notice if no response is received from the contact person of the sponsoring organization, the CECBEMS Chairperson shall notify the contact person of the sponsoring organization in writing, by certified mail, of one of the following:" | p. 8, ¶45, lines 23-27 | Hearsay; Argumentative; Legal Conclusion; Foundation; Speculation; Misstates the Evidence; and Vague and Ambiguous. |

7

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF ELIZABETH SIBLEY IN
SUPPORT OF OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY
RESTRAINING ORDER

113291/000007/952807.01

| STATEMENT | PAGE/LINE | EVIDENTIARY OBJECTIONS |
|---|---|---|
| CECBEMS' Board of Directors had not yet voted on any of the four options ("a"through "d") contained in section 3 or had the chance to notify TargetSafety of such decision. | p. 8, ¶46, lines 28-1 | Hearsay; Argumentative; Misstates the Evidence; and Vague and Ambiguous. |
| Injunctive relief would prohibit CECBEMS from ever enforcing its rules, policies and standards which were implemented to keep the accreditation process trustworthy and credible. TargetSafety would be given a license to violate any rule, policy or standard of CECBEMS and CECBEMS could not revoke as a result of the injunction. | p. 9, ¶49, lines 10-13 | Hearsay; Argumentative; Legal Conclusion; Foundation; Speculation; Misstates the Evidence; and Vague and Ambiguous. |
| TargetSafety's CECBEMS' accreditation would also become permanent, a benefit not held by any CECBEMS accredited agency. TargetSafety's accreditation for each course must be renewed after a three (3) year period. Injunctive relief would effectively force CECBEMS to renew accreditation of each of TargetSafety's courses, even if the course material had become outdated, inaccurate or otherwise failed to meet the accreditation standards in place at the time of the renewal. | p. 9, ¶50, lines 14-18 | Hearsay; Argumentative; Legal Conclusion; Foundation; Speculation; Misstates the Evidence; and Vague and Ambiguous. |
| TargetSafety has refused to submit to an audit as demanded by CECBEMS and as required of TargetSafety by the terms of the application for accreditation at Appendix XV, paragraph 4(c), as also required Appendix "Instructions for Submission" (see note following paragraph 7), and as also required at Appendix Section VIII "Maintenance of Records" (see note: "This information must be provided for audit purposes at CECBEMS request"). | p. 9, ¶51, lines 19-23 | Hearsay; Argumentative; Legal Conclusion; Foundation; Speculation; Misstates the Evidence; and Vague and Ambiguous. |
| Broad injunctive relief will permit TargetSafety to continue to violate the standards of | p. 9, ¶52, lines 24-25 | Hearsay; Argumentative; Legal Conclusion; Foundation; Speculation; Misstates the |

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF ELIZABETH SIBLEY IN
SUPPORT OF OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY
RESTRAINING ORDER

113291/000007/952807.01

| STATEMENT | PAGE/LINE | EVIDENTIARY OBJECTIONS |
|---|---|---|
| accreditation by refusing to comply with CECBEMS' demands for information. | | Evidence; and Vague and Ambiguous. |
| An injunction granting a permanent accreditation status would permit TargetSafety to refuse to comply with any former or new accreditation standards, rules or requirements. This request is simply unreasonable. All accredited agencies must be subject to the standards, rules and requirements of CECBEMS. | p. 9, ¶53, lines 28-3 | Hearsay; Argumentative; Legal Conclusion; Foundation; Speculation; Misstates the Evidence; and Vague and Ambiguous. |
| Further, accreditation requires more than simply the content of the courses meeting the CECBEMS accreditation process. Accreditation requires initial and continuous compliance with all standards, rules and requirements of CECBEMS. | p. 10, ¶54, lines 4-6 | Argumentative; and Vague and Ambiguous. |
| Accredited agencies are also required to submit to audits by CECBEMS. TargetSafety has already failed to do so and injunctive relief would permit further violations by TargetSafety. | p. 10, ¶55, lines 7-9 | Hearsay; Argumentative; Legal Conclusion; Foundation; Speculation; Misstates the Evidence; and Vague and Ambiguous. |
| Section XV of the application for accreditation ("Assurances and Certifications") for the Infectious Disease Control course (and all courses) required TargetSafety to agree that the accredited courses "will be offered in compliance with each of the following requirements", including the "Policy for the Denial, Suspension, or Revocation of CECBMES Accreditation." | p. 10, ¶57, lines 17-20 | Hearsay; Argumentative; and Vague and Ambiguous. |
| Although the list is not exhaustive by its terms, paragraph 4(c) provides as a reason for revocation "Failure to provide CECBEMS with information necessary for CECBEMS to perform a random audit". | p. 10, ¶58, lines 23-25 | Hearsay; Argumentative; and Vague and Ambiguous. |
| Additionally, the "Instructions for Submission" (see note following paragraph 7), and the Appendix at | p. 10, ¶59, lines 26-28 | Hearsay; Argumentative; and Vague and Ambiguous. |

9

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF ELIZABETH SIBLEY IN SUPPORT OF OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

113291/000007/952807.01

| STATEMENT | PAGE/LINE | EVIDENTIARY OBJECTIONS |
|---|---|---|
| Section VIII "Maintenance of Records" (see note: "This information must be provided for audit purposes at CECBEMS request") also require submissions to audits. | | |
| An audit of records was requested by CECBEMS in its May 14, 2008 letter to TargetSafety requesting "course completions for all students completing any version of the CECBEMS' accredited titles to the CECBEMS' database". The May 14, 2008 letter also demands an audit of other items, such as "a list of all states in which TargetSafety is offering the non-CECBEMS accredited version of any course titles". | p. 11, ¶60, lines 1-5 | Hearsay; Argumentative; Legal Conclusion; Foundation; Speculation; Misstates the Evidence; and Vague and Ambiguous. |
| This independent cause for revocation arose after the initial issue appeared and was addressed in the April 11, 2008 letter from CECBEMS to TargetSafety. | p. 11, ¶61, lines 6-7 | Hearsay; Argumentative; Legal Conclusion; Foundation; Speculation; Misstates the Evidence; and Vague and Ambiguous. |
| The reasons for revocation might also reasonably include the misrepresentation in TargetSafety's application. The Appendix to the CECBEMS application under Section IX (Marketing Materials) states, in pertinent part:<br><br>The purpose of this section is to verify that marketing materials for this program provide prospective participants with an accurate description of this activity. Marketing materials should include an accurate description of the activity, be free of any statements that are misleading in any way.... [emphasis added]. | p. 11, ¶62, lines 8-13 | Hearsay; Argumentative; Legal Conclusion; Misstates the Evidence; and Vague and Ambiguous. |
| Such statement provided CECBEMS with the clear impression that all courses provided by TargetSafety under one title will be approved by CECBEMS. | p. 11, ¶65, lines 20-21 | Hearsay; Argumentative; Legal Conclusion; Foundation; Speculation; Misstates the Evidence; and Vague and Ambiguous. |

10

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF ELIZABETH SIBLEY IN SUPPORT OF OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

113291/000007/952807.01

| STATEMENT | PAGE/LINE | EVIDENTIARY OBJECTIONS |
|---|---|---|
| The course catalog was represented as the complete catalog.  Nothing in the course catalog suggested to any CECBEMS reviewer that there were any other courses offered, including a California version of a course under the same name which was not CECBEMS accredited. | p. 11, ¶66, lines 22-24 | Hearsay; Argumentative; Legal Conclusion; Foundation; Speculation; Misstates the Evidence; and Vague and Ambiguous. |
| The course catalog represents a material misrepresentation that would justify revocation by the Board of Directors.  At the very least, the misleading information must be corrected by TargetSafety, which to date it has refused to do. | p. 11, ¶67, lines 25-27 | Hearsay; Argumentative; Legal Conclusion; Foundation; Speculation; Misstates the Evidence; and Vague and Ambiguous. |
| CECBEMS would never have granted accreditation to TargetSafety had it been made aware that TargetSafety would offer non-accredited versions of an accredited course under the same name and without any disclaimers that non-accredited versions are offered. | p. 11, ¶68, lines 28-2 | Hearsay; Argumentative; Legal Conclusion; Foundation; Speculation; Misstates the Evidence; and Vague and Ambiguous. |
| An additional reason for revoking accreditation could include TargetSafety's misleading website, which gives a viewer the impression that all courses are CECBEMS accredited and makes no disclaimer that courses in certain states such as California are not CECBEMS approved. | p. 12, ¶69, lines 3-6 | Hearsay; Argumentative; Legal Conclusion; Foundation; Speculation; Misstates the Evidence; and Vague and Ambiguous. |
| TargetSafety mistakenly asserts that the only reasons for revocation of accreditation is for "any evidence of fraud, deception or impropriety".  Although the "Policy for the Denial, Suspension, or Revocation of CECBMES Accreditation" provides CECBEMS with an additional reason for revocation, the policy is not the only basis for revocation.  Indeed, as stated above, the failure to submit to an audit is also a cause for revocation. | p. 12, ¶70, lines 7-11 | Hearsay; Argumentative; Legal Conclusion; Foundation; Speculation; Misstates the Evidence; and Vague and Ambiguous. |

11

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF ELIZABETH SIBLEY IN SUPPORT OF OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

113291/000007/952807.01

| STATEMENT | PAGE/LINE | EVIDENTIARY OBJECTIONS |
|---|---|---|
| Of course, the CECBEMS Board of Directors could interpret the terms "deception or impropriety" to include the misleading advertising. | p. 12, ¶71, lines 12-13 | Hearsay; Argumentative; Legal Conclusion; and Vague and Ambiguous. |
| The supposed urgency of this application was created entirely by TargetSafety. TargetSafety was provided sixty (60) days to come into compliance with CECBEMS' demands. CECBEMS' demands were intended to protect the integrity of the accreditation process by prohibiting offering an accredited and non-accredited version of the same course under the same title. | p. 12, ¶72, lines 16-20 | Hearsay; Argumentative; Legal Conclusion; Foundation; Speculation; Misstates the Evidence; and Vague and Ambiguous. |
| Instead of taking any actions to indicate to CECBEMS that TargetSafety intended to correct the problems, TargetSafety engaged in a war of words. TargetSafety wholly failed to respond to demands for information (i.e., audit), failed to submit even a plan of correction and failed to make any changes as required by CECBEMS. Instead, they rushed to court to attempt to obtain by improper judicial fiat what was unavailable to them by compliance with the standards of accreditation. | p. 12, ¶73, lines 21-26 | Hearsay; Argumentative; Legal Conclusion; Foundation; Speculation; Misstates the Evidence; and Vague and Ambiguous. |
| TargetSafety could have simply responded to CECBEMS' requests for information or simply submitted a plan of correction to prevent a vote from being taken by the Board of Directors. TargetSafety violated its agreement with CECBEMS by not submitting the audit results. This alone is cause for revocation as specifically stated in the application for accreditation, Section Appendix XV, paragraph 4(c), as also required Appendix "Instructions for Submission" (see note following paragraph 7), and as also required at Appendix Section VIII "Maintenance of Records" (see note: "This | p. 12, ¶74, lines 27-5 | Hearsay; Argumentative; Legal Conclusion; Foundation; Speculation; Misstates the Evidence; and Vague and Ambiguous. |

12

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF ELIZABETH SIBLEY IN SUPPORT OF OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

113291/000007/952807.01

| STATEMENT | PAGE/LINE | EVIDENTIARY OBJECTIONS |
|---|---|---|
| information must be provided for audit purposes at CECBEMS request"). | | |

DATED: August 15, 2008

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP


By:   /s/ Frank L. Tobin
      Frank L. Tobin
      Mathieu G. Blackston
      Attorneys for Plaintiff,
      Targetsafety

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF ELIZABETH SIBLEY IN SUPPORT OF OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

113291/000007/952807.01

1   Frank L. Tobin (Bar No. 166344)
    Mathieu G. Blackston (Bar No. 241540)
2   PROCOPIO, CORY, HARGREAVES &
        SAVITCH LLP
3   530 B Street, Suite 2100
    San Diego, California  92101
4   Telephone: 619.238.1900
    Facsimile: 619.235.0398
5
    Attorneys for Plaintiff,
6   TargetSafety

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10  TARGETSAFETY.COM, INC., a California        Case No.:  08:CV-0994-JLS-JMA
    corporation
11                                              **DECLARATION OF FRANK L. TOBIN
                                                IN SUPPORT OF TARGETSAFETY.
12              Plaintiff,                       COM'S REPLY RE: MOTION FOR
                                                PRELIMINARY INJUNCTION AND
13  v.                                          TEMPORARY RESTRAINING
                                                ORDER**
14  CONTINUING EDUCATION COORDINATING
    BOARD FOR EMERGENCY MEDICAL
15  SERVICES, INC., a Missouri non-profit corporation    Date:      October 16, 2008
    and DOES 1-10                               Time:      1:30 p.m.
16                                              Dept:      6
                Defendants.                     Judge:     Janis L. Sammartino
17

18

19          I, Frank L. Tobin, declare as follows:

20          1.      I am an attorney licensed in all courts of the State of California and am an attorney

21  with the law firm of Procopio, Cory, Hargreaves & Savitch LLP ("Procopio"), counsel of record

22  for Plaintiff TargetSafety.Com, Inc. ("TargetSafety").

23          2.      I have personal knowledge of the following facts and would and could testify to

24  them if called upon to do so, with the exception of those matters stated on information and belief

25  and as to those matters I believe them to be true.

26

27

28

---

DECLARATION OF FRANK L. TOBIN IN SUPPORT OF TARGETSAFETY. COM'S REPLY RE: MOTION
FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

113291/000007/953668.01

3.    The following documents lodged herewith were received by me in the course and scope of my employment as an attorney for TargetSafety and are true and correct copies of the documents they purport to represent:

Exhibit 1:    April 11, 2008 letter from Elizabeth Sibley to Laura Boehm;
Exhibit 2:    April 25, 2008 letter from Bruce Kaechele to Elizabeth Sibley;
Exhibit 3:    CECBEMS' *Policy for the Denial, Suspension, or Revocation of CECBEMS Accreditation*;
Exhibit 4:    May 14, 2008 letter from Elizabeth Sibley to Bruce Kaechele;
Exhibit 5:    May 19, 2008 letter from Frank Tobin to Elizabeth Sibley;
Exhibit 6:    May 27, 2008 letter from Bradley Pinsky to Frank Tobin.
Exhibit 7:    June 3, 2008 letter from Frank L. Tobin to Bradley M. Pinsky
Exhibit 8:    Transcription of Voice Mail Left by Brad Pinsky for Frank L. Tobin on June 6, 2008.
Exhibit 9:    Email from Laura Green to Nancy Steiner dated January 19, 2005.
Exhibit 10:    Selected pages from TargetSafety's website at www.TargetSafety.com.
Exhibit 11:    Email from Ruth Grubb to Kyle Kaechele dated August 5, 2008.
Exhibit 12:    Emails between Laura Boehm and Elizabeth Sibley in March and April, 2008.
Exhibit 13:    Sample EMS Infectious Disease Control Certificate.

4.    Exhibit 8 is a transcription prepared by my office of a voice mail left by Brad Pinsky, Esq. for me on June 6, 2008. It is an accurate reflection of the voice mail message that was left for me.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of August, 2008 at San Diego, California

/s/ Frank L. Tobin
Frank L. Tobin

DECLARATION OF FRANK L. TOBIN IN SUPPORT OF TARGETSAFETY. COM'S REPLY RE: MOTION
FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

113291/000007/953668.01

1  Frank L. Tobin (Bar No. 166344)
   Mathieu G. Blackston (Bar No. 241540)
2  PROCOPIO, CORY, HARGREAVES &
     SAVITCH LLP
3  530 B Street, Suite 2100
   San Diego, California  92101
4  Telephone: 619.238.1900
   Facsimile: 619.235.0398
5
   Attorneys for Plaintiff,
6  Targetsafety.Com, Inc.

7

8              UNITED STATES DISTRICT COURT

9         FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10 TARGETSAFETY.COM, INC., a California          Case No.: 08-CV-0994-JLS-JMA
   corporation,
11                                               **DECLARATION OF KYLE
                                                 KAECHELE IN SUPPORT OF
                Plaintiff,                        TARGETSAFETY.COM'S REPLY RE:
12                                               MOTION FOR PRELIMINARY
   v.                                            INJUNCTION AND TEMPORARY
13                                               RESTRAINING ORDER**
   CONTINUING EDUCATION COORDINATING
14 BOARD FOR EMERGENCY MEDICAL
   SERVICES, INC., a Missouri non-profit corporation  Date:    October 13, 2008
15 and DOES 1-10                                Time:    1:30 p.m.
                                                Dept:
16              Defendants.                      Judge:   Hon. Janis L. Sammartino

17

18         I, Kyle Kaechele, declare as follows:

19         1.     I am Managing Director for TargetSafety.Com, Inc.'s ("TargetSafety") Prevention

20 Link Services.  I have worked for TargetSafety since 2001 and as part of my job duties I have

21 actively developed sales and business opportunities in the sector of TargetSafety's business

22 offering online continuing education courses for emergency medical service ("EMS")

23 professionals.

24         2.     I have personal knowledge of the following facts and would and could testify to

25 them if called upon to do so, with the exception of those matters stated on information and belief

26 and as to those matters I believe them to be true.

27         3.     By the spring of 2006, TargetSafety's online EMS continuing education product

28 had become very popular with EMS professionals.  At this time, TargetSafety's online EMS

                                        1
─────────────────────────────────────────────────────────────
       DECLARATION OF KYLE KAECHELE IN SUPPORT OF PLAINTIFF'S REPLY RE: MOTION FOR
          PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER
113291/000007/953366.01

1    courses had been accredited by a number of state EMS agencies, including California, and

2    TargetSafety sought to expand its online EMS continuing education business into states where

3    course accreditation from the Continuing Education Coordinating Board for Emergency Medical

4    Services, Inc. ("CECBEMS") was required.

5         4.    I telephoned CECBEMS sometime between February and April 2006 to inquire

6    about obtaining CECBEMS accreditation for TargetSafety's online continuing education courses

7    for EMS professionals.

8         5.    I spoke with CECBEMS executive director Elizabeth Sibley. I told Ms. Sibley

9    that TargetSafety was currently offering online continuing EMS education courses in a number of

10   states and was looking to obtain CECBEMS accreditation for its online continuing education

11   courses so that TargetSafety could expand its business opportunities into states where CECBEMS

12   accreditation is required.

13        6.    I am informed and believe that Ms. Sibley has known since my telephone

14   conversation with her in the spring of 2006 that TargetSafety offers online continuing EMS

15   education courses that are accredited by state EMS agencies. During our conversation, Ms.

16   Sibley told me that CECBEMS was the only accrediting organization that the National Registry

17   of Emergency Medical Technicians ("NREMT") accepted for online continuing education. I told

18   Ms. Sibley that the NREMT also accepted accreditation from state EMS agencies. Ms. Sibley

19   and I disagreed as to whether CECBEMS was the only accrediting organization that the NREMT

20   would accept and then we decided to conference into the telephone conversation Jay Scott of the

21   NREMT who is also a current member of the CECBEMS Board of Directors. Mr. Scott stated

22   that CECBEMS is not the only accrediting body that NREMT will accept and he stated that

23   individual state EMS agencies issue accreditation for online continuing education courses and

24   such accreditation was acceptable to the NREMT.

25        7.    After our conversation with Mr. Scott, I told Ms. Sibley that TargetSafety was

26   delivering tens of thousands of training courses in states where state EMS agencies accredit

27   online continuing education courses and hoped to increase that amount by entering into markets

28   where CECBEMS accreditation is required.

---

2

DECLARATION OF KYLE KAECHELE IN SUPPORT OF PLAINTIFF'S REPLY RE: MOTION FOR
PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER 2

113291/000007/953366.01

1      8.     Later that year, TargetSafety decided to apply for course-by-course accreditation

2 from CECBEMS in order to expand its market share into states where CECBEMS' accreditation

3 is required. At no time during the application process did I inform Ms. Sibley or anyone at

4 CECBEMS that TargetSafety would no longer offer its online continuing courses that had been

5 accredited by state EMS agencies. At no time during the during the application process until in

6 or about April 2007 did Ms. Sibley or anyone from CECBEMs inform me, or to the best of my

7 knowledge anyone at TargetSafety, that a requirement of CECBEMS course-by-course

8 accreditation was that an online education provider, such as TargetSafety, must agree to only

9 offer CECBEMS-accredited courses and not offer state-accredited courses.

10      I declare under penalty of perjury under the laws of the State of California that the

11 foregoing is true and correct.

12      Executed this 15th day of August 2008, at Denver, Colorado.

13

14

15

16                         **Kyle Kaechele**

17

18

19

20

21

22

23

24

25

26

27

28

3

1   Frank L. Tobin (Bar No. 166344)
    Mathieu G. Blackston (Bar No. 241540)
2   PROCOPIO, CORY, HARGREAVES &
       SAVITCH LLP
3   530 B Street, Suite 2100
    San Diego, California  92101
4   Telephone: 619.238.1900
    Facsimile: 619.235.0398
5
    Attorneys for Plaintiff,
6   TargetSafety.Com, Inc.

7

8                  UNITED STATES DISTRICT COURT

9          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10  TARGETSAFETY.COM, INC., a California          Case No.: 08:CV-0994-JLS-JMA
    corporation
11                                                **DECLARATION OF BRUCE**
                                                  **KAECHELE IN SUPPORT OF**
12               Plaintiff,                        **TARGETSAFETY.COM'S REPLY RE:**
                                                  **MOTION FOR PRELIMINARY**
13  v.                                            **INJUNCTION AND TEMPORARY**
                                                  **RESTRAINING ORDER**
14  CONTINUING EDUCATION COORDINATING
    BOARD FOR EMERGENCY MEDICAL
15  SERVICES, INC., a Missouri non-profit corporation   Date:   October 16, 2008
    and DOES 1-10                                 Time:   1:30 p.m.
16                                                Dept:   6
                 Defendants.                      Judge:  Janis L. Sammartino
17

18       I, Bruce Kaechele, declare as follows:

19       1.      I am President and CEO of TargetSafety.com ("TargetSafety").  I submit this

20  Declaration in support of TargetSafety's Reply Re: Motion for Preliminary Injunction and

21  Temporary Restraining Order.  I have personal knowledge of the matters set forth herein, and

22  could and would competently testify thereto if called upon as a witness in this matter with the

23  exception of those matters stated on information and belief and as to those matters, I believe them

24  to be true.

25       2.      TargetSafety offers both CECBEMS-accredited EMS online continuing education

26  (CE) courses and state accredited EMS online CE courses.  Contrary to the statements in Ms.

27  Sibley's declaration, TargetSafety does not offer any "non-accredited" EMS online CE courses.

28

1    CECBEMS has not and cannot allege that the courses offered by TargetSafety that have been

2    accredited by state EMS authorities pose any threat to the quality of continuing education offered

3    to emergency service professionals.    As far as quality of coursework goes, CECBEMS'

4    accreditation is not superior to state agency accreditation.    Furthermore, course titles such as

5    "Infectious Disease Control" are generic titles that generally apply to EMS continuing education

6    whether the course is state accredited or CECBEMS-accredited.    It is analogous to different

7    colleges all offering a course entitled "macroeconomics."

8        3.    TargetSafety has not sought organizational accreditation from CECBEMS.

9    Rather, it has only sought accreditation for specific courses. TargetSafety sought course

10    accreditation with CECBEMS as opposed to organizational accreditation so that it would be able

11    to offer courses in states where only CECBEMS-accredited courses are accepted.

12        4.    Despite the alternatives for accreditation, if Ms. Sibley had not been stopped by

13    this lawsuit, TargetSafety believes that CECBEMS would have revoked TargetSafety's

14    CECBEMS' accreditation on June 11 as stated in her letter dated April 11th and reiterated in her

15    letter of May 14th.    If that occurred, TargetSafety would have not been able to offer its EMS

16    continuing education courses in the 16 states where CECBEMS is the exclusive accreditation

17    authority unless TargetSafety acquiesced to CECBEMS' demands that TargetSafety replace all of

18    its non-CECBEMS-accredited courses with CECBEMS-accredited courses despite the

19    accreditation alternatives in the other states.    Due to the close nature of the EMS community,

20    CECBEMS revocation of TargetSafety's course accreditation would have materially and

21    irreparably impacted the company's image, brand name, and reputation in all 50 states.

22        5.    I am informed and believe that at all times it has been clear to CECBEMS that

23    TargetSafety offers both CECBEMS and state accredited courses where state accreditation is

24    accepted.    Mr. James Eastham, Jr., President and CEO of EMSED and an executive with

25    CentreLearn, both direct competitors of TargetSafety, is a director on CECBEMS' board.    Mr.

26    Eastham's companies have competed directly with TargetSafety for many years and Mr. Eastham

27    has spoken to several executives of TargetSafety over the last few years.    As a competitor, I am

28    informed and believe that Mr. Eastham is intimately aware of TargetSafety's service offering and

1   its sales across the United States. Another director of CECBEMS, Ms. Nancy Steiner, was also

2   aware of TargetSafety's California accredited offering. Attached hereto as Exhibit 9 is a copy of

3   an email that Laura Green (now Laura Cox) sent to Nancy Steiner, CECBEMS Chairperson and

4   the EMS Personnel Standards and Licensing Chief, Emergency Medical Services Authority,

5   Sacramento, CA. Ms. Green's e-mail put Ms. Steiner on notice that TargetSafety was offering

6   state accredited and not CECBEMS-accredited EMS continuing education courses. Given that

7   CECBEMS own Chairperson was on notice that TargetSafety was offering state accredited and

8   not CECBEMS-accredited courses in California, and that another board member, Mr. James

9   Eastham, was very knowledgeable about TargetSafety's business and offering, it is disingenuous

10  for Ms. Sibley and CECBEMS to now argue that they were not aware that TargetSafety offered

11  courses other than CECBEMS approved courses.

12      6.      TargetSafety disagrees that any marketing material submitted with its individual

13  course accreditation applications or otherwise was misleading. The marketing material was

14  submitted to CECBEMS because CECBEMS' application required submission of such a

15  document. Because TargetSafety was not marketing any CECBEMS-accredited courses,

16  TargetSafety did not have such a document and the document submitted was developed to

17  illustrate what such a marketing document would look like in the future. At no time did

18  TargetSafety ever use the submitted documents for marketing nor were they made available to

19  any prospect.

20      7.      Furthermore, Section IX of CECBEMS' policy, cited by CECBEMS, indicates

21  that they need "marketing materials for this program." Again, TargetSafety understands this to

22  mean that marketing materials for the particular CECBEMS-accredited program or accredited

23  course in question are being asked for, not all of TargetSafety's marketing materials as

24  CECBEMS now asserts. TargetSafety disputes that it should ever have to be required to provide

25  to CECBEMS any marketing materials which do not relate to CECBEMS-accredited course

26  content and CECBEMS has no right to demand such materials from TargetSafety. TargetSafety

27  does not believe that it has ever made a misleading statement.

28      8.      CECBEMS has never provided any written policy to TargetSafety that indicates

3

1   that TargetSafety cannot offer both CECBEMS and state-approved courses. CECBEMS'

2   statement that TargetSafety had the option to seek CECBEMS' accreditation is misleading. In

3   the 16 states that require CECBEMS' accreditation, there was no option for TargetSafety.

4   Rather, TargetSafety was required to seek CECBEMS' accreditation. Had those 16 states

5   allowed other forms of accreditation, TargetSafety would have most certainly sought those forms

6   as it did in all other states where TargetSafety is accredited and CECBEMS' accreditation is not

7   required. Furthermore, when TargetSafety was applying for accreditation of specific courses

8   from CECBEMS, CECBEMS never demanded that TargetSafety only offer CECBEMS-

9   accredited courses. TargetSafety is not aware of any CECBEMS' policy, regulation or rule

10   applicable to any organization seeking individual course accreditation that requires the

11   organization to exclusively offer CECBEMS' accredited courses. Furthermore, CECBEMS has

12   not provided TargetSafety with any such regulation despite repeated requests for such

13   information.

14          9.      TargetSafety's website is not misleading. It clearly indicates on a state-by-state

15   basis whether the courses TargetSafety offers in the state have been approved by the respective

16   state agency or CECBEMS. Lodged herewith as Exhibit 10 are pages from TargetSafety's

17   website. Page one of Exhibit 10 is the page relating to Emergency Medical Services. That page

18   shows a map of state-approved online EMS continuing education offered by TargetSafety. When

19   one clicks on the California portion of the map, pages two and three of Exhibit 10 appears. Pages

20   two and three of Exhibit 10, which pertain to California, clearly states that TargetSafety is

21   authorized by the State of California to provide online EMS continuing education. It does not

22   state that TargetSafety is offering CECBEMS courses. The EMS catalog page pertaining to

23   California on the website appears as pages four and five of Exhibit 10. The catalog is clearly

24   designated as the EMS course catalog, not the CECBEMS course catalog. Okalahoma is a state

25   where CECBEMS accreditation of online continuing EMS courses is required. When one clicks

26   on Oklahoma, page six of Exhibit 10 appears. Page six of Exhibit 10 pertaining to Oklahoma

27   clearly indicates that the courses are approved by CECBEMS. When one clicks on the course

28   catalog for Oklahoma, which is attached as pages seven and eight of Exhibit 10, it is clear that the

4

DECLARATION OF BRUCE KAECHELE IN SUPPORT OF TARGETSAFETY.COM'S REPLY RE:
MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER
113291/000007/953330.05

1    course catalog pertains to CECBEMS approved courses. Accordingly, TargetSafety's website

2    clearly delineates between the CECBEMS versus non-CECBEMS state-approved courses that are

3    being offered by TargetSafety. TargetSafety is at a loss with regard to CECBEMS's claims for

4    confusion.

5        10.    Even though TargetSafety believes that TargetSafety's website and other materials

6    do not create confusion, TargetSafety acknowledges that it could not succeed if TargetSafety

7    confused the market, and as such, TargetSafety is open to considering any suggestions made by

8    CECBEMS to address concerns about confusion. However, prior to the filing of this lawsuit,

9    CECBEMS was not clear about any confusion concerns. No issue of confusion was raised in

10   Ms. Sibley's original letter. (Exhibit 1) The issue of confusion did not begin to be raised until

11   Ms. Sibley's May 14, 2008 letter. However, in that letter, CECBEMS's website appeared to be

12   the source of confusion. Certainly, the detail of confusion that CECBEMS is now arguing exists

13   was not laid out until after the lawsuit was filed. In point of fact, the issue of confusion now

14   raised by CECBEMS is not what led to this lawsuit. Rather, prior to filing the lawsuit,

15   CECBEMS made it clear that if TargetSafety did not replace all previous versions of its course

16   titles with CECBEMS-accredited versions of those titles, TargetSafety would lose its

17   accreditation and would be deemed to have engaged in fraud, deception or impropriety.

18   CECBEMS has avoided that issue in its opposition papers. TargetSafety does not want there to

19   be any confusion and is certainly willing to work with CECBEMS to address its concern. If

20   confusion was the only issue, TargetSafety believes that this litigation would not have been

21   necessary.

22       11.    TargetSafety has applied for and received from CECBEMS course-by-course

23   accreditation, which CECBEMS offers as an alternative to organizational accreditation.

24   TargetSafety has never applied for or held itself out as an organization that is CECBEMS

25   accredited. TargetSafety applied for CECBEMS course-by-course accreditation so that it could

26   compete in states where CECBEMS' accreditation is required.

27       12.    Ms. Sibley acknowledges in her declaration that CECBEMS has listed

28   TargetSafety as an accredited provider on its website. TargetSafety, however, only identifies

5

DECLARATION OF BRUCE KAECHELE IN SUPPORT OF TARGETSAFETY.COM'S REPLY RE:
MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

113291/000007/953330.05

1    itself as being approved by state agencies and CECBEMS to offer courses. TargetSafety does not

2    hold itself out nor is it an organization accredited by CECBEMS. Clearly, CECBEMS web site

3    could confuse the EMS market. Furthermore, Ms. Sibley makes much ado about TargetSafety's

4    statements to the Orange County Fire Department. Ms. Sibley summarily concludes that these

5    statements to the Orange County fire authority created confusion. She also states that she is

6    personally aware that TargetSafety did not offer the CECBEMS version of courses to the Orange

7    County fire authority. However, the statements create no confusion. TargetSafety is CECBEMS

8    approved for its courses that have been CECBEMS accredited and California State approved for

9    its state-approved EMS continuing education courses. As can be seen from Exhibit B lodged by

10   CECBEMS, the proposal to Orange County is very specific and could only be satisfied by the

11   California State accredited courses because; 1) only the California accredited courses area

12   approved by the Santa Ana College for college credit and reimbursement to Orange County; 2)

13   only California accredited courses are made available under the CSAC risk pool agreement

14   which covers some of the cost of the program; 3) FAIRA discounts are only available under the

15   FAIRA agreement that includes CA accredited courses, and; 4) the CSFA partnership only

16   includes the California accredited courses.    These benefits are substantial and significant and

17   desired by Orange County and the CECBEMS courses were never in consideration. The Orange

18   County fire authority was not confused as to the courses TargetSafety offered and simply chose

19   to purchase TargetSafety's California State accredited courses.    Nonetheless, CECBEMS,

20   through Ms. Sibley, has claimed that TargetSafety's statements to the Orange County fire

21   authority give rise to confusion and CECBEMS' right to revoke accreditation. TargetSafety

22   believes that this is not true. In point of fact, as the e-mail lodged as Exhibit 11 reveals, the

23   Orange County fire authority was not confused as claimed by Ms. Sibley.

24        13.    CECBEMS' basis for revoking its accreditation of TargetSafety's courses is

25   apparently based on the alleged incident with Ms. Petrilla. CECBEMS inquired of TargetSafety

26   regarding this incident, and TargetSafety fully disclosed the details. (Exhibit 12) TargetSafety

27   seriously questions CECBEMS's claims in connection with this incident. TargetSafety is not

28   aware of any other such claims of confusion. The certificate for Ms. Petrilla's infectious disease

6

DECLARATION OF BRUCE KAECHELE IN SUPPORT OF TARGETSAFETY.COM'S REPLY RE:
MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER
113291/000007/953330.05

1  course that is at issue in this matter clearly indicates that the course was state approved.  A

2  sample of such certificate is lodged herewith as Exhibit 13.  TargetSafety has not produced the

3  certificate with Ms. Petrilla's information as it is considered confidential.  Furthermore,

4  Ms. Petrilla is the Program Director for the Riverside County EMS Agency, the local EMS

5  agency that is responsible for administering the county's EMS program under the direction of the

6  state EMS authority, California State Emergency Medical Services.  Given the information

7  available on the certificate of completion and Ms. Petrilla's position, I am informed and believe

8  that she would have known about state-approved accreditation.

9        14.    In addition to being a state administrator for California State Emergency Medical

10  Services, Ms. Petrilla is also an EMT with access to TargetSafety's California-accredited EMS

11  training courses purchased by San Bernardino County.  TargetSafety contracted directly with San

12  Bernardino County to provide San Bernardino County with California-accredited EMS training.

13  In turn, Ms. Petrilla took the training through her association with San Bernardino County.

14  Ms. Petrilla was not given any choice between CECBEMS versus California-state accredited

15  courses.  She took the courses that were offered by San Bernardino County.  TargetSafety did not

16  make any claims to Ms. Petrilla concerning this training and did not provide Ms. Petrilla with any

17  marketing materials.  TargetSafety's certificate (Exhibit 13) clearly indicated TargetSafety's

18  provider number and as an experienced EMS administrator in California, I am informed and

19  believe that Ms. Petrilla would have clearly understood she was being provided with state-

20  approved EMS training.  Furthermore, Ms. Sibley states that Ms. Petrilla was confused by

21  CECBEMS' website, not TargetSafety's certificate which clearly stated the accrediting source.

22  TargetSafety has no authority or input with regard to what CECBEMS puts on its website relative

23  to TargetSafety.

24        15.    Prior to receiving Ms. Sibley's April 11, 2008 letter, TargetSafety had submitted

25  several accreditation applications for individual courses to CECBEMS.  Those courses include 1)

26  Allergies and Anaphylaxis Basic; 2) Cardiac Emergencies Basic; 3) Obstetrical Emergencies

27  Advanced; 4) Bleeding and Shock Advanced; 5) Burn Management Advanced; 6) Health and

28  Wellness; and 7) Respiratory System A&P Review.  TargetSafety has already paid CECBEMS

DECLARATION OF BRUCE KAECHELE IN SUPPORT OF TARGETSAFETY.COM'S REPLY RE:
MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER
113291/000007/953330.05

1    for accreditation of these courses.  However, since April 11, 2008, CECBEMS has failed to

2    complete the accreditation process for those courses which are typically reviewed with an initial

3    response within six weeks.  Furthermore, TargetSafety, on many occasions, has requested that

4    CECBEMS acknowledge to the State of Virginia that courses TargetSafety wishes to offer in that

5    state are CECBEMS accredited.  However, to date, even though such courses are CECBEMS

6    accredited, CECBEMS has failed to acknowledge this to the State of Virginia.  Accordingly,

7    TargetSafety is informed and believes that CECBEMS has failed to process accreditation

8    applications that have been paid for by TargetSafety and has failed to acknowledge to the State of

9    Virginia that TargetSafety has received CECBEMS' accreditation in an effort to force

10   TargetSafety to comply with its demands that it only offer CECBEMS courses.  CECBEMS

11   conduct in this regard is causing damage to TargetSafety.

12        I declare under the penalty of perjury under the laws of the United States of America that

13   the foregoing is true and correct.

14        Executed this 15th day of August, 2008 at _San Diego_ , California

15

16                                                Bruce Kaechele

17

18

19

20

21

22

23

24

25

26

27

28

8

1  Frank L. Tobin (Bar No. 166344)
   Mathieu G. Blackston (Bar No. 241540)
2  PROCOPIO, CORY, HARGREAVES &
       SAVITCH LLP
3  530 B Street, Suite 2100
   San Diego, California  92101
4  Telephone: 619.238.1900
   Facsimile: 619.235.0398
5
   Attorneys for Plaintiff,
6  TargetSafety.com

7

8              UNITED STATES DISTRICT COURT

9          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10  TARGETSAFETY.COM, INC., a California        Case No.: 08-CV-0994-JLS-JMA
    corporation
11                                              **NOTICE OF LODGMENT IN
                                                SUPPORT OF TARGETSAFETY.
12          Plaintiff,                          COM'S REPLY RE: MOTION FOR
                                                PRELIMINARY INJUNCTION AND
13  v.                                          TEMPORARY RESTRAINING
                                                ORDER**
14  CONTINUING EDUCATION COORDINATING
    BOARD FOR EMERGENCY MEDICAL
15  SERVICES, INC., a Missouri non-profit corporation   Date:    October 16, 2008
    and DOES 1-10                               Time:    1:30 p.m.
16                                              Dept:    6
            Defendants.                         Judge:   Janis L. Sammartino
17

18

19      Plaintiff TargetSafety.com ("TargetSafety") respectfully lodges the following exhibits in

20  support of its Reply Re: Motion for Preliminary Injunction and Temporary Restraining Order:

21      Exhibit 1:    April 11, 2008 letter from Elizabeth Sibley to Laura Boehm;

22      Exhibit 2:    April 25, 2008 letter from Bruce Kaechele to Elizabeth Sibley;

23      Exhibit 3:    CECBEMS' *Policy for the Denial, Suspension, or Revocation of*

    *CECBEMS Accreditation*;
24
        Exhibit 4:    May 14, 2008 letter from Elizabeth Sibley to Bruce Kaechele;
25
        Exhibit 5:    May 19, 2008 letter from Frank Tobin to Elizabeth Sibley;
26
        Exhibit 6:    May 27, 2008 letter from Bradley Pinsky to Frank Tobin.
27
        Exhibit 7:    June 3, 2008 letter from Frank L. Tobin to Bradley M. Pinsky
28

113291/000007/953648.01

1        Exhibit 8:    Transcription of Voice Mail Left by Brad Pinsky for Frank L. Tobin on

2 June 6, 2008.

3        Exhibit 9:    Email from Laura Green to Nancy Steiner dated January 19, 2005.

4        Exhibit 10:   Selected pages from TargetSafety's website at www.TargetSafety.com.

5        Exhibit 11:   Email from Ruth Grubb to Kyle Kaechele dated August 5, 2008.

6        Exhibit 12:   Emails between Laura Boehm and Elizabeth Sibley in March and April,

7 2008.

8        Exhibit 13:   Sample EMS Infectious Disease Control Certificate.

9                               Respectfully submitted,

Dated: August 15, 2008          PROCOPIO, CORY, HARGREAVES &

10                                    SAVITCH LLP

11

12                     By:  /s/  Frank L. Tobin

13                         Frank L. Tobin

                               Attorneys for Plaintiff

14                            TARGETSAFETY.COM, INC., a California

                              corporation

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF LODGMENT IN SUPPORT OF REPLY RE: MOTION FOR
PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

113291/000007/953648.01

*TargetSaftey.Com, Inc.*

*vs.*

*Continuing Education Coordinating Board for Emergency Medical Services*

## TABLE OF CONTENTS TO TARGETSAFETY. COM'S MOTION FOR PRELIMINARY INJUNCTION & TEMPORARY RESTRAINING ORDER

| EXHIBIT | DESCRIPTION | PAGE NO's. |
|:---:|:---|:---:|
| 1 | April 11, 2008 letter from Elizabeth Sibley to Laura Boehm | 1-4 |
| 2 | April 25, 2008 letter from Bruce Kaechele to Elizabeth Sibley | 5-6 |
| 3 | CECBEMS' *Policy for the Denial, Suspension, or Revocation of CECBEMS Accreditation* | 7 |
| 4 | May 14, 2008 letter from Elizabeth Sibley to Bruce Kaechele | 8-10 |
| 5 | May 19, 2008 letter from Frank Tobin to Elizabeth Sibley | 11-14 |
| 6 | May 27, 2008 letter from Bradley Pinsky to Frank Tobin | 15-16 |
| 7 | June 3, 2008 letter from Frank Tobin to Bradley Pinsky | 17-20 |
| 8 | August 15, 2008 Memo by Frank Tobin re Transcribed Phone Message from Brad Pinsky on June 6, 2008 at 12:04 p.m. | 21 |
| 9 | January 19, 2005 email from Laura Green to Nancy Steiner | 22 |
| 10 | TargetSafety web pages | 23-30 |
| 11 | August 2008 email string to/from Kyle Kaechele and Ruth Grubb | 31-32 |
| 12 | March 2008 email string to/from Liz Sibley and Laura Boehm | 33-35 |
| 13 | Sample EMS Infectious Disease Control Certificate of Completion | 36 |



12200 Ford Road
Suite 478
Dallas, Texas 75234
Phone 972.247.4442
Fax 214.432.0545
cecbems@cecbems.org

American College of
Emergency Physicians

American College of
Osteopathic Emergency
Physicians

National Association of
Emergency Medical
Technicians

National Association of
EMS Educators

National Association of
EMS Physicians

National Association of
State EMS Officials

National Registry of
Emergency Medical
Technicians

April 11, 2008

Laura Boehm
10815 Rancho Bernardo Road, Suite 250
San Diego, CA 92127

Dear Laura:

Thank you for your email explaining the situation with the certificate issued to a student in San Bernadino, CA. The actions taken by Target Safety described in this message were taken without consulting with CECBEMS and cause us great concern.

It is a requirement of CECBEMS accreditation that once accredited, only the accredited version of the topic will be available to students and all course completions for CECBEMS accredited courses be reported at least quarterly and all certificates issued for these course carry the required CECBEMS statements. This requirement applies, regardless of arrangements made with state EMS agencies or with clients prior to the date of CECBEMS accreditation.

Therefore, to maintain its accreditation, Target Safety must take the following steps to come into compliance within 60 days. Although the situation we identified involved a California student, these steps apply to any situation in any state in which the CECBEMS accredited version of the course is not being offered and course completions are not being reported.

1.    Replace all previous versions of course titles with the CECBEMS accredited version of the course.

2.    Report all course completions that fall within the approval period for each of these titles.

If Target Safety is not in compliance within 60 days, CECBEMS will notify state EMS offices, the National Registry, and the staff and board members of each of its sponsoring organizations that the courses offered by Target Safety do not comply with CECBEMS accreditation requirements and that accreditation was withdrawn pursuant to the *Policy for the Denial, Suspension, or Revocation of CECBEMS Accreditation.*

Feel free to contact us if you have questions. CECBEMS is eager to be of service, but only if it has confidence that Target Safety takes compliance with CECBEMS requirements seriously.

We look forward to hearing from you, to resolving this matter, and to continuing our professional relationship.

Sincerely,

*Elizabeth Sibley*

Elizabeth Sibley
Executive Director

Copy: Bruce Kaechele

Continuing Education Coordinating Board for Emergency Medical Services

## CECBEMS Accredited Target Safety Courses

| Provider No | Course No | Title | Online | Status | App. Date | Expires |
|---|---|---|---|---|---|---|
| PTGSF5900 | 07-CECB-F3-0600 | Airway Management Basic | 1 | Approved | 3/6/2007 | 2/28/2010 |
| PTGSF5900 | 07-CECB-F3-0601 | Airway Management Advanced | 1 | Approved | 5/7/2007 | 5/28/2010 |
| PTGSF5900 | 07-CECB-F3-0602 | Patient Assessment Basic | 1 | Approved | 3/8/2007 | 3/28/2010 |
| PTGSF5900 | 07-CECB-F3-0603 | Patient Assessment Advanced | 1 | Approved | 3/8/2007 | 3/28/2010 |
| PTGSF5900 | 07-CECB-F3-0604 | Obstetrical Emergencies Basic | 1 | Approved | 3/6/2007 | 2/28/2010 |
| PTGSF5900 | 07-CECB-F3-0605 | EMS Driving Safety | 1 | Approved | 3/6/2007 | 2/28/2010 |
| PTGSF5900 | 07-CECB-F3-0622 | Environmental Emergencies Basic | 1 | Approved | 4/19/2007 | 4/14/2010 |
| PTGSF5900 | 07-CECB-F3-0623 | Environmental Emergencies Advanced | 1 | Approved | 4/2/2007 | 4/14/2010 |
| PTGSF5900 | 07-CECB-F3-0624 | Altered Mental Status | 1 | Approved | 4/2/2007 | 4/14/2010 |
| PTGSF5900 | 07-CECB-F3-0625 | Geriatric Emergencies Advanced | 1 | Approved | 3/28/2007 | 4/14/2010 |
| PTGSF5900 | 07-CECB-F3-0626 | Medical, Ethical and Legal Issues in Emergency Medical Care | 1 | Approved | 4/3/2007 | 4/14/2010 |
| PTGSF5900 | 07-CECB-F3-0638 | Infectious Disease Control | 1 | Approved | 5/8/2007 | 6/3/2010 |
| PTGSF5900 | 07-CECB-F3-0639 | Workplace Stress | 1 | Approved | 5/22/2007 | 6/3/2010 |
| PTGSF5900 | 07-CECB-F3-0640 | Back Injury Prevention | 1 | Approved | 5/8/2007 | 6/3/2010 |
| PTGSF5900 | 07-CECB-F3-0641 | Protecting Yourself from Influenza | 1 | Approved | 5/8/2007 | 6/3/2010 |
| PTGSF5900 | 07-CECB-F3-0642 | HIPAA Awareness | 1 | Approved | 5/8/2007 | 6/3/2010 |
| PTGSF5900 | 07-CECB-F3-0643 | HIV/AIDS Awareness | 1 | Approved | 11/20/2007 | 6/3/2010 |
| PTGSF5900 | 07-CECB-F3-0644 | Communication and Documentation | 1 | Approved | 5/14/2007 | 5/3/2010 |
| PTGSF5900 | 07-CECB-F3-0650 | Respiratory Emergencies Basic | 1 | Approved | 5/24/2007 | 6/24/2010 |
| PTGSF5900 | 07-CECB-F3-0651 | Repiratory Emergencies Advanced | 1 | Approved | 6/7/2007 | 6/24/2010 |
| PTGSF5900 | 07-CECB-F3-0652 | Head and Face Injuries Advanced | 1 | Approved | 7/9/2007 | 7/24/2010 |
| PTGSF5900 | 07-CECB-F3-0653 | Neonatology Advanced | 1 | Approved | 6/6/2007 | 6/24/2010 |
| PTGSF5900 | 07-CECB-F3-0654 | Patients with Special Challenges | 1 | Approved | 6/12/2007 | 6/24/2010 |

| PTGSF5900 | 07-CECB-F3-0655 | Introduction to Hazmat | 1 | Approved | 6/12/2007 | 6/24/2010 |
| PTGSF5900 | 07-CECB-F3-0656 | Managing Multiple Casualty Incidents | 1 | Approved | 6/19/2007 | 6/24/2010 |
| PTGSF5900 | 07-CECB-F3-0657 | Pharmacology Basic | 1 | Approved | 6/9/2007 | 6/24/2010 |
| PTGSF5900 | 07-CECB-F3-0658 | CNS Injuries Basic | 1 | Approved | 7/9/2007 | 7/30/2010 |
| PTGSF5900 | 07-CECB-F3-0659 | CNS Injuries Advanced | 1 | Approved | 7/2/2007 | 6/24/2010 |
| PTGSF5900 | 07-CECB-F3-0661 | Thoracic Emergencies Advanced | 1 | Approved | 6/24/2007 | 6/24/2010 |
| PTGSF5900 | 07-CECB-F3-0662 | Pediatrics Advanced | 1 | Approved | 7/10/2007 | 6/24/2010 |
| PTGSF5900 | 07-CECB-F3-0663 | Hazard Communication | 1 | Approved | 6/30/2007 | 6/24/2010 |
| PTGSF5900 | 07-CECB-F3-0664 | Confined Space Entry | 1 | Approved | 7/1/2007 | 6/24/2010 |
| PTGSF5900 | 07-CECB-F3-0665 | Emergency Response to Terrorism | 1 | Approved | 3/25/2008 | 6/24/2010 |

CONTINUING EDUCATION COORDINATING BOARD FOR EMERGENCY MEDICAL SERVICES

## POLICY FOR THE DENIAL, SUSPENSION, OR
## REVOCATION OF CECBEMS ACCREDITATION

CECBEMS maintains the right to withhold, suspend, or revoke accreditation for any evidence of fraud, deception or impropriety. A majority vote of the CECBEMS Board of Directors is required before such action can be taken.

All applicants for accreditation shall be given a copy of this policy, a copy of the actions that could result in denial suspension or revocation of accreditation, and a copy of the process for appeal.

### DENIAL, SUSPENSION, REVOCATION CRITERIA

Actions that could result in the denial, suspension or revocation of CECBEMS accreditation shall include but not be limited to, the following:

> Fraud in the procurement of any CECBEMS accreditation as a continuing education provider.
> Fraud in the procurement of any CECBEMS accreditation of a continuing education course.

### APPEAL PROCESS

Following is the process for appealing a decision by the CECBEMS Board of Directors to suspend or revoke an accreditation.

1) The CECBEMS Chairperson shall notify the contact person of the sponsoring organization in writing, by certified mail, of the CECBEMS standards with which evidence suggests that the organization is not in compliance.

2) Within 15 days of receipt of notification of noncompliance, the contact person for the sponsoring organization shall submit in writing, by certified mail, to the CECBEMS Chairperson one of the following:

    a.    Evidence of compliance with the CECBEMS standards(s) in question, or
    b.    A plan for meeting compliance with the CECBEMS standard(s) in question within 60 days from the day of receipt of notification of noncompliance.

3) Within 15 days of receipt of the response from the contact person of the sponsoring organization, or within 30 days from the mailing date of the noncompliance notice if no response is received from the contact person of the sponsoring organization, the CECBEMS Chairperson shall notify the contact person of the sponsoring organization in writing, by certified mail, of one of the following:

    a.    Decision to accept the evidence of compliance.
    b.    Decision to accept the plan for meeting compliance.
    c.    Decision to suspend the accreditation, including the beginning and ending dates of the suspension and conditions for lifting of the suspension.
    d.    Decision to revoke the accreditation, including the effective date of the revocation, which may not be less than 60 days from the date of the letter of decision from the CECBEMS Chairperson.



April 25, 2008


**<u>VIA OVERNIGHT DELIVERY</u>**


Elizabeth Sibley
Executive Director
Continuing Education Coordinating
Board for Emergency Medical Services
1200 Four Roads**,** Ste. 478
Dallas, Texas   75234

Re:      <u>CECBEMS Letter of April 11, 2008 to Laura Boehm</u>

Dear Ms. Sibley:

        Thank you for your April 11, 2008 letter to Laura Boehm.  TargetSafety believes it is working well with the Continuing Education Coordinating Board for Emergency Medical Services ("CECBEMS").  Nonetheless, TargetSafety was surprised at the formality and tone of your April 11, 2008 letter considering the prior informal e-mail exchange between Ms. Boehm and yourself.

        TargetSafety desires to continue its good working relationship with CECBEMS and address the issues raised in your letter.  However, before responding to your letter which TargetSafety plans to do soon, TargetSafety would appreciate it if you could answer the following questions in order to assist it in understanding CECBEMS' position.

        Your letter states:

        It is a requirement of CECBEMS accreditation that once accredited, <u>only</u> the accredited version of the topic will be available to students and all course completions for CECBEMS accredited courses be reported at least quarterly and all certificates issued for these course carry the required CECBEMS statements.  This requirement applies, regardless of arrangements made with state EMS agencies or with clients prior to the date of CECBEMS accreditation.

        These requirements set forth in your letter are not consistent with TargetSafety's understanding of CECBEMS' accreditation requirements.  After receiving your letter, TargetSafety has not located anything in writing referring to such requirements.  Accordingly, please refer us to the specific source and basis for these requirements so that TargetSafety can fully understand CECBEMS' position in this regard.

        In addition, your letter provides TargetSafety with 60 days from your April 11, 2008 letter to comply, or "CECBEMS will notify state EMS offices, The National Registry and the staff and board members of each of its sponsoring organizations that the courses offered by TargetSafety do not comply with CECBEMS accreditation requirements and that accreditation was withdrawn pursuant to *The Policy for the Denial, Suspension, or Revocation of CECBEMS Accreditation*."

        Again, TargetSafety requests that you specify which CECBEMS specific accreditation requirements are not being complied with and the basis for those requirements.



EX2_000005

Letter to Elizabeth Sibley – April 25, 2008

---

Furthermore, TargetSafety does not understand how its accreditation could be formally withdrawn within sixty-days of your April 11, 2008 letter "pursuant to *The Policy for the Denial, Suspension, or Revocation of CECBEMS accreditation*."  In order for that policy to apply and result in a withholding, suspension or revocation of accreditation, that policy states there must be evidence of "fraud, deception or impropriety."  Is CECBEMS alleging there is such evidence with regard to TargetSafety?  This is certainly not TargetSafety's understanding and TargetSafety trusts that CECBEMS is not making such allegations.  However, if TargetSafety is incorrect and CECBEMS is in fact alleging as such, please refer us to the specifics of the allegation and the evidence.  Also, such a withholding, suspension or revocation finding can only occur upon the majority vote of the CECBEMS Board of Directors.  Has there been such a vote?  TargetSafety is certainly not aware of any such vote.

If there was such a finding and a vote, then under the CECBEMS appeal process, TargetSafety is entitled to written notice of the decision and written notice of the CECBEMS standards with which the evidence suggests that the organization is not compliant.  This written notice is to be transmitted by certified mail.  This has not occurred, and the basis of any alleged noncompliance in your April 11, 2008 letter is not clear to TargetSafety.  If there were such a finding after a majority vote of the CECBEMS Board of Directors, TargetSafety would be entitled to an appellate process as set forth in *The Policy for Denial, Suspension, or Revocation of CECBEMS Accreditation* before any final decision is made.

As such, any notification to state EMS offices, the National Registry, and the staff and board members of each of its sponsoring organizations that the courses offered by TargetSafety do not comply with CECBEMS accreditation requirements and that accreditation was withdrawn pursuant to *The Policy for the Denial, Suspension, or Revocation of CECBEMS Accreditation* would be incorrect and contrary to CECBEMS' own policy and appeal process.  Such notification would cause irreparable harm to TargetSafety's business, and TargetSafety would have no choice but to hold CECBEMS accountable for all such harm to the fullest extent provided by law.  As such, TargetSafety trusts that CECBEMS will work with it to resolve any issues and follow its own policies before taking such action, which TargetSafety maintains would be inappropriate.

We look forward to working through these issues with CECBEMS and maintaining a good working relationship.  Please provide the information requested by this letter by close of business on **May 2, 2008**, so that TargetSafety has adequate time to evaluate the information that CECBEMS provides, and thereafter, to respond to your April 11, 2008 letter to Ms. Boehm within the sixty-day deadline that you have imposed.

Thank you in advance for your attention to this matter.

Sincerely,


Bruce Kaechele
President and CEO
TargetSafety


cc:  Laura Boehm, TargetSafety

EX2_000006

CONTINUING EDUCATION COORDINATING BOARD FOR EMERGENCY MEDICAL SERVICES

### POLICY FOR THE DENIAL, SUSPENSION, OR
### REVOCATION OF CECBEMS ACCREDITATION

CECBEMS maintains the right to withhold, suspend, or revoke accreditation for any evidence of fraud, deception or impropriety. A majority vote of the CECBEMS Board of Directors is required before such action can be taken.

All applicants for accreditation shall be given a copy of this policy, a copy of the actions that could result in denial suspension or revocation of accreditation, and a copy of the process for appeal.

### DENIAL, SUSPENSION, REVOCATION CRITERIA

Actions that could result in the denial, suspension or revocation of CECBEMS accreditation shall include but not be limited to, the following:

> Fraud in the procurement of any CECBEMS accreditation as a continuing education provider.
> Fraud in the procurement of any CECBEMS accreditation of a continuing education course.

### APPEAL PROCESS

Following is the process for appealing a decision by the CECBEMS Board of Directors to suspend or revoke an accreditation.

1) The CECBEMS Chairperson shall notify the contact person of the sponsoring organization in writing, by certified mail, of the CECBEMS standards with which evidence suggests that the organization is not in compliance.

2) Within 15 days of receipt of notification of noncompliance, the contact person for the sponsoring organization shall submit in writing, by certified mail, to the CECBEMS Chairperson one of the following:

    a.    Evidence of compliance with the CECBEMS standards(s) in question, or
    b.    A plan for meeting compliance with the CECBEMS standard(s) in question within 60 days from the day of receipt of notification of noncompliance.

3) Within 15 days of receipt of the response from the contact person of the sponsoring organization, or within 30 days from the mailing date of the noncompliance notice if no response is received from the contact person of the sponsoring organization, the CECBEMS Chairperson shall notify the contact person of the sponsoring organization in writing, by certified mail, of one of the following:

    a.    Decision to accept the evidence of compliance.
    b.    Decision to accept the plan for meeting compliance.
    c.    Decision to suspend the accreditation, including the beginning and ending dates of the suspension and conditions for lifting of the suspension.
    d.    Decision to revoke the accreditation, including the effective date of the revocation, which may not be less than 60 days from the date of the letter of decision from the CECBEMS Chairperson.

**CECBEMS**

12200 Ford Road
Suite 478
Dallas, Texas 75234
Phone 972.247.4442
Fax 214.432.0545
cecbems@cecbems.org

American College of
Emergency Physicians

American College of
Osteopathic Emergency
Physicians

National Association of
Emergency Medical
Technicians

National Association of
EMS Educators

National Association of
EMS Physicians

National Association of
State EMS Officials

National Registry of
Emergency Medical
Technicians

May 14, 2007

Bruce Kaechele
President and CEO
TargetSafety
10815 Ranch Bernardo Road, Suite 250
San Diego, CA 92127

Dear Mr. Kaechele:

Thank you for your letter of April 25 expressing TargetSafety's desire to maintain a good working relationship between our organizations. As a point of clarification, my letter of April 7 and this letter were written following a motion to do so passed by the CECBEMS' Board of Directors.

CECBEMS' concern arose from communication with a local EMS agency (LEMSA) staff member in the state of California. The LEMSA staff member questioned the validity of a certificate that appeared to be issued by TargetSafety but that did not bear CECBEMS' accreditation statement. The LEMSA staff member had checked CECBEMS' website and noted that TargetSafety is listed as an accredited provider. This inconsistency caused the LEMSA staff member to question the validity of the certificate.

Following the communication with the LEMSA staff member, I immediately checked with Laura Boehm, the contact listed on the TargetSafety application. I received an email from Ms. Boehm that said that the certificate did not include CECBEMS' statement because the student "took the state-approved version of the course (which uses a different testing methodology and different test questions than the CECBEMS' approved version of the course)."

The attached marketing material submitted to CECBEMS with the TargetSafety application for accreditation in January 2007 and attested to by your signature and that of Ms. Boehm says, "The following course catalog [is] currently in development. Courses will be rolled out over the next year as they are completed and approved by CECBEMS. New Courses will automatically be added [to] your library upon CECBEMS' approval." This material gave our reviewers every reason to believe that only CECBEMS' accredited courses would be offered by TargetSafety, which is consistent with our requirements. When the first of the TargetSafety courses was approved in March 2007, TargetSafety was listed on CECBEMS' Web site as an accredited provider.

Ms. Boehm's message further stated that TargetSafety took this action "...so we wouldn't have to re-apply to states where our content was already approved until that approval expires (since several states require an additional approval process even for CECBEMS' approved content)." However, the state of California accepts CECBEMS' accredited courses with no further approval required, hence the question from the California LEMSA staff about the validity of the TargetSafety certificate. CECBEMS has assured the State of California that it is working with TargetSafety to resolve the problem. CECBEMS certainly does not want a student to have credit denied for a course that the student and his/her employer both had good reason to believe CECBEMS has accredited.

Our concern is that the situation that has occurred in California has potential to be repeated in other states. This means that either the EMS provider will have to prove to the respective state EMS office that the certificate(s) he/she is presenting is valid or that the state will ask CECBEMS to validate the certificate(s) from its database. Either way, CECBEMS' response would be that the course

Continuing Education Coordinating Board for Emergency Medical Services

Bruce Kaechele
May 14, 2008
Page 2

completion(s) for that student has not been reported to its database and that the student's CE is not valid. Surely, you will agree that this is not good for the student or for either of our organizations. CECBEMS' sponsoring organizations, which include the National Association of State EMS Officials and the National Registry of EMTs (NREMT), chartered CECBEMS to maintain an orderly accreditation process on which students, employers, and our sponsoring organizations can rely. If we cannot resolve the existing confusion by June 11, 2008, we will have no choice but to alert state offices and NREMT of the situation discussed in this letter and tell them what we are doing to minimize problems.

TargetSafety must take the following steps by June 11 in order to resolve this issue.

1. Replace all previous versions of course titles with the CECBEMS' accredited version of that title by a mutually agreeable date.
2. Give CECBEMS a list of all states in which TargetSafety is offering the non-CECBEMS accredited version of any course titles. CECBEMS will work with each state to ensure that students receive CECBEMS' credit for these titles, regardless of the version they completed.
3. Report course completions for all students completing any version of the CECBEMS' accredited titles to the CECBEMS' database by a mutually agreeable date.
4. Report to CECBEMS any other situations that may exist with regard to the delivery of EMS continuing education that CECBEMS may not be aware of at this time. It is very important that TargetSafety make full and complete disclosure so that we can work together to head off further confusion.

CECBEMS accreditation is a national accreditation and applies to accredited course completions in all states. The decision that TargetSafety and all EMS CE providers must make is whether or not CECBEMS' requirements are a good fit for their business plan. If your decision is to be CECBEMS' accredited, then you need to adhere to what the marketing material submitted with your application said you would do. If you want to maintain your accreditation, we will help you do that, but you will have to make full disclosure so we can arrive at a plan by which TargetSafety can meet CECBEMS' requirements. If we cannot arrive at a mutually agreeable plan, then TargetSafety will lose CECBEMS' accreditation.

I will be in San Diego, CA, May 26-28, 2008, with a member of the CECBEMS Board of Directors to meet with the California EMS Administrators at their 2008 Conference. We would be happy to meet with you in person at that time to discuss a plan for resolving this issue.

I hope this letter has conveyed the urgency of resolving this situation quickly and the willingness of CECBEMS to work with TargetSafety to do so.

Sincerely,

*Elizabeth Sibley*

Elizabeth Sibley
Executive Director

Attachment



# TargetSafety
# Online EMS Continuing Education

TargetSafety is in the process of developing a comprehensive EMS continuing education program. Our courses allow EMT Basic, Intermediate, Paramedic, ECA or First Responders to complete their continuing education requirements when and where they have time in an engaging easy-to-use format.

**Two year individual subscription with unlimited access to all courses for $164.95**

**For more information and to register please visit, www.targetsafety.com/fire/ems/**

**or call toll free 877.944.6372**

**TargetSafety, Inc.
10815 Rancho Bernardo Road, Suite 250
San Diego, CA 92127**



**Online Fire & EMS Training**

Safety Training Partner NFPA

# Course Catalog

The following course catalog currently in development. Courses will be rolled out over the next year as they are completed and approved by CECBEMS. New courses will automatically be added your library upon CECBEMS approval.

**Preparatory (hours)**
Health and Wellness (1)
Diet and Nutrition (1)
Back Injury Prevention (1)
Workplace Stress (1)
Infectious Disease Control (1)
Medical, Ethical, and Legal Issues in Emergency Care (1)
HIPAA Awareness (1)
Protecting Yourself From Influenza (1)
HIV Awareness (2)
HIV Awareness - Florida (2)

**Trauma (hours)**
Shock Basic (1)
Shock Advanced (1)
Burn Management Basic (1)
Burn Management Advanced (1)
Musculoskeletal Injuries Basic (1)
Musculoskeletal Injuries Advanced (1)
Head and Face Emergencies Advanced (1)
CNS Injuries Basic (1)
CNS Injuries Advanced (1)

**Medical (hours)**
Respiratory Emergencies Basic (1)
Respiratory Emergencies Advanced (1)
Pharmacology Basic (1)
Pharmacology Advanced (1)
Cardiac Emergencies Basic (1)
Cardiac Emergencies Advanced (1)
Altered Mental Status (1)
Poison and Overdose Basic (1)
Environmental Emergencies Basic (1)
Environmental Emergencies Advanced (1)
Behavioral Emergencies Basic (1)
Behavioral Emergencies Advanced (1)
Non-Traumatic Abdominal Injuries (1)
Allergies Basic (1)
Allergies Advanced (1)

**Airway (hours)**
Respiratory System: Anatomy and Physiology (1)
**\*\*Airway Management Basic (1)**
**\*\*Airway Management Advanced (1)**

**Special Considerations (hours)**
**\*\*Obstetrical Emergencies Basic (1)**
Obstetrical Emergencies Advanced (1)
Neonatology Advanced (2)
Pediatric Medical Emergencies Basic
Pediatric Medical Emergencies Advanced (2)
Geriatric Emergencies Advanced (2)
The Challenged Patient Advanced (2)

**Operations (hours)**
**\*\*EMS Driving Safety (1)**
Introduction to Hazardous Materials (2)
Hazard Communications (1)
Confined Space Entry (1)
Emergency Response to Terrorism (4)
Managing MCIs (1)



\*\*Continuing Education Hours have been applied for through the Continuing Education Coordinating Board for Emergency Medical Services (CECBEMS) for the courses marked with \*\*.

EX4_000010

# Procopio

Procopio, Cory, Hargreaves & Savitch LLP

Frank L. Tobin
Direct Dial: (619) 525-3802
E-mail: flt@procopio.com

May 19, 2008

**VIA FACSIMILE AND FEDERAL EXPRESS**

Elizabeth Sibley
Executive Director
CECBEMS
12200 Ford Road, Ste. 478
Dallas, Texas   75234

Re:    CECBEMS Letter of May 14, 2008

Dear Ms. Sibley:

This office represents TargetSafety.com, Inc.  TargetSafety has asked us to respond to your May 14, 2008 letter.

On April 25, 2008, Bruce Kaechele, President and CEO of TargetSafety wrote in response to your April 11, 2008 letter to Laura Boehm.  In Mr. Kaechele's April 25, 2008 letter to you, he asked you for specific information including:

1.    The specific source and basis for the accreditation requirements alleged in your April 11, 2008 letter;

2.    Specification of which CECBEMS specific accreditation requirements are allegedly not being complied with by TargetSafety and the basis for those requirements;

3.    Whether there had been a vote by the CECBEMS board of directors to withhold, suspend or revoke TargetSafety's accreditation based on evidence of "fraud, deception or impropriety"; and

4.    If a vote had been taken, written notice of any decision of the Board and written notice of the CECBEMS standards with which the evidence suggests that TargetSafety is not compliant.

Mr. Kaechele also pointed out TargetSafety's concern that CECBEMS was not following its own stated processes.  Mr. Kaechele reiterated in his letter that any notification to state EMS

EX5_000011

Procopio

Elizabeth Sibley
May 19, 2008
Page 2

offices, The National Registry and the staff and board members of each of its sponsoring organizations that the courses offered by TargetSafety do not comply with CECBEMS accreditation requirements and that accreditation was withdrawn pursuant to *The Policy for the Denial, Suspension or Revocation of CECBEMS Accreditation* would be incorrect and contrary to CECBEMS own policy and appeal process. Mr. Kaechele reiterated that such notification would cause irreparable harm to TargetSafety's business and that TargetSafety would have no choice but to hold CECBEMS accountable for all such harm to the fullest extent provided by law.

Mr. Kaechele gave you until May 2, 2008 to respond. However, no response was received until May 14, 2008. Your May 14, 2008 letter ignores TargetSafety's request for information and simply dictates alleged steps that TargetSaftey "must" take by June 11, 2008 or presumably CECBEMS will revoke TargetSafety's CECBEMS' accreditation.

This is a very serious matter. Based on our review of this matter, CECBEMS is not following its policies and procedures. CECBEMS' conduct and threat to revoke TargetSafety's CECBEMS' accreditation provides TargetSafety with a variety of legal claims. TargetSafety remains open and willing to discuss issues with CECBEMS in an effort to explore ways to resolve this matter. However, TargetSafety is not able to engage in any such discussions in light of the current arbitrary deadline imposed by CECBEMS of June 11, 2008. Under the current deadline of June 11, 2008, TargetSafety believes it only has time to address this matter legally. There is simply not enough time by June 11, 2008 to have meaningful discussions in connection with exploring a resolution and, thereafter, have time to take legal action in the event that such discussions are not productive.

Accordingly, we are writing on behalf of TargetSafety to request that you notify us by close of business on Wednesday, May 21, 2008 that CECBEMS will extend the June 11, 2008 deadline to allow the parties more time to explore a resolution of this matter. If CECBEMS and their directors will not extend the deadline and provide TargetSafety with the information to properly respond to the issues raised by CECBEMS, TargetSafety will take any and all appropriate legal actions to defend itself and will put CECBEMS, all CECBEMS Directors, Director Alternates, and all organizations listed on CECBEMS' letterhead on notice of those legal actions.

We look forward to hearing your response to the above by May 21, 2008.

Very truly yours,

Frank L. Tobin

FLT/mdr

EX5_000012

```
***********************************************************************
*                      TRANSACTION REPORT                            *
*                                          MAY-19-2008 MON 01:16 PM   *
*   FOR: Procopio, Cory         619 235 0398                         *
*-------------------------------------------------------------------*
*   SEND                                                             *
*  DATE  START    RECEIVER       TX TIME  PAGES TYPE     NOTE    M# DP*
*-------------------------------------------------------------------*
*  MAY-19 01:15 PM 912144320545   1'19"    3  FAX TX     OK     963  *
*-------------------------------------------------------------------*
*                              TOTAL :    1M 19S PAGES:  3          *
***********************************************************************
```



# Procopio

**FACSIMILE**

Procopio, Cory, Hargreaves and Savitch LLP

## FACSIMILE TRANSMISSION

DATE:    May 19, 2008        TOTAL PAGES, INCLUDING COVER:    3

To:

| NAME: | FACSIMILE NO. | TELEPHONE NO. |
|---|---|---|
| Elizabeth Sibley CECBEMS | (214) 432-0545 | (972) 247-4442 |

FROM:    Frank L. Tobin

RE:    CECBEMS Letter of May 14, 2008

CC:

MESSAGE:    Attached please find correspondence of today's date in the above-referenced matter.

Thank you.

EX5_000013

# ◫ Procopio®

FACSIMILE

Procopio, Cory, Hargreaves and Savitch LLP  ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■

## FACSIMILE TRANSMISSION

DATE:    May 19, 2008                TOTAL PAGES, INCLUDING COVER:        3

To:

| NAME: | FACSIMILE NO. | TELEPHONE NO. |
|---|---|---|
| Elizabeth Sibley CECBEMS | (214) 432-0545 | (972) 247-4442 |

FROM:    Frank L. Tobin

RE:    CECBEMS Letter of May 14, 2008

CC:

MESSAGE:    Attached please find correspondence of today's date in the above-referenced matter.

Thank you.

---

### CONFIDENTIAL INFORMATION

**PLEASE NOTE:** The information contained in this facsimile message is privileged and confidential; and it is intended only for the use of the individual(s) named above, and others who have been specifically authorized by such individual(s). If you are not the named recipient(s) or authorized by the named recipient(s), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone ((619) 238-1900) and return this facsimile message to the sender via the U.S. Mail (530 B Street, Suite 2100, San Diego, California 92101). Thank you.

---

Please deliver the accompanying document(s) as soon as possible to the addressee. If a problem occurs in transmission, please telephone immediately (619) 238-1900.

---

Client Name:
Client/Matter No.:
Equitrac No:
Document5

EX5_000014

# FACSIMILE

## SCICCHITANO & PINSKY, PLLC

5789 Widewaters Parkway
Syracuse, New York 13214-2807
Fax:       (315) 475-8230
Phone:     (315) 428-8344
e-mail:    mail@sfplawfirm.com

## PERSONAL & CONFIDENTIAL

| | |
|---|---|
| **Date:** | **May 27, 2008** |
| **Fax No.:** | **(760) 931-1155** |
| **To:** | **Frank L. Tobin, Esq.** |
| **From:** | **Bradley M. Pinsky, Esq.** |
| **Pages:** | **2** |
| **Re:** | **CECBEMS** |

**Please see the attached.**

The information contained in this facsimile message is attorney privileged and confidential, intended only of use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that dissemination, distribution or copying of this information is prohibited. If you have received this communication in error, please notify us immediately by telephone.

EX6_000015

## SCICCHITANO & PINSKY, PLLC
### ATTORNEYS AT LAW

Partners:

Gregory A. Scicchitano, Esq. *

Bradley M. Pinsky, Esq.

*Also Admitted in NJ and PA

May 21, 2008

5789 Widewaters Pkwy

Syracuse, New York 13214

(315) 428-8344

(315) 475-8230 (fax)

David B. Garwood, of counsel

VIA FACSIMILE & FIRST CLASS MAIL

(760) 931-1155

Frank L. Tobin, Esq.

Procopio, Cory, Hargreaves & Savitch LLP

530 B Street, 21st Floor

San Diego, CA 92101

   *Re: CECBEMS*

Dear Mr. Tobin:

We serve as national counsel to CECBEMS. We have received your letter on behalf of your client. Your client has failed to cooperate with CECBEMS' demands. Your numerous threats do not serve your client and your client has failed to comply with CECBEMS' demands by the date required. It is certainly your choice to try to turn the burden upon CECBEMS, but I promise that will not benefit your client.

Your client made significant and material misrepresentations in its application. Accreditation was provided based upon those misrepresentations. The misrepresentations have now come to light and your client was very pleasantly requested to solve the issue. We cannot fathom why your client would refuse to come into compliance with CECBEMS' demands.

That being said, if your client does not comply with the letter by the required date (and some deadlines have already passed), CECBEMS will take the promised actions. Your client simply has a choice. It can pursue this course of antagonistic responses and lose its accreditation, or it can take reasonable steps to comply. We will not provide any additional information as your client certainly understands the issue and the steps necessary to resolve it.

Therefore, we hope to receive your client's response of a plan of correction and the other items demanded by the date due. We again look forward to working with your client, but warn that your antagonistic and threatening tone will not serve your client well.

You may contact us with any questions, but we strongly suggest a more cooperative tact.

     Very truly yours,

     SCICCHITANO & PINSKY, PLLC

     By:

       Bradley M. Pinsky



**Procopio**

Procopio, Cory, Hargreaves & Savitch LLP

Frank L. Tobin
Direct Dial: (619) 525-3802
E-mail: flt@procopio.com

June 3, 2008

<u>**VIA FACSIMILE (315) 475-8230 AND**</u>
<u>**E-MAIL TO: brad@sfplawfirm.com**</u>
Bradley M. Pinsky, Esq.
Scicchitano & Pinsky, PLLC
5789 Widewaters Pkway
Syracuse, New York  13214

Re:    CECBEMS/TargetSafety

Dear Mr. Pinsky:

This letter is written to respond to your May 21, 2008 letter which was not received by our office until May 27, 2008.

TargetSafety is very disappointed with the posture that CECBEMS has decided to take in this matter. My May 19, 2008 letter simply asked for information that has not been provided by CECBEMS and more time so that the parties could try to work constructively to resolve the issues without resorting to the court. This was the same information that Mr. Kaechele had requested on April 25, 2008. My letter also stressed the seriousness of this issue which could result in irreparable harm to TargetSafety. Your non-responsive letter was devoid of any substance and constituted more stonewalling on the part of CECBEMS.

Unfortunately, as you are fully aware, CECBEMS has left TargetSafety no choice but to address this issue with the court so that TargetSafety does not lose its CECBEMS accreditation on June 11, 2008. Unfortunately, this has caused TargetSafety to already incur significant expense. This letter is written to put CECBEMS and you on notice that tomorrow TargetSafety will be filing its lawsuit against CECBEMS in the United States District Court, Southern District of California and requesting a temporary restraining order ("TRO") and preliminary injunction to maintain the status quo to prevent CECBEMS from revoking TargetSafety's CECBEMS' accreditation during the pendency of the lawsuit.

We believe that the evidence will show that by threatening to revoke TargetSafety's accreditation without basis and without following its very own appeals process, CECBEMS is wrongfully leveraging its authority to accredit courses in many states to require TargetSafety to pay for CECBEMS accreditation of courses in states where CECBEMS accreditation is not required. Threats contained in your own letter such as "I promise that will not benefit your

530 B Street, Suite 2100 • San Diego, CA 92101-4469 • T. 619.238.1900  F. 619.235.0398
North County Office: 1917 Palomar Oaks Way, Suite 300 • Carlsbad, CA  92008-6511 • T. 760.931.9700  F. 760.931.1155
www.procopio.com
113291/000007/926319.01

EX7_000017



Bradley M. Pinsky, Esq.
June 3, 2008
Page 2

client" and "your client can pursue this course of antagonistic responses and lose its accreditation" in response to a letter that simply requested more information and more time to try to resolve the matter is consistent with your client's improper conduct. Although losing its CECBEMS accreditation will result in great harm to TargetSafety and CECBEMS knows that, TargetSafety will not succumb to such threats, especially considering that CECBEMS has not provided the information that TargetSafety has requested in an attempt to understand CECBEMS position and has denied TargetSafety its appeals process.

CECBEMS threat to revoke TargetSafety's accreditation has nothing to do with the quality of TargetSafety's course content, much of which has already been approved by CECBEMS. In fact, CECBEMS has continued to approve TargetSafety's course content. CECBEMS threats are inconsistent with CECBEMS primary exempt purpose of "ongoing programs for standardization, testing and approval of processes of educational activities to validate education integrity for emergency services" as stated in CECBEMS' 2006 IRS FORM 990. CECBEMS conduct is legally actionable and TargetSafety is left with no option other than to seek protection from the court.

If after reviewing this letter, CECBEMS wishes to change its mind and extend in writing the June 11, 2008 deadline to allow the parties more time to explore a resolution of this matter either through party to party discussions or with the assistance of a third party mediator, TargetSafety will delay filing its lawsuit and seeking a TRO and preliminary injunction to explore whether resolution can be reached. However, our office must be notified in writing of such a decision by CECBEMS no later than **9:00 a.m. (PST) tomorrow**.

June 11, 2008 is an arbitrary deadline. TargetSafety does not understand why CECBEMS would not try to provide the information that TargetSafety has requested and extend the time to see if a resolution can be achieved before putting this matter in litigation. If we do not hear from you in writing extending the time by 9:00 a.m. (PST) tomorrow, TargetSafety can only assume that CECBEMS, all of its board of directors including James N. Eastham, a competitor of TargetSafety, and its sponsoring organizations are all in support of CECBEMS unfortunate, hard line position.

Once we have a time for the TRO and/or Preliminary Injunction hearing, we will provide you with notice. If there is local counsel in Southern California that we should deal with on this matter, please let us know.

Bradley M. Pinsky, Esq.
June 3, 2008
Page 3


    Thank you for your attention to this matter.

                Very truly yours,

                Frank L. Tobin

FLT/mdr

```
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
x                                                                      P. 01  x
x                     TRANSACTION REPORT                                      x
x                   ───────────────────────                                   x
x                                               JUN-03-2008 TUE 05:19 PM      x
x                                                                             x
x     FOR:  Procopio, Cory          619 235 0398                              x
x                                                                             x
x─────────────────────────────────────────────────────────────────────────x
x     SEND                                                                    x
x                                                                             x
x    DATE  START   RECEIVER      TX TIME  PAGES TYPE    NOTE         M#  DP    x
x─────────────────────────────────────────────────────────────────────────x
x   JUN-03 05:18 PM 913154758230   42"    4  FAX TX     OK          003       x
x─────────────────────────────────────────────────────────────────────────x
x                                                                             x
x                                    TOTAL :      42S  PAGES:   4             x
x                                                                             x
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
```



Procopio

FACSIMILE

Procopio, Cory, Hargreaves and Savitch LLP

## FACSIMILE TRANSMISSION

DATE:  June 3, 2008

TOTAL PAGES, INCLUDING COVER:

To:

| NAME: | FACSIMILE NO. | TELEPHONE NO. |
|---|---|---|
| Bradley M. Pinsky, Esq. SCICCHITANO & PINSKY, PLLC | (315) 475-8230 | (315) 428-8344 |

FROM:     Frank L. Tobin

RE:         CECBEMS/TargetSafety

CC:

MESSAGE:     Attached please find correspondence of today's date.

Thank you.

EX7_000020

# Procopio®

**MEMORANDUM**

Procopio, Cory, Hargreaves and Savitch LLP

| | | | |
|---|---|---|---|
| **TO:** | Frank L. Tobin | **FILE NO:** | |
| **FROM:** | Frank L. Tobin | **CC:** | Frank L. Tobin, Esq. |
| **DATE:** | August 15, 2008 | | |
| **RE:** | Transcribed Phone Message from Brad Pinsky on June 6, 2008 at 12:04 p.m. TargetSafety.com v. CECBEMS | | |

---

Hey Frank, Brad Pinsky from New York on behalf of CECBEMS. I trying to think what you thought about the extension. More importantly, I'm trying to come up to a resolution about this. I don't want to leave too long a message but you know, it occurs to me (1) that whether or not you have any short-term victory, your guys are done if CECBEMS decides (1) from now on we're never going to accredit another one of their courses and (2) when this three years comes up we're not going to continue their accreditation. So, that being the case, I think you guys are certainly have the needs to engage in some good faith cooperation and you know we have always been willing to cooperate by getting a plan of correction. I have some very easy ideas and have always had some very easy ideas but it doesn't seem like TargetSafety really is interested in doing anything. So my question is if TargetSafety is sincerely looking at continuing a relationship with CECBEMS from this day forward and by that I mean, receiving accreditation of any other course and then within three years having any other courses continue to be accredited which at this point clearly they will not be upon the expiration and which no court could ever force us to be...to do, then I would hope that we would work out something where CECBEMS' concerns are addressed and I think I have a way to do that. I have to clear it with my client but I will share with you when you call me which is basically making very clear in what states courses are not CECBEMS accredited and on all advertisements making clear in what states these courses are not CECBEMS accredited and to babble one second further, I'm not sure you understand that the issue is that in they offer and as advertised, that this infectious disease course and other courses are accredited even though in some states they are not accredited and they are offering a different version. It is very misleading to people who take a course that's on a list of CECBEMS accredited courses when in some states it is in fact not accredited and if there were a way to distinguish that, maybe CECBEMS for the short term would find that acceptable. I don't know as to any new courses that they would, but I will find out. When you call me back let's see how much talking we can do. If we can do some good talking then we will simply you know, put this whole thing on hold and we won't touch your accreditation until we can work something out. Same deal it's always been to try to come up with a verbal plan of correction. Okay, (315) 701-0250. Look forward to talking to you. Bye!

113291/000007/932468.02
530 B Street, Suite 2100 • San Diego, CA 92101-4469 • T. 619.238.1900  F. 691.235.0398
*North County Office:* 1917 Palomar Oaks Way, Suite 300 • Carlsbad, CA  92008-6511• T. 760.931.9700   F. 760.931.1155
www.procopio.com

EX8_000021

**From:** Laura Green [mailto:laura@targetsafety.com]
**Sent:** Wednesday, January 19, 2005 10:51 AM
**To:** Nancy Steiner (Nancy.Steiner@emsa.ca.gov)
**Subject:** Approval for EMS Continuing Education

Hi Nancy,

My name is Laura Green. I am the content manager at Target Safety in San Diego. We have traditionally delivered online safety and OSHA compliance training to fire departments around the country. Over the past year, we have been working with several of our clients to develop a series of online EMS continuing education courses. We have been seeking approval in locations as needed at the request of our clients. We are currently approved by the State of Florida, and Clark County, Nevada, and are working with a California client to formalize approval here.

I was reading through the CCR related to EMS continuing education and found myself a little confused, so I was hoping you could outline the approval process in California. Reading through the regulation I would assume that we would want to seek approval as a CE Provider. Is this correct? If we are approved as a provider does that mean all of our courses are approved (we do not need to seek approval on a course by course basis)? Through whom would we seek approval – a local EMS agency or the EMS authority? Where can I obtain an application?

Thanks you for your time and I look forward to hearing from you.

Sincerely,
Laura Green
TargetSafety
lgreen@targetsafety.com
858-592-6880 Ext. 112
Cell 858-231-4061

EX9_000022



**TargetSafety**

| Who We Serve | PreventionLink | Solutions | Services | Support | About TargetSafety | Contact U |

**Who We Serve**

Risk Pools

Cities/Municipalities

Fire

EMS

Water/Wastewater

Special Districts

General Industry

*"We value our relationship with TargetSafety. It has been, and continues to be, an extremely beneficial collaboration towards fulfilling the mission of our organization."*

**Kathy Poffenberger**
West Shore EMS

# Emergency Medical Services

PreventionLink offers over 60 hours of online **EMS continuing education**. Our courses allow EMT-Bas Intermediate, Paramedic, ECA or First Responders to complete their continuing education requirements, where they have time in an engaging and easy-to-use format.

TargetSafety is in the process of obtaining approval by the **Continuing Education Coordinating Board Emergency Medical Services (CECBEMS)**. Please contact us for more information on our CECBEMS-content.

State Approved Online EMS Continuing Education
Click on a state below for approval status.



Continuing Educa
STATE

- My state is -

Go

Please select yo
course approval
and pricing.



**MEMBERS
CLICK HERE**

Home  |  About TargetSafety  |  Partnerships  |  Contact Us  |  GoTo Meeting  |  Client Login

© 2008 TargetSafety. All rights reserved. Privacy Policy

EX10_000023
8/14/2008



# TargetSafety

| Who We Serve | PreventionLink | Solutions | Services | Support | About TargetSafety | Contact |



**Who We Serve**

Risk Pools

Cities/Municipalities

Fire

EMS

Water/Wastewater

Special Districts

General Industry

*"We value our relationship with TargetSafety. It has been, and continues to be, an extremely beneficial collaboration towards fulfilling the mission of our organization."*

**Kathy Poffenberger**
West Shore EMS

## California EMS



TargetSafety is authorized by the state of California to provide online E continuing education. You can fulfill 100% of your California continuing hours online with TargetSafety's EMS courses. CA Provider number: 3

**See the Course Catalog for California**

**Advantages of online training:**

- 24/7/365 access provides complete flexibility.
- Self-paced courses allow you to complete training at your own pace.
- Easy to use format allows anyone to utilize online training.
- Content is engaging with case studies, stories, and short interactions.

## Purchase the EMS Training Series                     $149.

| | |
|---|---|
| Price | $149.95 / firefighter |
| Payment | Two-year Agreement - Pay with credit card - on-line registrat |
| Subscription Term | All courses available for 2 years from the date of on-line registration |
| Course Content | All EMS Series Courses approved in California - 60 total hou |
| Completed Training Data | All data concerning completed courses is available during th subscription term. Completion certificates can be accessed a printed at any time. |

**YES - I would like to purchase the EMS Series Training program!**

## Purchase Now

If you would prefer to speak with a sales representative, please call **toll free 1-877-944-6372** r

# Thank You.

EX10_000024
8/14/2008

EX10_000025

# TargetSafety

| Who We Serve | PreventionLink | Solutions | Services | Support | About TargetSafety | Contact |

## Who We Serve

Risk Pools

Cities/Municipalities

Fire

EMS

Water/Wastewater

Special Districts

General Industry

*"We value our relationship with TargetSafety. It has been, and continues to be, an extremely beneficial collaboration towards fulfilling the mission of our organization."*

**Kathy Poffenberger**
West Shore EMS

## TargetSafety EMS Course Catalog

### Preparatory
| | Hours |
|---|---|
| Health and Wellness | 1.0 |
| Diet and Nutrition | 1.0 |
| Back Injury Prevention | 1.0 |
| Workplace Stress | 1.0 |
| Infectious Disease Control | 1.0 |
| Medical, Ethical, and Legal Issues in Emergency Care | 1.0 |
| HIPAA Awareness | 1.0 |
| Protecting Yourself From Influenza | 1.0 |
| HIV Awareness | 2.0 |

### Patient Assessment
| | Hours |
|---|---|
| Patient Assessment Basic | 1.0 |
| Patient Assessment Advanced | 1.0 |
| Documentation and Communication | 1.0 |

### Medical
| | Hours |
|---|---|
| Respiratory Emergencies Basic | 1.0 |
| Respiratory Emergencies Advanced | 1.0 |
| Pharmacology Basic | 1.0 |
| Pharmacology Advanced | 1.0 |
| Cardiac Emergencies Basic | 1.0 |
| Cardiac Emergencies Advanced | 1.0 |
| Altered Mental Status | 1.0 |
| Poison and Overdose Basic | 1.0 |
| Environmental Emergencies Basic | 1.0 |
| Environmental Emergencies Advanced | 1.0 |
| Behavioral Emergencies Basic | 1.0 |
| Behavioral Emergencies Advanced | 1.0 |
| Non-Traumatic Abdominal Injuries | 1.0 |
| Allergies Basic | 1.0 |
| Allergies Advanced | 1.0 |

### Trauma
| | Hours |
|---|---|
| Shock Basic | 1.0 |
| Shock Advanced | 1.0 |
| Burn Management Basic | 1.0 |
| Burn Management Advanced | 1.0 |

EX10_000026
8/14/2008

EX10_000027



| | Who We Serve | PreventionLink | Solutions | Services | Support | About TargetSafety | Contact U |

## Who We Serve

Risk Pools

Cities/Municipalities

Fire

EMS

Water/Wastewater

Special Districts

General Industry

*"We value our relationship with TargetSafety. It has been, and continues to be, an extremely beneficial collaboration towards fulfilling the mission of our organization."*

**Kathy Poffenberger**
West Shore EMS

## Oklahoma EMS

The State of Oklahoma accepts online courses approved by CECBEMS contact us for more information.

**See the Course Catalog for Oklahoma**

Home  |  About TargetSafety  |  Partnerships  |  Contact Us  |  GoTo Meeting  |  Client Login

© 2008 TargetSafety. All rights reserved. Privacy Policy

# TargetSafety

| Who We Serve | PreventionLink | Solutions | Services | Support | About TargetSafety | Contact U |

**Who We Serve**

Risk Pools

Cities/Municipalities

Fire

EMS

Water/Wastewater

Special Districts

General Industry

*"We value our relationship with TargetSafety. It has been, and continues to be, an extremely beneficial collaboration towards fulfilling the mission of our organization."*

**Kathy Poffenberger**
West Shore EMS

## TargetSafety Course Catalog
## CECBEMS

### Preparatory
| | Hours |
|---|---|
| Back Injury Prevention | 1.0 |
| Workplace Stress | 1.0 |
| Infectious Disease Control | 1.0 |
| Medical, Ethical, and Legal Issues in Emergency Care | 1.0 |
| HIPAA Awareness | 1.0 |
| Protecting Yourself From Influenza | 1.0 |

### Patient Assessment
| | Hours |
|---|---|
| Patient Assessment Basic | 1.0 |
| Documentation and Communication | 1.0 |

### Medical
| | Hours |
|---|---|
| Respiratory Emergencies Basic | 1.0 |
| Pharmacology Basic | 1.0 |
| Environmental Emergencies Basic | 1.0 |

### Trauma
| | Hours |
|---|---|
| CNS Injuries Basic | 1.0 |

### Special Considerations
| | Hours |
|---|---|
| Obstetrical Emergencies Basic | 1.0 |

### Operations
| | Hours |
|---|---|
| EMS Driving Safety | 1.0 |
| Introduction to Hazardous Materials | 1.0 |
| Hazard Communications | 1.0 |
| Confined Space Entry | 1.0 |
| Managing MCIs | 1.0 |

### Airway
| | Hours |
|---|---|
| Airway Management Basic | 1.0 |

Home | About TargetSafety | Partnerships | Contact Us | GoTo Meeting | Client Login

EX10_000029

**From:** Kyle Kaechele
**Sent:** Tuesday, August 05, 2008 1:34 PM
**To:** Bruce Kaechele
**Subject:** FW: CE Credit

---

**From:** Grubb, Ruth [mailto:RuthGrubb@ocfa.org]
**Sent:** Tuesday, August 05, 2008 1:27 PM
**To:** Kyle Kaechele
**Subject:** FW: CE Credit

Ruth Grubb, RN
EMS Coordinator
Orange County Fire Authority
1 Fire Authority Rd.
Irvine, Ca. 92602
Office: 714-573-6072
Cell: 714-296-6406
Fax: 714-368-8833

-----Original Message-----
**From:** Grubb, Ruth
**Sent:** Friday, August 01, 2008 7:21 AM
**To:** 'kyle@targetsafety.com'
**Subject:** CE Credit

Good morning, Kyle.  The Orange County Fire Authority entered into an agreement with Target Safety to provide on-line
EMS continuing education to our personnel with the understanding  the classes offered were approved by the State of
California EMS Authority for EMS continuing education.  CECBEMS course approval was not a factor in our decision
since the approval of Ca EMSA was in place.  At no time did Target Safety's proposal misrepresent the issue of
CECBEMS approval availability.

Ruth Grubb, RN
EMS Coordinator
Orange County Fire Authority
1 Fire Authority Rd.

8/13/2008

Irvine, Ca. 92602
Office: 714-573-6072
Cell: 714-296-6406
Fax: 714-368-8833

EX11_000032



Laura Boehm <laura.boehm@gmail.com>

# CECBEMS Statement on TargetSafety Certificates

7 messages

---

**Liz Sibley <lsibley@cecbems.org>**                                    **Sat, Mar 15, 2008 at 10:26 AM**
To: Laura Boehm <laura.boehm@gmail.com>

I have a TargetSafety certificate on my desk that was issued for the EMS Infectious Disease Control Course. This certificate does not carry the CECBEMS statements even though the course completion date falls within the approval period for the course. Please check with your programmer to be sure that the appropriate CECBEMS statements are being included on all certificates issued for CECBEMS accredited courses and let me know what you find and what is being done to remedy this oversight.

Liz Sibley, Executive Director

CECBEMS

12200 Ford Road - Suite 478

Dallas, TX 75234

Phone: 972-247 4442

FAX: 214-432-0545

---

**Laura Boehm <laura.boehm@gmail.com>**                                 **Mon, Mar 24, 2008 at 2:02 PM**
To: Liz Sibley <lsibley@cecbems.org>

Hi Liz,

I apologize for the delay in replying - I was out of the country last week. Could you please provide me the user's name, so I can track down the problem?

Thanks!
Laura

[Quoted text hidden]

---

**Liz Sibley <lsibley@cecbems.org>**                                    **Tue, Mar 25, 2008 at 12:30 PM**
To: Laura Boehm <laura.boehm@gmail.com>

The student's name is Karen Petrilla. Let me know if you need more information.

Liz Sibley, Executive Director

---

EX12_000033

CECBEMS

12200 Ford Road - Suite 478

Dallas, TX 75234

Phone: 972-247 4442

FAX: 214-432-0545

---

**From:** Laura Boehm [mailto:laura.boehm@gmail.com]
**Sent:** Monday, March 24, 2008 4:02 PM
**To:** Liz Sibley
**Subject:** Re: CECBEMS Statement on TargetSafety Certificates

[Quoted text hidden]

**Liz Sibley <lsibley@cecbems.org>**                    **Wed, Apr 2, 2008 at 12:19 PM**
To: Laura Boehm <laura.boehm@gmail.com>

**Just checking on this. Have you found the problem? Thanks.**

The student's name is Karen Petrilla. Let me know if you need more information.

Liz Sibley, Executive Director

CECBEMS

12200 Ford Road - Suite 478

Dallas, TX 75234

Phone: 972-247 4442

FAX: 214-432-0545

---

**From:** Laura Boehm [mailto:laura.boehm@gmail.com]
**Sent:** Monday, March 24, 2008 4:02 PM
**To:** Liz Sibley
**Subject:** Re: CECBEMS Statement on TargetSafety Certificates

EX12  000034

[Quoted text hidden]

---

**Laura Boehm <laura.boehm@gmail.com>**                                    **Mon, Apr 7, 2008 at 2:22 PM**
To: Liz Sibley <lsibley@cecbems.org>

Hi Liz,
I took a look at the certificate and realized what the issue is. We have been delivering state-approved
continuing education to clients in California (Karen Petrilla is from San Bernadino) since well before we
began the CECBEMS-approval process for our content. When we began the CECBEMS approval process,
we updated our course materials and testing methodology to meet your approval requirements, creating new
versions of our courses. In states where our content was already approved (like California), we have
continued to deliver the state-approved versions of the courses. We did this for two reasons:
1. So we wouldn't have to re-apply to states where our content was already approved until that approval
expires (since several states require an additional approval process even for CECBEMS-approved content)
2. So we could continued to deliver a complete, approved catalog in those areas (since we still have about
half of our catalog to work through your process).

So the reason Karen's certificate doesn't have the CECBEMS statement is because she took the state-
approved version of the course (which uses a different testing methodology and different test questions than
the CECBEMS-approved version of the course). I also want to mention that, as far as I know, we never
represented to this group that the courses were CECBEMS-approved.

Please let me know if you have additional questions about this.

Thanks,
Laura
[Quoted text hidden]

---

**Laura Boehm <laura.boehm@gmail.com>**                                    **Mon, Apr 14, 2008 at 3:32 PM**
To: Kyle Kaechele <Kyle@targetsafety.com>, dan@targetsafety.com, bruce@targetsafety.com


---------- Forwarded message ----------
From: **Laura Boehm** <laura.boehm@gmail.com>
Date: Mon, Apr 7, 2008 at 2:22 PM
Subject: Re: CECBEMS Statement on TargetSafety Certificates
[Quoted text hidden]

---

**Laura Boehm <laura.boehm@gmail.com>**                                    **Tue, Apr 15, 2008 at 8:10 AM**
To: Laura Boehm <laura@targetsafety.com>


---------- Forwarded message ----------
From: **Laura Boehm** <laura.boehm@gmail.com>
Date: Mon, Mar 24, 2008 at 2:02 PM
Subject: Re: CECBEMS Statement on TargetSafety Certificates
[Quoted text hidden]

---

EX12_000035



## EMS INFECTIOUS DISEASE CONTROL

### CERTIFICATE OF COMPLETION
This is to acknowledge that

Has successfully completed the internet web-based training and successfully passed the examination for the EMS Infectious Disease Control training course. This course has been approved for 1.0 hours of continuing education by an approved California EMS CE provider and was instructor based. This certificate must be retained by the certificate holder for a period of 4 years after the date of the course. County of San Diego California EMS CE Provider No. (37-0117).

_____
, CSP, CHMM, CHCM, EMS-LA    Date of Training

**TargetSafety.com**
Occupational and Environmental
Courseware - San Diego, CA

Safety Training NFPA Partner

TargetSafety.com

1 | Frank L. Tobin (Bar No. 166344)
Mathieu G. Blackston (Bar No. 241540)
2 | PROCOPIO, CORY, HARGREAVES &
    SAVITCH LLP
3 | 530 B Street, Suite 2100
San Diego, California 92101
4 | Telephone: 619.238.1900
Facsimile: 619.235.0398
5 |
Attorneys for Plaintiff,
6 | TargetSafety.com

7 |

8 |                    UNITED STATES DISTRICT COURT

9 |              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10 | TARGETSAFETY.COM, INC., a California
corporation
11 |
          Plaintiff,
12 |
v.
13 |
CONTINUING EDUCATION COORDINATING
14 | BOARD FOR EMERGENCY MEDICAL
SERVICES, INC., a Missouri non-profit corporation
15 | and DOES 1-10
16 |
          Defendants.
17 |

Case No.: 08-CV-0994-JLS-JMA

**PROOF OF SERVICE**

Date:    October 16, 2008
Time:    1:30 p.m.
Dept:    6
Judge:   Janis L. Sammartino

18 | I am a resident of the State of California, over the age of eighteen years, and not a party to the
within action. My business address is PROCOPIO, CORY, HARGREAVES & SAVITCH LLP,
19 | 530 "B" Street, Suite 2100, San Diego, California 92101.

20 |      On August 15, 2008, I served the within documents:

21 | -   **PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR
PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING
22 | ORDER**

23 | -   **PLAINTIFF'S EVIDENTIARY OBJECTIONS TO THE DECLARATION
OF ELIZABETH SIBLEY IN SUPPORT OF OPPOSITION TO MOTION
24 | FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING
ORDER**

25 | -   **DECLARATION OF BRUCE KAECHELE IN SUPPORT OF
TARGETSAFETY.COM'S REPLY RE: MOTION FOR PRELIMINARY
26 | INJUNCTION AND TEMPORARY RESTRAINING ORDER**

27 |

28 |

113291/000007/954313.01

1  -    **DECLARATION OF KYLE KAECHELE IN SUPPORT OF TARGETSAFETY.COM'S REPLY RE: MOTION FOR PRELIMINARY**
2  **INJUNCTION AND TEMPORARY RESTRAINING ORDER**

3  -    **DECLARATION OF FRANK L. TOBIN IN SUPPORT OF TARGETSAFETY. COM'S REPLY RE: MOTION FOR PRELIMINARY**
4  **INJUNCTION AND TEMPORARY RESTRAINING ORDER**

5  -    **NOTICE OF LODGMENT IN SUPPORT OF TARGETSAFETY. COM'S REPLY RE: MOTION FOR PRELIMINARY INJUNCTION AND**
6  **TEMPORARY RESTRAINING ORDER**

7  ☐  by transmitting via facsimile number (619) 235-0398 the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. A copy of the transmission
8  confirmation report is attached hereto.

9  ☐  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below. I
10  am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the
11  same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal
12  cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.
13

14  ☐  by placing the document(s) listed above in a sealed overnight envelope and depositing it for overnight delivery at San Diego, California, addressed as set forth below. I am
15  readily familiar with the practice of this firm for collection and processing of correspondence for processing by overnight mail. Pursuant to this practice,
16  correspondence would be deposited in the overnight box located at 530 "B" Street, San Diego, California 92101 in the ordinary course of business on the date of this declaration.

17  ☒  by the Court's Electronic Filing System pursuant to U.S. District Court, Southern District, Local Civil Rule 5.4(c)
18

| Keith Zakarin | Attorneys for Defendants Continued |
|---|---|
| 19  Duane Morris LLP | Education Coordinating Board for |
| 20  101 West Broadway, Suite 900 | Emergency Medical Services, Inc |
| San Diego, CA 92101 | |
| 21  (619)744-2278 | |
| (619)744-2201 (fax) | |
| 22  kzakarin@duanemorris.com | |

23  ☐  *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
24  ☒  *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.
25

26  Executed on August 15, 2008, at San Diego, California.

27  _____
      Barbara Culp
28

2

113291/000007/954313.01